IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No. 1:22-CV-0631 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| JOHN E WETZEL, GEORGE LITTLE CORRECTIONAL OFFICER KIMBERLEY, CORRECTIONAL OFFICER FISHER, CORRECTIONAL OFFICER REESE, ROBERT VANCE *and* HEARING EXAMINER PELOSI, | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 04/29/22* |
| Defendants | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE COMPLAINT

Defendants, by and through counsel, hereby submit the following brief in support of their partial motion to dismiss the Complaint in this action filed by Plaintiff Hassan A. Tucker.

### STATEMENT OF FACTS

Tucker is a pro se inmate who is currently incarcerated at SCI-Phoenix. *See* Doc. 1 ¶ 5. "Tucker has been incarcerated serving a term of Life without the possibility for parole since January 2005, in the custody of the Pennsylvania department of Corrections ["PA DOC"] during all times relevant to this matter." *Id*. at ¶ 8. Tucker makes a number of disparate allegations in the Complaint about his conditions of confinement at various facilities during his period of custody.

However, the crux of Tucker's allegations is that he was subjected to excessive force while he was incarcerated at SCI-Rockview in April 2020. *See id*. at ¶ 22. In particular, Tucker alleges that he attempted to commit suicide at SCI-Rockview on April 27, 2020 by suspended asphyxia. *See id*. at ¶ 63. Tucker alleges that he was taken to the medical department, where certain unidentified Corrections Officers "attached a Remote Activator Custody Control (R.A.C.C.) vest to [his] torso, which administers 50,000 volts of electricity when deployed." *Id*. at ¶ 72. Tucker was subsequently taken to Mount Nittany Hospital where "Kimerbely (C/O) was assigned to supervise Tucker." *Id*. at ¶¶ 71, 75.

Tucker alleges that "Kimberly activated the R.A.C.C. which sent unbearable electrical currents through Tucker's body for several seconds, causing Tucker to involuntarily release his bowel, and grind his teeth until they chipped, as he was handcuffed and shackled (right wrist/ left ankle) to the hospital bed." *Id*. at ¶ 78. "Kimberley sat and brandished [a] revolver firearm as he forced Tucker to wait several hours to clean the feces from his body." *Id*. at ¶ 79. Kimberley placed Tucker inside a hospital bathroom "(with one entrance/exit) while Tucker was handcuffed and shackled and allowed Tucker to attempt to clean the feces from his posterior and nether regions, using wet wipes." *Id*. at ¶ 80. "Tucker was handcuffed and shackled to the hospital bed for virtually three days straight, even

as he attempted to sleep during convalescence." *Id*. at ¶ 81. Tucker returned to SCI-Rockview on April 30, 2022. *See id*. at ¶ 83.

Tucker also makes the following additional factual allegations against the other Defendants in this case.

**Defendant Wetzel**. Former PA DOC Secretary Wetzel approved Tucker's placement on the Restricted Release List ("RRL") at SCI-Rockview on November 18, 2019. *See id*. at ¶ 51. "Wetzel knew the harms proposed by prolonged solitary confinement, yet he failed to take reasonable action or measures to end the privation imposed on Tucker's basic human needs." *Id*. at ¶ 106.

**Defendant Little**. Current PA DOC Secretary Little "administer[s] and maintain[s]" the RRL placement regime. *Id*. at ¶ 4.

**Defendant Vance**. In or around August 2019, Captain Vance "questioned Tucker about his religious beliefs and threatened to place Mr. Tucker on Restricted Release List (indefinitely in solitary confinement). Vance wrote discriminatory remark[s] and information on a misconduct report charged to Mr. Tucker to retaliate for Mr. Tucker's reticence during Vance's interrogation." *Id*. at pg. 6.

**Defendant Reese**. Corrections Officer Reese recorded the events when PA DOC officials responded to Tucker's attempted suicide on August 27, 2020. *See id*. at ¶ 69. Reese also recorded the "consequences" Plaintiff experienced after the RACC was activated. *Id*. at ¶ 73. Reese "ridiculed Tucker about his state of

3

significant functional impairment while housed in the RHU from 5/13/20-3/30/21 when he was transferred to SCI Phoenix" and "encouraged Tucker to try killing himself again. . . ." *Id*. at ¶¶ 93, 95.

***Defendant Pelosi***.  Tucker attended a misconduct hearing on August 15, 2019 and Hearing Examiner Pelosi who refused to permit Tucker to call witnesses. *See id*. at ¶ 35.  As a result of the hearing Pelosi sanctioned Tucker to 150 days of disciplinary custody.  *See id*. at ¶ 36.

