IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
SEP 0 2 2022
PER ______ DEPUTY CLERK

Hassan A. Tucker, plaintiff

vs

John E. Wetzel, George M Little, D.O.C. Secretary; C/O Kimberley; C/O Fisher, C/O Reese; Captain Vance; Hearing Examiner Pelosi, defendants.

Jury Trial Demanded

Case No. 1:22-CV-0631
Honorable Judge
CHRISTOPHER C. CONNER

Plaintiff's Brief In Support Of Objection To The Defendants' Partial Motion To Dismiss The Complaint

1. While Defendants seek Partial Dismissal of the Civil Rights Complaint, they contend that Defendants Wetzel, Little, Fisher, Reese, Vance, and Pelosi, should be dismissed pursuant to Federal Rule of Civil Procedure Rule 20, due to a presumption by the Defense, that the crux of the plaintiff's allegations is an excessive force claim that does not arise out of the same series of transactions or occurrences as the claims against Defendants seeking Dismissal. Contrariwise,

the crux of the Plaintiffs allegations is cruel and unusual punishing conditions of confinement, and denial of Due process concerning RRL status in the Restricted Housing Units, to which all claims against all of the Defendants arise from the series of transactions or occurrences therein The disparity between the plaintiff's treatment, when in SCI Dallas' general population before going to an "outside" hospital (outside of the prison) in 2017 (see complaint pg. 3, # 23-25), and going to an outside hospital while on RRL in the RHU in 2020 (see complaint pg. 9, # 70-71), is glaring proof of the relentless cruelty inveterate in the conditions of the RHU (see, complaint pg. 6, # 56-62 a-o). Visiting the emergency room from general population did not cause the plaintiff to be placed inside of a R.A.C.C. vest (see complaint pg. 10 # 72-73); nor would plaintiff be handcuffed and shackled during a state of Significant Functional Impairment in general population. Due to Plaintiff's RRL status the Officers maintaining custody and control of Tucker at ~~Geis~~ Mt. Nittany hospital in 2020 maintained the same restrictions and deprivations imposed by the RHU while Plaintiff Hassan Tucker was convalescent. (see. comp. pg. 10, # 81 - pg. 11, # 82). Defendant's assertion that the Plaintiff's allegations within the complaint are disparate is misguided as all of the facts,

claims, and relief sought therein are all derivative of plaintiff's subjection to, Eighth amendment cruel and unusual punishment (the common thread), absent any Fourteenth Amendment Due process protection to plaintiff while indefinitely confined to the Restricted Housing Unit where all Defendants worked or maintained during all times relevant to claims propound and relief requested by the plaintiff, in his complaint. For the reasons stated herein Defendants Wetzel, Little, Vance, Fisher, Pelosi, and Reese should remain joined as defendants to the complaint arising out of the same series of transactions and occurrences resulting from RRL placement. Furthermore, each defendant in the Complaint is an Official of the PA. D.O.C. (see Complaint pg. 3, #20) "Tucker has a litany of mental and physical impairments that D.O.C. officials are aware of yet they have been indifferent." In Palakovic v. Wetzel 854 F.3d 209 (1-12-17) **The** court held that... "if such Officials Know or should Know of the particular vulnerability to suicide of an inmate, then the Fourteenth amendment imposes on them an obligation not to act with reckless indifference to that vulnerability." Notwithstanding evidence of the prolonged isolation in the RHU exacerbating Tucker's suicidal ideations, among other impairments, D.O.C. Officials continued placement on RRL, and treatment as well as conditions of Re-

stricted Housing which continually cripples the plaintiff mentally and physically. see complaint pg. 15, #118.

II. Plaintiff's claims against Defendants Wetzel, Little, Reese, Vance, and Pelosi have been factually plead within the complaint and all claims are defining rights of the Plaintiff, to duties of the Defendants as a matter of Law, from which relief may be sought.

