**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASSAN A. TUCKER,** | : | |
| **Plaintiff** | : | **No.  1:22-CV-0631** |
| | : | |
| **v.** | : | **Judge Conner** |
| | : | |
| **JOHN E WETZEL, et al.,** | : | **Electronically Filed Document** |
| | : | |
| | : | *Complaint Filed 04/29/22* |
| **Defendants** | : | |

<u>**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO THE COMPLAINT**</u>

Defendants, John Wetzel, George Little, and Matthew Kimberly, (collectively, "Defendants"), through counsel, file this Answer and Affirmative Defenses to the Complaint (Doc. 1) and state as follows:

## I.    NATURE OF COMPLAINT[1]

This section contains a conclusion of law to which no response is required; to the extent a response is required, DENIED.

## II.    ADDRESSES AND INFORMATION

A.    PLAINTIFF

---

[1] Defendants adopt the headings utilized by Plaintiff purely for organization and convenience of the reader. In using these headings, Defendants are not making any admission regarding their content and expressly deny any factual averments contained therein.

It is ADMITTED only that Plaintiff was housed at State correctional Institution at Phoenix ("SCI Phoenix") at the time of filing the Complaint.

B.    DEFENDANT(S)

Defendant 1: It is ADMITTED only that Defendant Wetzel was the Pennsylvania Secretary of Corrections from May 2011 to October 1, 2021.

Defendant 2:  It is ADMITTED only that Defendant Little was named Acting Pennsylvania Secretary of Corrections on October 2, 2021.

Defendant 3: It is ADMITTED only that Defendant Kimberley was employed at SCI Rockview during the time period relevant to the allegations with the Complaint, August 1, 2019 to July 14, 2021.

Defendant 4: This paragraph contains references to a Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

Defendant 5: This paragraph contains references to a Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

Defendant 6: This paragraph contains references to a Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

Defendant 7: This paragraph contains references to a Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

## III.    STATEMENT OF FACTS

A.    ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff was housed in SCI Rockview during the time period stated, August 1, 2019 to March 31, 2021. It is further ADMITTED Plaintiff was housed in SCI Phoenix during the time period stated, March 31, 2021 to present. It is also admitted that Plaintiff was sent to an outside hospital on April 27, 2020 and returned to SCI Rockview on April 30, 2020. All other factual averments are DENIED.

B.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph B of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

C.    DENIED.

## IV.    LEGAL CLAIMS

This entire section contains conclusions of law and a description of the claims made to which no response is required; to the extent a response is required, DENIED.

## V.    INJURY

After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Section V of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

## VI.    RELIEF

This entire sections contains request for relief to which no response is required. To the extent a response is required, DENIED.

## JURISDICTION AND VENUE[2]

1.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

2.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

3.    This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

---

[2] Plaintiff's Complaint consists of the Form Complaint and a handwritten complaint. This heading begins the handwritten complaint, as such Defendants utilize Plaintiff's headings and numeration purely for organization and clarity of the reader. In using these headings, Defendants are not making any admissions regarding their content and expressly deny any factual averments contained therein.

4

4.      This paragraph contains a conclusion of law to which no response is required. To the extent the paragraph contains factual averments, they are DENIED.

**<u>PARTIES</u>**

5.      It is ADMITTED only that Plaintiff was housed at State correctional Institution at Phoenix ("SCI Phoenix") at the time of filing the Complaint.

6.      It is ADMITTED only that Defendant Wetzel was the Pennsylvania Secretary of Corrections from May 2011 to October 1, 2021.

7.      It is ADMITTED only that Defendant Little was named Acting Pennsylvania Secretary of Corrections on October 2, 2021.

   a.   It is ADMITTED only that Defendant Kimberley was employed at the State Correctional Institution at Rockview ("SCI Rockview") during the time period relevant to the allegations within the Complaint, August 1, 2019 to July 14, 2021. Any other factual averments made are DENIED.

   b.   This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

   c.   This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the

extent the paragraph contains factual averments regarding Defendants, they are DENIED.

d. This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

e. This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

## **FACTS**

8. ADMITTED in part and DENIED in part. It is ADMITTED only that Plaintiff was incarcerated during the time period relevant to the Complaint, August 1, 2019 to July 14, 2021. All other factual averments are DENIED.

9. ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was housed at SCI Graterford in April 2006 to the extent his cell history reflects he was housed at SCI Graterford from April 11, 2006 to April 21, 2006. All other factual averments are DENIED.

10.     ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was housed at SCI Camp Hill in May 2006 to the extent his cell history reflects he was housed at SCI Camp Hill from April 21, 2006 to June 28, 2006. All other factual averments are DENIED.

11.     ADMITTED to the extent that all inmates receive mental health and medical examinations during the classification process.

12.     ADMITTED in part and DENIED in part. It is ADMITTED only that Plaintiff was housed at SCI Dallas in June 2006 to the extent his cell history reflects he was housed at SCI Dallas from June 29, 2006 to January 18, 2018. All other factual averments are DENIED.

13.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 13 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.[3]

14.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments

_____

[3] It appears from the face of the Complaint that Paragraph 13 is continued onto Page 3 after the list of additional defendants. To the extent further response is required, the paragraph on page 3 is DENIED.

contained in Paragraph 14 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

15.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 15 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

16.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 16 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

17.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 17 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

18.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 18 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

19.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 19 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

20.    DENIED.

21.    DENIED.

22.    ADMITTED in part and DENIED in part. It is ADMITTED only that inmates may be given bottom bunk status to the extent they qualify for the classification. All other factual averments are DENIED.

23.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 23 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

24.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 24 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

25.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 25 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

26.    ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff received a misconduct in 2017 to the extent his misconduct history reflects he was issued misconduct B2352850 for assault on August 20, 2017. All other factual averments are DENIED.

27.    ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff had a misconduct hearing to the extent his misconduct history reflects a hearing

examiner decision was reviewed for misconduct B352850. All other factual averments are DENIED.

28.    ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was sentenced to ninety (90) days disciplinary custody to the extent his misconduct history reflects he was sentenced to ninety (90) days disciplinary custody, payment for loss property, and suspension/removal from job for misconduct B352850. All other factual averments are DENIED.

29.    ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was housed in the RHU to the extent his cell history reflects he was housed in the RHU August 21, 2017 to December 11, 2017. By way of further answer, on December 11, 2017 to December 12, 2017, Plaintiff was housed in a Psychiatric Observation Cell; from December 13, 2017 to December 15, 2017, he was housed in the infirmary; and from December 15, 2017 to January 18, 2018 Plaintiff was housed in the RHU to the extent his cell history reflects as such. All other factual averments are DENIED.

30.     ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was transferred to SCI Rockview in January 2018 to the extent his cell history reflects he was housed at SCI Rockview from January 18, 2018 to March 30, 2021. All other factual averments are DENIED.

31. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 31 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

32. ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was housed in the RHU on August 1, 2019 to the extent his cell history reflects he was housed in the RHU from August 1, 2019 to January 7, 2020. All other factual averments are DENIED.

33. ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was issued a misconduct on August 1, 2019 to the extent his misconduct history reflects he was issued Misconduct D292527 on August 1, 2019 for assault and possession of contraband. All other factual averments are DENIED.

34. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 34 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

35. ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff had a misconduct hearing to the extent his misconduct history reflects the hearing examiner's decision was upheld for misconduct D29527. All other factual averments are DENIED.

36. ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was sanctioned to 150 days of disciplinary custody for misconduct D29257 to the extent his misconduct reflects as such. All other factual averments are DENIED.

37. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 37 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

38. This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

39. This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the

extent the paragraph contains factual averments regarding Defendants, they are DENIED.

40.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

41.    DENIED.

42.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

**REMOVAL/PLACEMENT ON RESTRICT RELEASE**

43.    ADMITTED in part and DENIED in part. It is ADMITTED only that the Restricted Release List is a form of administrative custody used by the Department of Corrections. All other factual averments are denied.

44.    ADMITTED in part and DENIED in part. It is ADMITTED only that the Restricted Release List is a form of administrative custody used by the Department of Corrections. It is DENIED that it is "a status of indefinite solitary confinement." *See* DC-ADM 802,

https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/802%2
0Administrative%20Custody%20Procedures.pdf (last accessed July 28,
2023).

45.    ADMITTED in part and DENIED in part. It is ADMITTED only that Tucker
       was placed on the Restricted Release List. All other factual averments are
       denied.

