IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No. 1:22-CV-0631 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| JOHN E WETZEL, GEORGE LITTLE, CORRECTIONAL *and* OFFICER KIMBERLEY, | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 04/29/22* |
| | : | |
| Defendants | : | |

## STATEMENT OF MATERIAL FACTS

AND NOW, come Defendants Wetzel, Little, and Kimberly (collectively, "Movants"), by and through counsel, and submit this separate, short, and concise statement of the material facts pursuant to Local Rule 56.1 for which they contend there is no genuine issue to be tried, in support of their contemporaneously filed motion for summary judgment, and aver as follows:

1. On or about April 15, 2022, Plaintiff Hassan Tucker ("Tucker") – an adult individual incarcerated by the Pennsylvania Department of Corrections ("DOC") – provided a packet of information to the DOC for mailing to this Court – and thus commenced the instant action. *See generally* Doc. 1.

2. Following Movants' Motion to Dismiss (Doc. 17), this Court granted and denied the motion. (Doc. 23).

3. The surviving claims are as follows:

    a. First Amendment Right to Marry against Wetzel and Little;

    b. Fourteenth Amendment Due Process against Wetzel and Little;

    c. Eighth Amendment Cruel and Unusual Punishment against Wetzel and Little;

    d. Eighth Amendment Excessive Force against Kimberly; and

    e. Assault and Battery against Kimberly.

    (Doc. 23)

4. Movants filed their Answer and Affirmative Defenses on August 4, 2023. (Doc. 31).

## Material Undisputed Facts – Background

5. As pertinent here, Tucker was incarcerated by the DOC at the State Correctional Institution at Rockview ("SCI Rockview") from January 18, 2018 to March 30, 2021. **Exhibit A** (Tucker's Cell History).

6. Tucker was then transferred to the State Correctional Institution at Phoenix ("SCI Phoenix") on March 30, 2021. **Id.**

## Facts Pertaining to Tucker's First Amendment Right to Marriage Claim against Wetzel and Little

7. Tucker generally alleges DC-ADM 821 prevents him from getting married due to him being on RRL. Doc. 1 at ¶ 120.

2

8. Tucker cannot produce competent admissible evidence he submitted a marriage request to his counselor, pursuant to DC-ADM 821 § 1(B)(1). **Exhibit B** (DC-ADM 821) at § 1(B)(1).

9. Tucker cannot produce competent admissible evidence he was denied any request for marriage.

**Facts Pertaining to Tucker's Fourteenth Due Process Claim Amendment Claim against Wetzel and Little**

10. Tucker generally alleges that Wetzel and Little did not notify him of his RRL placement or any opportunity to contest the placement. Doc. 22 at ECF 12.

    a. Tucker cannot produce competent admissible evidence Wetzel did not notify him of his RRL placement or any opportunity to contest the placement.

    b. Tucker cannot produce competent admissible evidence Little did not notify him of his RRL placement or any opportunity to contest the placement.

11. Tucker further alleges that in January 2020, he was told by Deputy Houser that RRL status cannot be appealed. Doc. 1 at ¶ 54.

    a. Tucker cannot produce competent admissible evidence Deputy Houser told him RRL status cannot be appealed.

12. DC-ADM 802 is the Department of Corrections' policy concerning administrative custody. *See* **Exhibit C** (DC-ADM 802*)*.

3

13. Tucker cannot produce competent admissible evidence to establish the fact that he was not afforded the appellate procedures outlined in DC-ADM 802.

14. On August 1, 2019, Tucker was issued a misconduct for assault and possession of a contraband-weapon. **Exhibit D** (Misconduct D29527).

15. At this time, Tucker was already placed on pre-hearing confinement. **Id.**

16. On August 19, 2019, Tucker signed a waiver waiving the right to have his misconduct hearing within seven working days. **Exhibit E** (Misconduct D29527 Waiver Form).

17. On August 21, 2019, Tucker was sentenced to 150 days disciplinary custody, effective August 1, 2019, after the hearing examiner found a preponderance of the evidence existed to support the charges. **Exhibit F** (Misconduct D29527 Hearing Examiner's Report).

    a. Tucker served this disciplinary custody time from August 1, 2019 to December 29, 2019.

18. On August 27, 2019, a psychological assessment was completed for Tucker for a referral to placement on the RRL. **Exhibit G** (Nicki Paul Declaration) at ¶ 7(b).