Based on the foregoing allegations, Tucker purports to assert claims against all Defendants under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## STATEMENT OF QUESTIONS PRESENTED

I.  Should Defendants Wetzel, Little, Vance, Reese, Fisher and Pelosi be dismissed from this action under Federal Rule of Civil Procedure 20 when Tucker's claims against these Defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Tucker's excessive force claim against Kimberly?

   Suggested answer:  yes.

II. Should Tucker's claims against Defendants Wetzel, Little, Reese, Vance and Pelosi be dismissed under Federal Rule of Civil Procedure 12(b)(6) when the claims fail substantively as a matter of law?

   Suggested answer:  yes.

III.  Should Tucker's claims for money damages against Defendants Wetzel, Little, Reese, Vance and Pelosi be dismissed when these Defendants are entitled to qualified immunity?

Suggested answer:  yes.

IV.  Should Tucker's claims for declaratory and injunctive relief be dismissed when Tucker lacks standing to seek such relief?

Suggested answer:  yes.

## ARGUMENT

**I.  DEFENDANTS WETZEL, LITTLE, VANCE, REESE, FISHER AND PELOSI SHOULD BE DISMISSED FROM THIS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 20**

Defendants Wetzel, Little, Vance, Reese, Fisher and Pelosi should be dismissed from this action under Federal Rule of Civil Procedure 20.  Rule 20 provides, in relevant part:

> Persons . . . may be joined in one action as defendants if:
>
> (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)   any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  "Rule 20(a) imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be

5

present with respect to all parties in the action (i.e. a common thread)." *Intercon Res. Assocs., v. Dresser Indus.*, 696 F.2d 53, 57 (7th Cir. 1982). "[T]here must be at least one common claim against all named Defendants." *Gorbey v. Chambers*, 2020 WL 2574651, at *2 (M.D. Pa. May 21, 2020). "Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy." *Scullen v. Mahally*, 2016 WL 3522966, at *2 (M.D. Pa. June 28, 2016). Rule 20 takes on added importance in pro so inmate litigation like the present action because a plaintiff could otherwise "circumvent the filing fee requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (April 26, 1996), by . . . combin[ing] in one complaint separate, independent claims." *Ross v. Pa. Bd. of Probation and Parole*, 2012 WL 3560819, at *6 (M.D. Pa. Aug. 16, 2012).

Here, as described above, Tucker has pled an excessive force claim under the Eighth Amendment against Kimberly. However, there is no connection between Tucker's excessive force claim against Kimberly, on the one hand, and the claims that Tucker also purports to assert against Wetzel, Little, Vance, Reese and Fisher, on the other. Tucker's excessive force claim against Kimberly is based on allegations concerning a specific incident that allegedly occurred at an outside hospital. Tucker's claims against Wetzel, Little, Vance, Reese and Fisher are

based on separate, unrelated allegations concerning the conditions of Tucker's confinement in restricted housing at SCI-Rockview. The only common thread between these claims is that they arose during the period when Tucker was incarcerated at SCI-Rockview. That purported connection is too attenuated to satisfy the requirements of Rule 20 and Defendants Wetzel, Little, Vance, Reese and Fisher should therefore be dismissed from this action.

## II.   TUCKER'S CLAIMS AGAINST DEFENDANTS WETZEL, LITTLE, REESE, VANCE AND PELOSI FAIL SUBSTANTIVELY AS A MATTER OF LAW

In addition, Tucker's claims against Defendants Wetzel, Little, Reese and Vance should be dismissed for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). "[A] District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Here, Tucker fails to satisfy this pleading standard in connection with his claims against Defendants Wetzel, Little, Reese and Vance. Tucker's claims against Wetzel, Little and Reese fail because Tucker does not allege facts showing that any of these Defendants were personally involved in the alleged wrongs. Tucker's claim against Vance fails because Tucker purports to assert a retaliation claim against Vance but Tucker does not allege that he, Tucker, engaged in any constitutionally protected conduct. Tucker's claim against Pelosi fails because Tucker fails to allege a due process violation and the claim is also barred by the applicable two-year statute of limitations.

### A.    Tucker Fails To State A Claim Against Wetzel, Little And Reese

"A defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Tucker fails to satisfy this standard with respect to his claims against Wetzel, Little and Reese.

  1. <u>Tucker fails to allege facts showing that Wetzel and Little were personally involved in the alleged wrongs</u>.

Tucker purports to assert claims against Wetzel and Little based on allegations concerning his placement on the RRL at SCI-Rockview and the conditions of his confinement in restricted housing there. Tucker's allegations fail

8

to show that Wetzel and Little were personally involved in the alleged wrongs in two separate respects.