Tucker in his pro se complaint, upon conclusion of stating the facts expounding each defendant's role in Plaintiff's placement, treatment, and conditions on RRL in Security Level 5 (SL5) Housing, states specific claims. see complaint pg. 15, #122. a-d., stating in relevant part, "Predicated upon the facts herein, Mr. Tucker asserts the following claims against the defendant[s]..(brackets added)...for violations of Pennsylvania and the United States Constitutions as well as Laws and Treaties thereof:"

For the Plaintiff to survive a Partial Motion To Dismiss, Tucker is only required to plead "enough facts to state a claim to relief that is plausible on its face." Renfro v. Unisys Corp., 671 F.3d 314, 321 (3d Cir. 2011) (citing Matrixx Iniatives, Inc. v. Siracusano, 131 S.ct. 1309, 1322 n. 12 (2011). When considering a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure the court "must accept as true the factual allegations in

the Complaint." Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d cir. 2000). The burden is on the moving party to show there is no actionable claim. Johnsrud v. Carter, 620 F.2d 29, 33 (3d cir. 1980) and the court must construe the facts and reasonable inferences that can be drawn from the facts in the light most favorable to the non-moving party. Dee v. Marriot Int'l, Inc., No. Civ. A 99-2459, 1999 WL 975125, at *2 (E.D. PA. October 6, 1999)

1. Defendants Wetzel and Little are during all times relevant to this complaint Secretary of PA. D.O.C. and "the sole decision maker to...decide to assign, continue, or remove Tucker's RRL status." see complaint pg. 6, # 55. Tucker's complaint propounds claims that expound upon Wetzel and Little's denial of Due Process with the Placement of Tucker on RRL status. (see complaint pg. 5, #43-55). The Plaintiff is currently serving a sentence of Life without the Possibility of Parole as the D.O.C. secretary continues to arbitrarily extend Tucker's confinement to SL5 Housing on RRL status without affording Tucker any input in the process or any provision to appeal the indefinite solitary confinement. The Plaintiff faces the significant and atypical hardship of spending the remainder of his life in solitary confinement under conditions and treatment which exacts a terrible price on the Plaintiff; perniciously eviscerating him physically

and mentally. The nature of RRL, having no puissance to appeal or be heard as the status of Restricted Release List justifies its own extension year after year. Plaintiff Hassan Tucker has been prescribed anti depressants and psychotropic medications throughout his 17 plus years of incarceration which he was compelled to discontinue as the Prison Psychiatrist at SCI instituted Orders requiring all pills be crushed into a sediment which burned the plaintiff's esophagus. The "crush Orders" are only practiced in restricted Housing units. Upon discontinuance of psychiatric drug use due to an intolerance to ingest crushed pills, they Slough of Despond became unbearable as the conditions and treatment on RRL in SL5 Restricted Housing causes Tucker to seek the only conceivable reprieve of suicide. An Annual Review is purportedly conducted and given to the D.O.C. Secretary. The Plaintiff is precluded from any participation or insight apposite to the D.O.C Secretary's decisions to continue RRL placement. A psychiatric review report is supposedly attached to each Annual Review, so Secretaries Wetzel and Little are aware of Tucker's vulnerability to suicide. However, the Defendants have recklessly indifferent to the Plaintiff's vulnerability to suicide and have continued his RRL status placement im-

mediately following traumatic suicide attempt in April of 2020. In Palakovic v Wetzel 854 F.3d 209 (2017) the Court established..."if such officials know or should know of the particular vulnerability to suicide of an inmate, then the Fourteenth Amendment imposes on them an obligation not to act with reckless indifference to that vulnerability." To continually subject Tucker to indefinite solitary confinement under restrictions so austere that the plaintiff cannot contact his own Mother (60 years of age) or receive a visit from her; is augural of the isolation and cruel and unusual punishment inflicted through RRL and the conditions thereon. Emollience and docility have no bearing on the D.O.C. secretary's purported review, which judging by the rate of Placement and Continued RRL status, juxtapositioned to Release from RRL, is an extemporaneous perfunctorily rendered foregone conclusion to Keep the Plaintiff on Restricted Release List status. see Complaint (pg. 6, #55 and pg 13, # 103-107), and (pg. 14, #115). As the sole decision maker to decide ultimately whether the Plaintiff will remain on RRL status in SL5, Secretary Wetzel and Secretary Little's involvement could not be more personal regarding the facts and claims respectfully submitted to the Honorable Court in the Plaintiff's Complaint. The Plaintiff is held in solitary