46.    After a reasonable investigation, Defendants are without knowledge or
       information sufficient to form a belief as to the truth or falsity of the averments
       contained in Paragraph 46 of the Complaint and therefore deny the allegations
       therein. Strict proof will be demanded at the time of trial if the same be
       material.

47.    After a reasonable investigation, Defendants are without knowledge or
       information sufficient to form a belief as to the truth or falsity of the averments
       contained in Paragraph 47 of the Complaint and therefore deny the allegations
       therein. Strict proof will be demanded at the time of trial if the same be
       material.

48.    After a reasonable investigation, Defendants are without knowledge or
       information sufficient to form a belief as to the truth or falsity of the averments
       contained in Paragraph 48 of the Complaint and therefore deny the allegations

therein. Strict proof will be demanded at the time of trial if the same be material.

49. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 49 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

50. ADMITTED in part and DENIED in part. It is ADMITTED only that Tucker received a "150 day sanction" effective August 1, 2019 to the extent his misconduct history reflects as such. It is further ADMITTED that December 26, 2019 is 150 days after August 1, 2019. All other factual averments are DENIED.

51. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 51 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

52. ADMITTED in part and DENIED in part. It is ADMITTED only that for an inmate to be placed on the Restricted Release List, a vote sheet is initiated to

the extent DC-ADM 802 reflects as such. It is further ADMITTED that the Secretary or a designee "will make the final determination regarding the inmate's placement on the RRL." DC-ADM 802 § 1(C)(4). All other factual averments are DENIED.

53.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 53 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

54.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 54 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

55.    ADMITTED in part and DENIED in part. It is ADMITTED that the Secretary or a designee "will make the final determination regarding the inmate's placement on the RRL." DC-ADM 802 § 1(C)(4). All other factual averments are DENIED.

## CONDITIONS OF CONFINEMENT

56.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

57.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

58.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

59.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

60.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the

extent the paragraph contains factual averments regarding Defendants, they are DENIED.

61.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

62.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

   a.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

   b.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

c.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

d.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

e.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

f.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

g.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To

the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

h. This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

i. This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

j. This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

k. This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

l.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

m.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

n.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

o.  This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

## **UNNECESSARY AND EXCESSIVE USE OF FORCE**

63.  ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff attempted suicide on April 27, 2020. All other factual averments are DENIED.

64.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

65.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

66.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

67.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

68.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the

extent the paragraph contains factual averments regarding Defendants, they are DENIED.

69.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

70.    ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was transported to Mount Nittany Medical Center for further assessment and treatment. All other factual averments are DENIED.

71.    ADMITTED in part and DENIED in part. It is ADMITTED Plaintiff was transported to Mount Nittany Medical Center for further assessment and treatment. All other factual averments are DENIED.

72.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 72 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

73.    This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the

extent the paragraph contains factual averments regarding Defendants, they are DENIED.

74. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 74 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

75. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 75 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

76. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 76 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

77. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments

contained in Paragraph 77 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

78.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 78 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

79.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 79 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

80.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 80 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

81.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 81 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

82.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 82 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

83.    DENIED.

84.    DENIED.

85.    DENIED.

86.    DENIED.

87.    ADMITTED in part and DENIED in part. It is ADMITTED only that the Psychiatric Observation Cell is outfitted with a camera. All other factual averments are DENIED.

88.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments

contained in Paragraph 88 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

89.  After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 89 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

90.  After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 90 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

91.  ADMITTED in part and DENIED in part. It is ADMITTED to the extent Plaintiff's cell history reflects that on April 8, 2020, he was moved from the POC to the IRU. All other factual averments are DENIED.

92.  ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff was moved to the RHU on May 13, 2020 to the extent his cell history reflects as such. All other factual averments are DENIED.

93.  This paragraph contains references to prior Defendants who have since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

94.  This paragraph contains references to a prior Defendant who has since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

95.  This paragraph contains references to prior Defendants who have since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

96.  This paragraph contains references to prior Defendants who have since been terminated from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

97.  ADMITTED in part and DENIED in part. It is ADMITTED only that Plaintiff was house at SCI Phoenix from March 30, 2021 to present to the extent that his cell history reflects as such. All other factual averments are DENIED.