19. The facility manager or a designee may request that an inmate be placed on the Restricted Release List ("RRL") "when he/she poses a threat to the secure

operation of the facility and where a transfer to another facility or jurisdiction would not alleviate the security concern." **Exhibit C** at § C (1).

   a. The facility manager or designee will provide a written rationale as to why the inmate should be placed on the RRL to the Executive Deputy Secretary. **Id.** at § 1(C)(3).

      i. Tucker was being reviewed for placement on the RRL due to his violent actions and threat to the security of the institution. **Exhibit H** (RRL Vote Sheet).

20. The Executive Deputy Secretary will review the recommendation and either approve or disapprove the request. **Exhibit C** at § 1(C)(4).

   a. The Executive Deputy Secretary reviewed and signed the recommendation on September 25, 2019. **Exhibit H**.

21. The Executive Deputy Secretary will then forward the recommendation to the Secretary or a designee for review. **Exhibit C** at § 1(C)(4).

22. The Secretary or a designee will make the final determination on an inmate's placement on the RRL. **Id.** at § 1(C)(4).

   a. The Secretary or a designee reviewed and approved the placement on the RRL on November 15, 2019. **Exhibit H**.

23. On November 26, 2019, Tucker was notified he was being officially placed on the RRL. **Exhibit G** at ¶ 7(c).

24. On December 11, 2019, a PRC review was conducted and they decided to continue Tucker's Disciplinary Custody status and RRL placement. **Id.** at ¶ 7(d).

25. On December 26, 2019, Tucker was notified he was being placed on Administrative Custody ("AC") Status. **Exhibit I** (Other Report D427051).

26. On December 27, 2019, Tucker was notified his placement on the RRL was approved through the central office. **Exhibit G** at ¶ 7(e).

27. On January 2, 2020, an administrative hearing was held pursuant to DC-ADM 802. **Id.** at ¶ 7(f); **Exhibit J** (Program Review Committee's Decision and Rationale 1/2/20); **Exhibit C** at § 2(A)(1).

28. During this hearing, Tucker was informed he was permitted to respond to the rationale for AC placement. **Exhibit J** (PRC Review 1/2/20).

29. Tucker chose not to respond. **Id.**

30. Tucker was then notified of his ability to appeal to the Facility Manager. **Id.**

31. Tucker cannot produce competent admissible evidence to establish the fact that he was not afforded program reviews.

32. Tucker cannot produce competent admissible evidence to establish the fact that he suffered an injury as a result of his placement on the RRL.

**Facts Pertaining to Tucker's Eighth Amendment Claim against Wetzel and Little**

33. Tucker generally alleges since August 1, 2019, he has been subjected to: (1) 22-24 hour confinement; (2) isolation from all physical contact and interaction; (3) handcuffs whenever leaving his cell; (4) restraints when waiting for legal visits, video visits, or law library; (5) 24-hour illumination; (6) loud noises; (7) feces thrown by other inmates; (8) feces in cell; (9) denied cleaning supplies; (10) denied basic clothing; (11) second-hand exposure to OC Spray; (12) denied laundry service; (13) limited personal possessions; (14) and his only break from his cell is to go to the yard cage. Doc. 1 at ¶¶ 57 - 62(a)-(o).

34. Tucker cannot produce competent admissible evidence to establish the alleged conditions are extreme deprivations.

35. Tucker cannot produce competent admissible evidence to establish the conditions have a mutually enforcing effect that produces deprivation of a single, identifiable human need.

36. Tucker cannot produce competent admissible evidence to establish any actual harm to him has been caused by these conditions.

37. Tucker cannot produce competent admissible evidence that Wetzel knew of any allegedly unreasonable risk that Tucker's rights may be violated.

38. Tucker cannot produce competent admissible evidence that Little knew of any alleged unreasonable risk that Tucker's rights may be violated.

39. Tucker cannot produce competent admissible evidence that Wetzel was deliberately indifferent to any risk.

40. Tucker cannot produce competent admissible evidence that Little was deliberately indifferent to any risk.

41. Wetzel had a legitimate penological purpose for placing Wetzel on the RRL.

    a. Tucker, at the time of being place on the RRL, had received three (3) misconduct for assault. **Exhibit K** (Tucker's Misconduct History).

        i. These assaults resulted in other inmates needing medical care. **Exhibit H**.

    b. These assaults were enough to place Tucker on the RRL. *See* **Exhibit C** at §1(C)(2)(b).

42. Little had a legitimate penological purpose for keeping Tucker on the RRL. **Exhibit K**.

**Facts Pertaining to Tucker's Eighth Amendment Excessive Force and Assault and Battery Claims against Kimberly**

43. Tucker generally alleges that Kimberly: (i) physically abused and assaulted him during and after his suicide attempt on April 27, 2020; and (ii) activated the Remotely Activated Custody Control ("RACC") belt Tucker was wearing while he was in the hospital following his suicide attempt. *See* Doc. 1 at p.6; ¶78.