***First***, Tucker's allegation that he was placed on the RRL for an extended period of time does not in itself show that Tucker suffered a civil rights violation. *See Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) ("exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed on him by a court of law") (internal quotation marks and brackets omitted); *Booze v. Wetzel*, 2014 WL 65283, at *11 (M.D. Pa. Jan. 8, 2014) ("mere placement on AC, on the RRL, does not violate the Eighth Amendment").  Thus, to the extent Tucker's claims against Wetzel and Little are based on allegations concerning his placement on the RRL and his confinement in restricted housing generally, Tucker has failed to state a claim against either of them.

***Second***, to the extent Tucker's claims against Wetzel and Little are based on allegations concerning the particular conditions of Tucker's confinement in restricted housing,  Tucker's claims fail because Tucker has not alleged facts showing that either Defendant had personal knowledge of or otherwise acquiesced in the alleged mistreatment.  "To prove a violation of the Eighth Amendment, an inmate must show that he has been deprived of the minimal civilized measure of life's necessities."  *Griffin*, 112 F.3d at 709 (internal quotation omitted).  Here,

9

Tucker alleges that after he returned to SCI-Rockvview from the hospital "Tucker was stripped . . . and confined to a cold and filthy cell, with no bed mattress, sheets, or security quilt."  Doc. 1 ¶ 83.  Tucker also alleges that he was "was denied meals until May 4, 2020 (from 4/20/20 – 5/4/20)." *Id*. at ¶ 86.  But Tucker does not allege any facts showing that Wetzel or Little had knowledge of this treatment or otherwise acquiesced in it.  *See Rode*, 845 F.2d at 1207 ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.").

For the foregoing reasons, Tucker's claims against Wetzel and Little fail and should be dismissed.

> 2. <u>Tucker fails to allege facts showing that Reese was personally involved in the alleged wrongs</u>.

Tucker purports to assert a claim against Reese based on allegations that Reese recorded the PA DOC officials who responded to Tucker's attempted suicide and the "consequences" Plaintiff experienced after the RACC was activated against him.  *See* Doc. 1 ¶¶ 69, 73.  Tucker also alleges that Reese "ridiculed Tucker and "encouraged Tucker to try killing himself again. . . ." *Id*. at ¶¶ 93, 95.  These allegations fail to show that Reese was personally involved in any constitutional violations.

While Tucker alleges that Reese recorded the response to Tucker's suicide attempt Tucker does not allege facts showing that any constitutional violations

10

occurred in connection with that response. To the contrary, Tucker alleges that the officers responded appropriately to an emergency situation by cutting down the bedsheet that was tied to a ceiling vent and wrapped around Tucker's neck. *See id*. at ¶ 65. In addition, even if Tucker were to have alleged a constitutional violation (he has not), Tucker does not allege that Reese was in any position to prevent the violation from occurring simply because he was filming the response.

Similarly, Tucker's allegation that Reese filmed the results of the activation of the RACC on Tucker is also insufficient. The fact that Reese allegedly film the "consequences" after Kimberly activated the RACC does not mean that Reese was personally involved in Kimberly's earlier activation of the RACC. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that prison officials were not personally involved in medical mistreatment when the complaint was filed after the mistreatment).

Finally, Tucker's allegation that Reese ridiculed him and encouraged Tucker to attempt suicide again also fails to demonstrate a constitutional violation. "It is well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment." *Robinson v. Taylor*, 204 F. App'x 155, 156 (3d Cir. 2006). Moreover, Tucker does not allege that Reese's harassment – which purportedly occurred after Tucker's suicide attempt – caused Tucker to suffer any physical injuries. *See id*. (affirming dismissal of an Eighth Amendment claim

11

when a prisoner "does not allege that the remarks and harassment were coupled with actual physical injury").

For these reasons, Tucker's claim against Reese should be dismissed.

### B. Tucker Fails To State A Claim Against Vance

Tucker also purports to assert a retaliation claim against Vance.  To state a retaliation claim a plaintiff must allege "(1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  Here, Plaintiff has failed to allege that he engaged in any constitutionally protected conduct.

Tucker's claim against Vance is based on allegations "that Vance wrote discriminatory remark[s] and information on a misconduct report charged to Mr. Tucker to retaliate for Mr. Tucker's reticence during Vance's [earlier] interrogation." *Id*. at pg. 6.  These allegations do not show constitutionally protected conduct because inmates do not have a First Amendment right to remain silent when they are being questioned by prison guards or other administrators. *See Smithwick v. Detective*, 2019 WL 1458993, at *4 (E.D. Pa. Apr. 2, 2019) (noting that "[c]ourts have not recognized a First Amendment right of a person not

to speak during a police interview" and dismissing a First Amendment claim based on allegations that silence was a protected activity).

Accordingly, Tucker's retaliation claim against Vance fails.