confinement indefinitely under the guise that the Plaintiff is being threatened by general population inmates. see complaint pg. 5, # 45-50. "While the prison administration may punish, it may not do so in a manner that threatens the physical and mental health of prisoners." Young v. Quinlan, 960 F.2d 351, 364 (3d cir 1992) While Tucker's suicide attempt in April of 2020 was nearly fatal, and the treatment by Fisher, Reese, Kimberley, and other John Doe officers which ensued was abusive and assaultive, (see complaint pg. 8-10) the facts of Tucker's complaint propound the protracted time in solitary confinedment has broken the Plaintiff's will to live through the conditions and treatment. Notwithstanding, the Plaintiff has never been observed by the Pa. D.O.C. secretary, Wetzel and Little (Secretaries of PA. D.O.C.) have unjustifiably been recklessly indifferent by continuing Tucker's RRL status despite the Plaintiff's extensive history of severe mental illness. The facts of Tucker's complaint support a history of mental illness which the Common Pleas Court also relayed to the PA.D.O.C. The plaintiff suffers from frontal lobe brain damage (see complaint pg. 3, # 14-24). In Palakovic v Wetzel, 854 F.3d 209, 225 (3d cir 2017) (acknowledging the "robust body of legal and scientific authority recognising the devastating mental health consequences caused by long term isolation in solitary con-

finement".) The Plaintiff has made a prima facie showing that he is on RRL and has been on the mental health roster for the duration of his incarceration in the PA. D.O.C. (17½ years). The conditions and appalling treatment for RRL is well documented. In Mayo v. Wetzel the Court said "in this setting, the Eighth Amendment prohibits punishments inconsistent with "evolving standards of decency that mark the progress of a maturing society"" Estelle v. Gamble, 429 U.S. 97, 102, 97 S.ct. 285, 50 L. Ed 2d 251 (1976)(cited), and, "When an Eighth Amendment Claim arises in the context of a challenge to conditions of confinement, we must determine if prison officials acted with 'deliberate indifference' to the inmates health. Farmer v. Brennan, 511 U.S. 825, 837 (1994)."
The nature of RRL status is a condition which emaciates the Plaintiff mentally and physically through protracted isolation. In Johnston v. Wetzel No. 1:16-CV-00268 (12/27/19) The Honorable Judge Richard A. Lanzillo, in his opinion regarding another RRL case, that defendants "are not" entitled to qualified immunity on Eighth and Fourteenth Amendment claims and Holds that disputed issues of material fact shall remain for trial as to defendant's responsibility for a process that a reasonable Jury could find to have been pro forma and essentially meaningless."

Plaintiff Hassan A. Tucker has established that he has been "in the custody of the Pennsylvania Department of Corrections during all times relevant to this matter." (pg1.*8) "This matter" being the Placement of the Plaintiff in indefinite solitary confinement by the PA.D.O.C. secretary absent any due Process Protections for RRL status placement or removal; while Tucker an inmate with documented mental illnesses and physical disabilities has been subjected to the Cruel and Unusual condition of SL5 Housing for RRL as abuse by staff exacerbate the significant atypical hardship, endured on RRL. While the D.O.C. secretary (Wetzel and Little) ultimately decide to Keep Tucker on the RRL, each defendant (Reese, Fisher, Vance, Pelosi, and Kimberley) has personal involvement in the violation of Plaintiff's rights asserted within his complaint; as PA.D.O.C. employees who participated in the constitutional violations or approved them, while assigned to the SL5 housing unit, for work. C.N. v. Ridgewood Bd. of Educ. 430 F.3d 159, 173 (3d cir. 2005) "To impose liability on the individual defendants, plaintiff must show that each one individually participated in the alleged constitutional violation or approved it." (citing C.H. v. Oliva, 226 F.3d 198, 201-202 (3d cir. 2000) (en banc). As stated in the text of §1983 itself, on persons who "subjects, or causes to be subjected" another per-

son to a Civil Rights violation can be held liable under §1983.