98.    DENIED.

99.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 99 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

100.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 100 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

101.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 101 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

102.   DENIED.

103.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments

contained in Paragraph 103 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

104. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 104 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

105. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 105 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

106. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 106 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

107.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 107 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

108.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 108 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

109.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

110.    This paragraph contains references to a prior claim which has since been dismissed from this action (Doc. 23); as such, no response is required. To the extent the paragraph contains factual averments regarding Defendants, they are DENIED.

111. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 111 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

112. This paragraph contains a conclusion of law to which no answer is required. To the extent an answer is required, DENIED.

113. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 113 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

114. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 114 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

115. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments

contained in Paragraph 115 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

116.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 116 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

117.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 117 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

118.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 118 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

119. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 119 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

120. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 120 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

121. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 121 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

## **CLAIMS**

122. This paragraph contains a statement of claims, to which no response is required. To the extent a response is required, DENIED.

a. This paragraph contains a statement of claims, to which no response is required. To the extent a response is required, DENIED.

b. This paragraph contains a statement of claims, to which no response is required. To the extent a response is required, DENIED.

c. This paragraph contains a statement of claims, to which no response is required. To the extent a response is required, DENIED.

d. This paragraph contains a statement of claims, to which no response is required. To the extent a response is required, DENIED.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

123. This paragraph contains a conclusion of law, to which no response is required. To the extent a response is required, DENIED.

124. After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 124 of the Complaint and therefore deny the allegations therein. Strict proof will be demanded at the time of trial if the same be material.

## RELIEF REQUESTED

125. This paragraph contains a wherefore statement, to which no response is required. To the extent a response is required, DENIED.

A.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

1.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

2.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

3.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

4.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

5.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

B.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

1.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

2.  This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

3. This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

C. This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

1. This paragraph contains a request for relief to which no response is required. To the extent a response is required, DENIED.

## AFFIRMATIVE DEFENSES

In addition to the denials set forth above, Defendants assert the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants are immune from liability by virtue of absolute, qualified, official governmental, state sovereign, and/or any other immunity.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust available administrative remedies regarding some or all of his claims required by the Prisoner Litigation Reform Act of 1995.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred based on lack of personal involvement.

## FIFTH AFFIRMATIVE DEFENSE

At no time have Defendants, either individually or in concert with others deprived or sought to deprive Plaintiff of any rights, privileges, or immunities secured to him by the Constitution or laws of the United States.

## SIXTH AFFIRMATIVE DEFENSE

Defendants had legitimate penological reasons for all decisions and actions.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the damages he seeks.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have not acted with deliberate, intentional or reckless indifference towards Plaintiff or his conditions of confinement.

Respectfully submitted,

**MICHELLE A. HENRY**
**Attorney General**

By:    *s/ Tyler Jefferies*
_____
**TYLER JEFFERIES**
**Office of Attorney General**          **Deputy Attorney General**
**15th Floor, Strawberry Square**          **Attorney ID 330225**
**Harrisburg, PA 17120**
**Phone: (717) 941-0376**          **KAREN M. ROMANO**
          **Chief Deputy Attorney General**
**tjefferies@attorneygeneral.gov**          **Civil Litigation Section**

**Date:  August 4, 2023**          **Counsel for Defendants**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HASSAN A. TUCKER,** | : | |
| **Plaintiff** | : | **No.  1:22-CV-0631** |
| | : | |
| **v.** | : | **Judge Conner** |
| | : | |
| **JOHN E WETZEL, GEORGE** | : | **Electronically Filed Document** |
| **LITTLE CORRECTIONAL** | : | |
| **OFFICER KIMBERLEY,** | : | *Complaint Filed 04/29/22* |
| **CORRECTIONAL OFFICER** | : | |
| **FISHER, CORRECTIONAL** | : | |
| **OFFICER REESE, ROBERT** | : | |
| **VANCE** *and* **HEARING** | : | |
| **EXAMINER PELOSI,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on August 4, 2023, I

caused to be served a true and correct copy of the foregoing document titled

Defendants' Answer and Affirmative Defenses to the following:


**VIA U.S. MAIL**

**Smart Communications/PADOC**

**Hassan A. Tucker, GP-6788**
**SCI Phoenix**
**PO Box 33028**
**St. Petersburg, FL 33733**
*Pro Se Plaintiff*



           *s/ Tyler Jefferies*
           **TYLER JEFFERIES**
           Deputy Attorney General