44. Tucker cannot produce any competent admissible evidence to establish the fact that Kimberly used excessive force against him on April 27, 2020.

    a. Tucker's suicide attempt was on April 27, 2020 at approximately 8:40 a.m. **Exhibit L** (Tucker's 05/05/2020 DC-516) at 1.

    b. On April 27, 2020 Kimberly was working the 2:00PM to 10:00PM shift. **Exhibit M** (Kimberly Declaration) at ¶ 3.

45. Tucker cannot produce any competent admissible evidence to establish the fact that Kimberly activated the RACC belt while Tucker was wearing the belt in the hospital.

    a. While working at SCI Rockview, Kimberly never activated the RACC belt. **Id.** at ¶ 7.

46. Tucker cannot produce any competent admissible evidence to establish Kimberly used excessive force against him.

47. Tucker cannot produce any competent admissible evidence to establish Kimberly intentionally attempted to injure Tucker by force.

48. Tucker cannot produce any competent admissible evidence to establish Kimberly intentionally injured Tucker by force.

## Facts Pertaining to Exhaustion

**Grievances**

49. DC-ADM 804 is the Department of Corrections' policy concerning grievances and appeals. **Exhibit N** (DC-ADM 804).

50. Between August 1, 2019 and July 2021, Tucker filed approximately thirty-seven (37) grievances. *See* **Exhibit O** (Tucker's Grievance History).

51. The grievances filed during the relevant time period are as follows: 818887, 827532, 827537, 827727, 828974, 831710, 832730, 833194, 835630, 839034, 840267, 862524, 864580, 880469, 882668, 891187, 896290, 896294, 899136, 899235, 901810, 904366, 907312, 909172, 910936, 916474, 923239, 923966, 924302, 924321, 927915, 929752, 932347, 933959, 934442, 935578, and 936438. *See* **Exhibit O** at 1-2.

52. Of these thirty-seven (37) grievances, only five (5) were appealed to SOIGA. *See* **Exhibit P** (Keri Moore's Declaration) at ¶ 6.

53. The only grievances Tucker appealed to SOIGA were grievances 896290, 909172, 923966, 927915, and 936438. **Id.** at ¶ 7.

**Administrative Custody**

54. An inmate placed on Administrative Custody may appeal the decisions of the Program Review Committee concerning the initial confinement to the Facility Manager. **Exhibit C** at §2(C)(1).

55. An inmate may appeal the Facility Manager decision to the Office of the Chief Hearing Examiner. **Id.** at §2(C)(2).

56. No administrative custody appeals have been received from Plaintiff by the Chief Hearing Examiner's Officer. **Exhibit Q** (Moslak Declaration) at ¶ 5.

## Facts Pertaining to Damages

57. Tucker cannot produce competent admissible evidence he incurred a physical injury due to the alleged prohibition from marriage.

58. Tucker cannot produce competent admissible evidence he incurred a physical injury due to his placement on the Restricted Release List.

59. Tucker cannot produce competent admissible evidence he incurred a physical injury due to the alleged excessive force used by Kimberly.

60. Tucker cannot produce competent admissible evidence he incurred a physical injury due to the prolonged confinement he was subjected to.

61. Tucker cannot produce competent admissible evidence he is currently prohibited from marrying his fiancé.

                                    Respectfully submitted,

                                    **MICHELLE A. HENRY**
                                    Attorney General

                          By:   *s/ Tyler Jefferies*
                                    **TYLER JEFFERIES**

Office of Attorney General         Deputy Attorney General
15th Floor, Strawberry Square     Attorney ID 330225
Harrisburg, PA 17120
Phone: (717) 941-0376             **KAREN M. ROMANO**
                                            Chief Deputy Attorney General
tjefferies@attorneygeneral.gov    Civil Litigation Section

Date:  February 29, 2024           *Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No. 1:22-CV-0631 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| JOHN E WETZEL, GEORGE LITTLE, CORRECTIONAL *and* OFFICER KIMBERLEY, | : | Electronically Filed Document |
| | : | *Complaint Filed 04/29/22* |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on February 29, 2024, I caused to be served a true and correct copy of the foregoing document titled Statement of Material Facts to the following:

**VIA U.S. MAIL**

Smart Communications/PADOC

Hassan A. Tucker, GP-6788
SCI Mahanoy
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                      *s/ Tyler Jefferies*
                                      **TYLER JEFFERIES**
                                      Deputy Attorney General