### C. Tucker Fails To State A Claim Against Pelosi

Tucker also fails to state a claim against Pelosi. Tucker's claim is based on allegations that Pelosi violated Tucker's due process rights during the misconduct hearing that was held on April 15, 2019 when Tucker was placed in disciplinary custody. *See* Doc. 1 ¶¶ 35-36. Tucker's claim fails because "[t]hese consequences of the misconduct hearing do not rise to the level of an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life,' and, thus, do not give rise to procedural due process concerns." *Ayers v. Campbell*, 267 F. App'x 176, 177 (3d Cir. 2008) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Tucker's claim against Pelosi also fails because it is barred by the applicable two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The statute of limitations for a § 1983 claim arising in Pennsylvania is two years."). Tucker's claim against Pelosi should be dismissed for both of these reasons.

### III. WETZEL, LITTLE, REESE, VANCE AND PELOSI ARE ENTITLED TO QUALIFIED IMMUNITY

Tucker's claims for money damages against Wetzel, Little, Reese, Vance and Pelosi should also be dismissed because these Defendants are entitled to qualified immunity. "Qualified immunity shields federal and state officials from

13

money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). To satisfy this standard "there must be sufficient precedent at the time of action, <u>factually similar to the plaintiff's allegations</u>, to put [the] defendant[s] on notice that [their] conduct is constitutionally prohibited." *Mammaro v. N.J. Div. of Child Prot. & Permanency*, 814 F.3d 164, 169 (3d Cir. 2016) (quoting *McLaughlin v. Watson*, 271 F.3d 566, 572 (3d Cir. 2001) (emphasis added)). There is no such precedent here.

To the contrary, and as described above, the factually similar precedent shows exactly the opposite. The applicable precedent shows that Tucker's allegations against Wetzel, Little, Reese, Vance and Pelosi do not demonstrate the existence of any constitutional violations nor do they demonstrate that the individual conduct of these defendants was in any way constitutionally prohibited.

Accordingly, Wetzel, Little, Reese, Vance and Pelosi are entitled to qualified immunity and Tucker's claims for money damages against these Defendants should be dismissed.

## IV. TUCKER LACKS STANDING TO ASSERT CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

In addition to seeking money damages Tucker also seeks declaratory and injunctive relief. Tucker's claims for prospective relief should be dismissed

because Tucker lacks standing to seek such relief.  "Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'  For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case—in other words, standing."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)).  "In order to obtain standing for prospective relief, the plaintiff must 'establish a real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice.]'"  *Brown v. Fauver*, 819 F.2d 395, 400 (3d Cir. 1987). (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)) (brackets in original).  Tucker has not done so here.

To the contrary, Tucker alleges that all of the events at issue in this lawsuit occurred while he was incarcerated at SCI-Rockview and that he is now incarcerated at SCI-Phoenix.  *See* Doc. 1 ¶ 5.  "In this case [Tucker] has done nothing more than allege past exposure to unconstitutional state action.  As the foregoing discussion indicates, this is not enough to secure standing to sue for prospective relief."  *Brown*, 819 F.2d at 400.

Accordingly, Tucker's claims for declaratory and injunctive relief should be dismissed because Tucker lacks standing.

15

## CONCLUSION

For the foregoing reasons, Defendants' partial motion to dismiss the Complaint should granted.

                                        **Respectfully submitted,**

                                        **JOSH SHAPIRO**
                                        Attorney General

                          By:   *s/ Alexander T. Korn*
                                **ALEXANDER T. KORN**

**Office of Attorney General**       **Deputy Attorney General**
**15th Floor, Strawberry Square**  **Attorney ID 323957**
**Harrisburg, PA 17120**
**Phone: (717) 712-2037**             **KAREN M. ROMANO**
                                              **Chief Deputy Attorney General**
[akorn@attorneygeneral.gov](akorn@attorneygeneral.gov)      **Civil Litigation Section**

**Date:  August 10, 2022**          **Counsel for Defendants**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No. 1:22-CV-0631 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| JOHN E WETZEL, GEORGE LITTLE CORRECTIONAL OFFICER KIMBERLEY, CORRECTIONAL OFFICER FISHER, CORRECTIONAL OFFICER REESE, ROBERT VANCE and HEARING EXAMINER PELOSI, | : : : : : : : : | Electronically Filed Document

*Complaint Filed 04/29/22* |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Alexander T. Korn, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on August 11, 2022, I caused to be served a true and correct copy of the foregoing document titled Defendants' Brief in Support of their Partial Motion to Dismiss the Complaint to the following:

**VIA U.S. MAIL**

**Smart Communications/PADOC**[1]

**Hassan A. Tucker, GP-6788**
SCI Phoenix
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                             *s/ Alexander T. Korn*
                                             **ALEXANDER T. KORN**
                                             Deputy Attorney General

---

[1] Pursuant to a recent change to the Department of Corrections' mail procedures, all mail, except mail from an inmate's attorney or from a court, must be processed through the vendor listed.