2. During the response/extraction of Tucker due to attempted suicide in the Restricted Housing Unit Reese's acts or omissions resulted in a denial of the Plaintiff's "minimal civilized measure of life's necessities." Reese had a sufficiently culpable state of mind while filming/recording the abuse(complaint pg. 11, #67)and (#73) as evinced by the Licensed Health care Professional requiring Reese(among all present officers) to cease the "pain being inflicted." "In prison conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety only if he knows that inmate face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."(Farmer v. Brennan 511 U.S. 825, 834 (1994). Defendant Reese's participation in the plaintiffs Constitutional rights being violated is established in the facts of the Complaint(pg. 9, #66-69; pg. 10, #73; and pg. 11-12, # 92-96); while all Claims for which relief is sought are substantively included in the complaint on [pg. 15, #122. a-d].

3. Defendant Robert Vance's augural of RRL following his inquiry into the Plaintiff's religious choice, preceded Vance's writing of prejudicial remarks on the Plaintiff's unsubstantiated DC-141(misconduct report) compiled by Vance himself, which his co-worker used to render an impartial verdict of guilty, thus triggering Tuckers indefinite solitary confinement. (see complaint pg. 4, #32-42). Vance has treated

the Plaintiff's religion as if it's of the same ilk of a gang while criminalizing his religion through interrogatory for an illicit incident lacking any common thread to Plaintiff's ideology. (see complaint pg. 4-5, #38-42). Vance referred to Tucker's religion on the misconduct report as an STG (security threat group)(see. complaint pg. 5, #42. "Captain Vance wrote additional information on Tucker's misconduct report.... prejudicial to the Hearing Examiners ability to render an impartial verdict." The Plaintiff has a Constitutional Right to practise his religion and profess his beliefs without fear of the choice resulting in his placement in solitary confinement indefinitely. Defendant Vance asked the Plaintiff if he, wants "to go on RRL?"; is "in a gang?", or "are you muslim?" The "STG" mark on the misconduct report written by Vance is causal link between Tucker's RRL placement as a consequence to being "a muslim." The Plaintiff has been precluded from participating in or properly observing his religious practises in the RHU on RRL status since August 1st, 2019. The plaintiff in his complaint propounds two constitutionally protected conducts; which Vance's adverse actions have overborne. Firstly, Tucker's First Amendment religious rights, and secondly Tucker's Fifth Amendment rights under Miranda. Therefore Plaintiff has met this Honorable Courts stan-

dards in Horn v. Mitchell, 318 F.3d 523,530,(3d cir 2003). The defendants "Cannot create an issue of fact merely by... denying averments... without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896,899 (3d. cir. 2007). Due to Vance's role in subjecting the Plaintiff to, and causing Tucker to be subjected to Civil Rights violations, Defendant Vance should remain liable, held liable under §1983 and not be Dismissed from the Complaint.

4. The Plaintiff elucidates Due Process claims against Defendant Pelosi (see Civil Complaint Form To Be Used By Pro Se Prisoner, pg. 4 of 6, III. C.)..."Hearing examiner Pelosi denied Mr. Tucker's right to call witnesses for the misconduct hearing on 8-15-19 and rendered an ~~im~~partial decision in collusion with Robert Vance which subjected Tucker to 150 days" of solitary confinement..." absent Due Process of a fair and impartial Hearing." As a consequence to Pelosi's partial hearing decision based on parti pris and deprivation of the plaintiff's compulsory process to call witnesses; Mr. Tucker has had to remain in the "Conditions of" ... solitory..."confinement" from August 1st, 2019 to the present; under SL5 housing restrictions: encumbered by the the conditions of confinement in the complaint, (see complaint pg 6-8, # 56-62 a.-o.) and worse.

in the Plaintiffs case as a mentally ill prisoner subjected to indefinite solitary continement for over three years without substantiated penological justification, Tucker suffers a substantial adverse impact that exceeds his sentences, as well as an "Atypical and significant hardship" in relation to "the ordinary incidents of prison life." see Shoats v. Horn 213 F.3d 140, 143-144 (3d. cir. 2000). The conduct resulting from Pelosi's actions are ongoing absent any available reprieve, therefor Pelosi should remain a Defendant and not be dismiss for statute of limitations. These claims violate the RLUIPA which has a Four year statute of limitations period enacted in 1993 see Pineda-Morales v. De Rosa, 2005 WL 1607276,*8 (D N J., July 6, 2005)

III. Defendants, Wetzel, Little, Reese, Vance, and Pelosi are not entitled to qualified Immunity.

The plaintiff, an inmate assigned to the RRL by the D.O.C. secretary, suffers from frontal lobe damage and significant functional impairment. The Plaintiff raises the claims in his complaint from indefinite solitary confinement which he has endured for over 1100 days and counting. Mr. Tucker has to attempted to commit suicide under the intense immanent pressure of conditions of confinement in the Restricted Housing Units. The De-

fendants have been indifferent to Mr. Tucker's suicidal vulnerability. Mr. Tucker has expound each Defendants violations of Constitutional and Statutory rights within the complaint concerning, RRL placement which lacks any Due Process; as well as the conditions of solitary confinement and the cruel and unusual punishment by the Defendants. The District Court necessarily found, in the context of prolonged solitary confinement of a mentally ill inmate, that a Right to Due Process was clearly established in the Law in 2019 when the series of occurrences within Tucker's complaint began; as well as when he filed the Complaint in 2022. "The Third Circuit has expressly reaffirmed this view Holding that, with respect to death row inmates who are subjected to prolonged solitary confinement "because [the inmate's] procedural due process rights have been clearly established since we decided Williams v. Secretary Pennsylvania Dep't of Corrections, 848 F.3d 549 in 2017, Defendants are not entitled to qualified immunity on this claim'." Porter v. Pennsylvania Dep't of Corr., 974 F.3d 431, 449 (3d cir. 2020) This Honorable Court has set forth that the Defendants "fails to address recent case law and the changing landscape of indefinite solitary confinement" (citing Mayo v. Wetzel 2021 U.S. Dist. Lexis 159845 (decided August 24, 2021)). In Johnson v. PA. D.O.C. (2021 W.L. 567802, No. 19-2624)"... as we did with

Porter, that going forward it is well established in our circuit that solitary confinement of the sort alleged by Johnson and Porter satisfies the second prong of the Eighth Amendment test and supports an Eighth Amendment claim." The Defendants should not be dismissed from the complaint.

IV. Tucker's claims for Declaratory and injunctive relief arise from the Defendants indifference to the perilous conditions having perniciously atrophic effects on the mental and physical health of Mr. Tucker. The plaintiff is indefinitely isolated absent any provisions to challenge his confinement as his health declines and the austere conditions threaten his vulnerability to suicide. The Plaintiff's "personal stake" is his health and liberty interest. The conditions imposed on the Plaintiff and maintained by the Defendants have already proven to be a real and immediate threat to, not only Mr. Tucker's health, but a real and immediate threat to his life. (see Complaint pg. 8, #63 and pg. 4, #31) Defendants, as they have in Mayo v. Wetzel (2021 US Dist. LEXIS) oversimplify Mr. Tucker's claims, "fails to address recent case law and the changing landscape of indefinite solitary," and "ignores [the plaintiff's] contention that his placement on the RRL and the lack of a clear avenue to be removed from the RRL or review process, has resulted in, or contributed

to, his indefinite detention in solitary confinement." (Id., at 15-16). (see Defendant's Partial Motion To Dismiss, pg. 15) "... Tucker has done nothing more than allege past exposure to Unconstitutional state action." While Defendants have acknowledged the Unconstitutionality of the actions alleged in the complaint, it is errant to contend that the Plaintiff propounds "nothing more than... past exposure" because the Plaintiff remains on the RRL, under SL5, in the Restricted Housing, absent any provisions to appeal or contest placement. Tucker expounds (see complaint pg. 2, #8) that he "has been incarcerated serving a term of Life [imprisonment] without the possibility for parole since January 2005; in the custody of the Pennsylvania Department of Corrections during all times relevant to this matter."

The plaintiff's RRL status and conditions thereon are unchanged, so the insidious consequences threatening Tucker's mental and physical health remain clear and present.

In Williams v. Pennsylvania Department of Corrections' Secretary, 848 F.3d 549 (3d. cir. 2017) the Court observed a growing consensus - with roots going back a century - that conditions like those to which [the mentally ill inmate] repeatedly was subjected can cause severe and traumatic psychological damage, including anxiety, panic, paranoia, depression, ptsd, psychosis, and even a disintegration of the basic

sense of self identity. Id. at 566-67 "Physical Harm can also result. Studies have documented high rates of suicide and self-mutilation amongst inmates who have been subjected to solitary confinement. These behaviors are believed to be maladaptive mechanisms for dealing with the psychological suffering that comes from isolation." Palakovic v. Wetzel 854 F.3d at 225-26. The Third Circuit concluded that "extended stays in solitary confinement can cause serious damage to mental health... sufficient to state a plausible claim that the mentally ill inmate experienced inhumane conditions of confinement to which the prison officials... were indifferent."
For these reasons Tucker's Requests for Declaratory and Injunctive relief should stand and be granted.

## Conclusion

Plaintiff, Hassan A. Tucker Respectfully Objects to all of Defendants' partial motion to Dismiss the Complaint.

Respectfully Submitted
by, Hassan A. Tucker
# GP6788 @ Sci Phoenix
1200 Mokychic Dr.
Collegeville, PA. 19426
pro se Plaintiff

August, 30, 2022

Mr. Hassan Tucker

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HASSAN A. TUCKER, plaintiff
vs
JOHN E. WETZEL, secretary of THE PA. D.O.C.; GEORGE M. LITTLE, SECRETARY OF THE PA. D.O.C., C/O Kimberley, C/O FISHER; C/O REESE, CAPTAIN ROBERT VANCE; Hearing Examiner, Pelosi; Defendants.

No. 1:22-CV-0631

Jury Trial Demanded

Certificate of Service

I, Hassan Tucker, pro se plaintiff hereby certifies that a true and proper copy of the "Plaintiffs Objection To Defendant's Partial Motion To Dismiss The Complaint" has been delivered on August 30th, 2022 to the following:

1. Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA. 17120

Alexander T. Korn
Deputy Attorney General
Attorney # 323957

Karen M. Romano
Chief Deputy Attorney General
Civil Litigation Section

By. Hassan Tucker
pro se
plaintiff

UNITED STATES POSTAL SERVICE®

PRIORITY® MAIL

FROM: Mr HASSAN TUCKER
#GP6788 @SCI PHOENIX
1200 MoKychic Dr.
Collegeville, PA. 19426

d delivery date specified for domestic use.
mestic shipments include up to $50 of insurance (restrictions apply).*
racking® included for domestic and many international destinations.
international insurance.**
sed internationally, a customs declaration form is required.

oes not cover certain items. For details regarding claims exclusions see the
il Manual at *http://pe.usps.com.*
ational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

RECEIVED
HARRISBURG, PA
SEP 02 2022
PER ____________
DEPUTY CLERK

TO: Office of the
Clerk, U.S. District
Court, U.S. Courthouse,
228 Walnut St., P.O.BOX
983, Harrisburg, PA17108

RATE ENVELOPE
E ■ ANY WEIGHT

KED ■ INSURED

To schedule free Package Pickup,
scan the QR code.

00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.