IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No.  1:22-CV-0631 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| JOHN E WETZEL, GEORGE | : | Electronically Filed Document |
| LITTLE, CORRECTIONAL *and* | : | |
| OFFICER KIMBERLEY, | : | *Complaint Filed 04/29/22* |
| | : | |
| Defendants | : | |

## <u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION<br>FOR SUMMARY JUDGMENT</u>

Respectfully submitted,

**MICHELLE A. HENRY**
Attorney General

By:    *s/ Tyler Jefferies*
        **TYLER JEFFERIES**

Office of Attorney General       Deputy Attorney General
15th Floor, Strawberry Square    Attorney ID 330225
Harrisburg, PA 17120
Phone: (717) 941-0376

tjefferies@attorneygeneral.gov    **KAREN M. ROMANO**
          Chief Deputy Attorney General
          Civil Litigation Section

Date:  March 14, 2024        *Counsel for Defendants*

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................................2

TABLE OF AUTHORITIES ......................................................................................3

PROCEDURAL HISTORY OF THE CASE ............................................................6

STATEMENT OF FACTS .........................................................................................6

STATEMENT OF QUESTIONS INVOLVED..........................................................7

ARGUMENT .............................................................................................................7

    I.  Tucker Failed to Exhaust his Administrative Remedies ................................8

        a.  Grievances .................................................................................................9

        b.  Administrative Custody............................................................................11

        c.  Marriage Request ....................................................................................12

    II.  Tucker's Fourteenth Amendment Claim is Time-Barred by the Statute of Limitations.....................................................................................................12

    III.   Supervisory Defendants are Entitled to Summary Judgment on Tucker's Fourteenth Amendment Due Process Claim .......................................................14

    IV.   Defendants are Entitled to Summary Judgment on Tucker's Eighth Amendment Claims .................................................................................................17

        a.  Conditions of Confinement Claim Against Wetzel and Little ...................17

        b.  Excessive Force and State Law Assault and Battery Claim Against Kimberley...............................................................................................26

    V.  Supervisory Defendants are Entitled to Summary Judgment on Tucker's First Amendment Right to Marry Claim........................................................................29

    VI.  Tucker Cannot Establish any Basis for Damages ......................................30

        a.  Compensatory Damages............................................................................31

        b.  Punitive Damages.....................................................................................32

CONCLUSION ........................................................................................................32

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs v. Gardner*, 387 U.S. 136 (1967)..................................................... 29, 30

*Adickes v. S.H. Kress & Co.*, 395 U.S. 144 (1970).....................................................7

*Allah v. Al-Hafeez*, 226 F.3d 247 (3d Cir. 2000) ................................................ 31, 32

*Ashker v. Brown*, 2013 WL 1435148 (N.D. Cal. 2013)...............................................20

*Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001) ............................................18

*Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012)...........................................................25

*Booze v. Wetzel*, 2014 WL 65283 (M.D. Pa. 2014)...................................................19

*Bramble v. Wetzel*, No. 4:20-CV-2394 ....................................................................14

*Brooks v. Kyler*, 204 F.3d 102 (3d Cir. 2000) ........................................................27

*Brown v. Nix*, 33 F.3d 951 (8th Cir. 1994) .............................................................20

*Califano v. Sanders*, 430 U.S. 99 (1977) ...............................................................29

*Carey v. Piphus*, 435 U.S. 248 (1978) ....................................................................31

*Castro v. Chesney*, 1998 WL 767467 (E.D. Pa. 1998)..............................................23

*Celotex Corp. v. Catrett*, 744 U.S. 317 (1986) .........................................................7

*Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991) ................................................23

*Chapolini v. City of Philadelphia*, 2022 WL 815444 (E.D. Pa. 2022)....................22

*Coit v. Shaw*, 2019 WL 2267242 (M.D. Pa. 2019)...................................................13

*Cummings v. Weller*, 2023 WL 8935239 (M.D. Pa. 2023) ......................................24

*Doneker v. Cty. of Bucks*, 2014 WL 2586968 (E.D. Pa. 2014) ...............................26

*Durham v. Dep't of Corrs.*, 173 F.Appx. 154 (3d Cir. 2006)..................................24

*Farmer v. Brennan*, 511 U.S. 825 (1994)................................................... 18, 19, 25

*Germany v. Briggs*, 2021 WL 625229 (M.D. Pa. 2021)..........................................23

*Goodwine v. Keller*, 2012 WL 4482793 (W.D. Pa. 2012).......................................14

*Green v. Coleman*, 575 F.Appx. 44 (3d Cir. 2014) .................................................18

*Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997) .....................................................15

*Hamilton v. Leavy*, 117 F.3d 742 (3d Cir. 1997) ....................................................25

*Henderson v. Thomas*, 2012 WL 4434750 (M.D. Pa. 2012) ...................................15

*Hudson v. McMillen*, 503 U.S. 1 (1992)..................................................................18

*Huertas v. Secretary Pa. Dept. of Corrs.*, 533 F.Appx. 64 (3d Cir. 2013)....... 16, 21

*Jackson v. Mason*, 2023 WL 3727251 (M.D. Pa. 2023) ..........................................24

*Johnson v. Wetzel*, 209 F.Supp.3d 766 (M.D. Pa. 2016)........................................20

*Jones v. Bock*, 549 U.S. 199 (2007)...........................................................................9

*Jordan v. N.J. Dept. of Corrs.*, 881 F.Supp. 947 (D. N.J. 1995) ...........................22

*Kach v. Hose*, 589 F.3d 626 (3d Cir. 2009) ..................................................... 12, 13

*Keenan v. City of Philadelphia*, 983 F.2d 459 (3d Cir. 1992)................................32

*Kirk v. Varano*, 2013 WL 2285235 (M.D. Pa. 2013) ..............................................13

*Liles v. Camden County Dept. of Corrs.*, 225 F.Supp.2d 450 (D. N.J. 2002).........23

*Mack v. Klopotoski*, 540 F.Appx. 108 (3d Cir. 2013) ...............................................11

*Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368 (3d Cir. 2019) ........................18

*McClintic v. Pa. Dept. of Corrs.*, 2013 WL 5988956 (E.D. Pa. 2013)....................22

*McLean v. Harry*, 2020 WL 375742 (M.D. Pa. 2020) ........................................9, 10

*Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986)...............................31

*Miller v. Trometter*, 2012 WL 5933015 (M.D. Pa. 2012) ......................................23

*Montayne v. Haymes*, 427 U.S. 236 (1976) .............................................................15

*Moody v. Daggett*, 429 U.S. 78 (1976) ...................................................................15

*O'Donnell v. Thomas*, 826 F.2d 788 (8th Cir. 1987)...............................................21

*Ortiz v. Beard*, 2013 WL 1290555 (W.D. Pa. 2013) ..............................................28

*Peachlum v. City of York*, 333 F.3d 429 (3d Cir. 2003) ................................... 29, 30

*Pearson v. Callahan*, 555 U.S. 223 (2009)..............................................................24

*Pearson v. Dept. of Corrs.*, 775 F.3d 598 (3d Cir. 2015) .......................................13

*Petsinger v. Dept. of Labor & Industry, Office of Voc. Rehab.*, 988 A.2d 748 (Pa. Cmwlth. 2010) ......................................................................................................13

*Phila. Fed'n. of Teachers, Am. Fed'n of Teachers, Local 3, AFL-CIO v. Ridge*, 150 F.3d 319 (3d Cir. 1998) ......................................................................................29

*Pickering v. Sacavage*, 642 A.2d 555 (Pa. Cmwlth 1994) ......................................28

*Pino v. Smith*, 2020 WL 599835 (M.D. Pa. 2020)..................................................13

*Pittsburgh Mack Sales & Serv., Inc. v. Int'l. Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185 (3d Cir. 2009) .......................................................30

*Porter v. Pa. Dept. of Corrs.*, 974 F.3d 431 (3d Cir. 2020) ............................ 15, 20

*Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454 (3d Cir. 1994) .............................................................................................30

*Ray v. Rogers*, 2014 WL 1235905 (W.D. Pa. 2014) ...............................................15

*Reaves v. Rossman*, 2022 WL 18539772 (M.D. Pa. 2022) .....................................26

*Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994) .............................................27

*Ricks v. Shover*, 891 F.3d 468 (3d Cir. 2018).........................................................26

*Rivera v. Redfern*, 2023 WL 2139827 (M.D. Pa. 2023)........................................24

*Robinson v. Johnson*, 343 F.Appx. 778 (3d Cir. 2009) .......................................9, 11

*Rodriguez v. Thomas*, 299 F.Supp.3d 618 (M.D. Pa. 2018)............................ 19, 25

*Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989).....................................................14

*Sandin v. Connor*, 115 S.Ct. 2293 (1995)...............................................................15

*Shakuur v. Costello*, 230 F.Appx. 199 (3d Cir. 2007) ............................................13

*Shoats v. Horn*, 213 F.3d 140 (3d Cir. 2000)..........................................................16

*Shoatz v. Wetzel*, 2016 WL 595337 (W.D. Pa. 2016).............................................20

*Simon v. Wetzel*, 2018 WL 10230019 (W.D. Pa. 2018) .........................................20

*Small v. Wetzel*, 528 F.Appx. 202 (3d Cir. 2013)...................................................32

*Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004)............................................... 8, 9, 11

*Step-Saver Data Systems, Inc. v. Wyse Tech.*, 912 F.2d 643 (3d Cir. 1990)..........30

*Stroman v. Wetzel*, 2020 WL 1531325 (M.D. Pa. 2020) ........................................24
*Thomas v. New Mexico Corr. Dept.*, 272 F.Appx. 727 (10th Cir. 2008) ...............24
*Thomas v. SCI-Graterford*, 2014 WL 550555 (E.D. Pa. 2014)...............................22
*Turner v. Safley*, 482 U.S. 78 (1987) ............................................... 21, 29
*Victor v. Huber*, 2012 WL 7463723 (M.D. Pa. 2012) ...........................................15
*Walker v. Sorber*, 2022 WL 4586137 (E.D. Pa. 2022)...........................................23
*Washington-El v. Beard*, 2013 WL 1314528 (W.D. Pa. 2013) ..............................15
*Whitley v. Albers*, 475 U.S. 312 (1986) ................................................................27
*Whitney v. Wetzel*, 649 F.Appx. 123 (3d Cir. 2016) ..............................................22
*Wilkerson v. Stadler*, 639 F.Supp. 654 (M.D. La. 2007) .......................................21
*Wilkinson v. Austin*, 545 U.S. 209 (2005)..............................................................15
*Williams v. Beard*, 482 F.3d 637 (3d Cir. 2007)......................................................8
*Wilson v Marrow*, 917 A.2d 354 (Pa. Cmwlth. 2007)...........................................28
*Wilson v. Seiter*, 501 U.S. 294 (1991) ............................................... 19, 25
*Woodford v. Ngo*, 548 U.S. 81 (2006) ................................................................8, 9
*Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992) ....................................................23
*Zablocki v. Redhail*, 434 U.S. 374 (1978) ............................................................29
*Zubik v. Sebelius*, 911 F.Supp.2d 314 (W.D. Pa. 2012) ........................................30

## Statutes

1 Pa.C.S. § 2310.......................................................................................................27
42 Pa.C.S. § 5524......................................................................................................13
42 U.S.C. § 1997(e) ...................................................................................................8

## Rules

Fed. R. Civ. P. 56......................................................................................................7

## PROCEDURAL HISTORY OF THE CASE

Plaintiff, Hassan Tucker ("Tucker") is a *pro se* Plaintiff, currently incarcerated by the Pennsylvania Department of Corrections ("DOC"), who commenced this § 1983 action on April 29, 2022. *See* Doc. 1. Following the disposition of Defendants' motion to dismiss, Eighth Amendment Cruel and Unusual Punishment claim against Defendants Wetzel and Little ("Supervisory Defendants"), Fourteenth Amendment Due Process claim against Supervisory Defendants, First Amendment Right to Marry claim against Supervisory Defendants, and Eighth Amendment Excessive Force claim against Defendant Kimberley are the only surviving claims. Doc. 23.

On February 29, 2024, Defendants filed a Motion for Summary Judgment and Statement of Material Facts. Docs. 37-38. This brief is filed in support of that motion.

## STATEMENT OF FACTS

In accordance with Local Rule 56.1, Defendants have filed a separate, short, and concise statement of material facts for which, they contend, there is no genuine issue to be tried. Defendants do not re-state the contents thereof in the interest of brevity but instead cites the pertinent factual statements as relied upon herein.

6

## STATEMENT OF QUESTIONS INVOLVED

I.    Whether Tucker failed to exhaust his administrative remedies?

II.    Whether Tucker's Fourteenth Amendment Due Process claim is time-barred by the statute of limitations?

III.    Whether Supervisory Defendants are entitled to summary judgment on Tucker's Fourteenth Amendment Due Process claim?

IV.    Whether Defendants are entitled to summary judgment on Tucker's Eighth Amendment Excessive Force claim and state law assault and battery claim?

V.    Whether Supervisory Defendants are entitled to summary judgment on Tucker's First Amendment Right to Marriage claim?

VI.    Whether summary judgment should be granted for Tucker's claims for damages?

*Suggested Answer to All*: Yes.

## ARGUMENT

To avoid summary judgment, a plaintiff may not rest on unsubstantiated allegations of his pleadings. *Celotex Corp. v. Catrett*, 744 U.S. 317 (1986) (analyzing Fed. R. Civ. P. 56). Summary judgment requires that the plaintiff come forward with competent, admissible evidence showing the existence of every element, essential to the case, for which he bears the burden of proof at trial. *Id.* (citing *Adickes v. S.H. Kress & Co.*, 395 U.S. 144, 159 (1970)). "[A] complete failure of proof concerning an essential element of plaintiff's case necessarily renders all other facts immaterial." *Id.* at 323. In this brief, Defendants explain why summary judgment must be entered in their favor and against Tucker on Tucker's First

Amendment claim, Eighth Amendment claims, Fourteenth Amendment claim, and Tucker's claims for damages.

## I. TUCKER FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

Under the Prisoner Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other corrections facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). Exhaustion is mandatory and must be "proper," which requires a prisoner to "us[e] all steps that the agency holds out, and [to do] so properly (so that the agency addresses the issue on the merits." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (explaining proper exhaustion requires a prisoner to "comply with all the administrative requirements").

Claims that have not been properly exhausted are procedurally defaulted. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004). "[T]he determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Id.* Accordingly, "[t]he level of detail necessary to comply with the grievance procedures will vary from system to system and claim to claim, but is the

8

prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91 ("proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicate system can function effectively without imposing some orderly structure on the course of its proceedings.").

### a. Grievances

DOC Administrative Directive 804 ("DC-ADM 804") provides inmates with specific requirements for filing grievances and appeals to grievance responses. *See McLean v. Harry*, 2020 WL 375742 at *2 (M.D. Pa. 2020). Pursuant to DC-ADM 804, inmate grievances must provide a statement of facts relevant to the underlying claim and must specifically name persons within the grievance "if practicable." *Robinson v. Johnson*, 343 F.Appx. 778, 781 (3d Cir. 2009) (internal citations omitted); *Spruill*, 372 F.3d at 234. DC-ADM 804 has a three-tiered system for inmate grievances:

> After an attempt to resolve any problems informally, an inmate may submit a written grievance to the Facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals [("SOIGA")]. An appeal to final review cannot be completed unless an inmate complies with all established procedures. An inmate must exhaust all

> three levels of review and comply with all procedural requirements of the grievances review process in order to fully exhaust an issue.

*McLean*, 2020 WL 375742 at *2 (citations omitted); *see* SOMF at Exh. N at § 1(a)(8).

Here, Tucker failed to exhaust his administrative remedies with respect to his First, Eighth, and Fourteenth Amendment claims because he did not exhaust these claims in contravention of DC-ADM 804.

From August 1, 2019 to July 2021, Tucker filed approximately thirty-seven (37) grievances. SOMF at ¶ 50. Of those grievances, Tucker only appealed five (5) to final review. Id. at ¶ 52.

The first grievance, 896290, was filed on October 19, 2020, and concerned property taken during a cell search. SOMF at Exh. P, Att. A. The second grievance, 909172, was filed on January 14, 2021 and concerned two virtual visits Tucker was late for. Id. at Exh. P, Att. B. The third grievance, 923966, was filed in May 2021 and concerned property issues. Id. at Exh. P, Att. C. The fourth grievance, 927915, was filed on May 17, 2021 and concerned the unit management team failing to respond to requests to staff and appear weekly. Id. at Exh. P, Att. D. The fifth grievance, 936438, was filed on May 7, 2021 and concerned the decision to continue Tucker's placement on the restricted release list ("RRL"). Id. at Exh. P, Att. E. None

of these grievances concerned Tucker's right to marriage, or an alleged assault by Defendant Kimberly.

While the final grievance does concern Tucker's continued placement on RRL, he failed to properly exhaust this grievance. Even if an inmate attempts to appeal to final review but does not comply with the proper procedure in all respects, he has not properly exhausted. *Mack v. Klopotoski*, 540 F.Appx. 108 (3d Cir. 2013) (inmate who appealed to final review but submitted handwritten copy of intermediate appeal rather than photocopy did not properly exhaust). Here, Tucker's final appeal was dismissed for failing to provide the required documentation for review. <u>SOMF at Exh. P, Att. E</u>.  As Tucker failed to properly appeal any grievance to final review regarding his claims, he failed to exhaust any claims related thereto, that is now asserted in this litigation, for the purposes of the PLRA. *See Robinson*, 343 F.Appx. at 781; *Spruill*, 372 F.3d at 234. As such, Tucker's claims should be dismissed.

### b.  Administrative Custody

DOC Administrative Directive 802 ("DC-ADM 802") provides inmates with specific requirements for appealing their administrative custody status. *See* <u>SOMF at Exh. C</u>. DC-ADM 802 has a two-step process for appeals of initial confinement. *See* <u>Id</u>. DC-ADM 802 allows an inmate placed on Administrative Custody to appeal the decisions of the Program Review Committee concerning the initial confinement

to the Facility Manager. Id. at ¶ 54. The inmate may then appeal the Facility Manager's decision to the Office of the Chief Hearing Examiner. Id. at ¶ 55. Here, Tucker has failed to submit any administrative custody appeals, failing to properly exhaust his administrative requirements. Id. at ¶ 56. As such, Tucker's claims regarding his administrative custody must be dismissed.

### c. Marriage Request

DOC Administrative Directive 821 ("DC-ADM 821") provides inmates with specific requirements for requesting the ability to marry their partner. *See* Id. at Exh. B. DC-ADM 821 requires inmates to submit initial marriage requests to their counselor. Id. at ¶ 8. Tucker cannot produce competent admissible evidence he ever submitted a marriage request, in contravention of DC-ADM 821. Id. Tucker, additionally, cannot produce competent admissible evidence he was ever denied any request for marriage. Id. at ¶ 9. As such, Tucker's claims regarding his right to marry must be dismissed.

## II.     TUCKER'S FOURTEENTH AMENDMENT CLAIM IS TIME-BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations for actions brought pursuant to § 1983 is governed by the statute of limitations for tort claims in the state in which the claim was brought, which in Pennsylvania is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Petsinger v. Dept. of Labor & Industry, Office of Voc. Rehab.*, 988 A.2d

748, 758 (Pa. Cmwlth. 2010); 42 Pa.C.S. § 5524.[1] Tucker's complaint was filed on April 29, 2022. Doc. 1. Therefore, any claims that occurred prior to April 29, 2020 are time-barred. Specifically, Tucker's Fourteenth Amendment claim is time-barred to the extent he is claiming his initial placement on the RRL violated his due process rights as Tucker claims he was placed on the RRL on November 17, 2019. Doc. 1 at ¶ 36.

An exception to the statute of limitations exists under the Prisoner Litigation Reform Act, which tolls the running of the statute of limitations while he exhausts administrative remedies. *See Pearson v. Dept. of Corrs.*, 775 F.3d 598 (3d Cir. 2015). However, courts regularly hold the statute of limitations does not toll when a plaintiff fails to properly exhaust administrative remedies. *See Shakuur v. Costello*, 230 F.Appx. 199 (3d Cir. 2007); *Kirk v. Varano*, 2013 WL 2285235 (M.D. Pa. 2013); *Coit v. Shaw*, 2019 WL 2267242 (M.D. Pa. 2019); *Pino v. Smith*, 2020 WL 599835 (M.D. Pa. 2020). As was discussed in Section I of this brief, Plaintiff failed to exhaust his administrative remedies with regards to his claims. Therefore, the

---

[1] The cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury on which the action is based; that is, when the injury and its cause can reasonably be discovered. This is actually the date of the last action necessary to complete the tort. *Kach*, 589 F.3d at 634-35.

statute of limitations did not toll, and any claims regarding anything prior to April 29, 2020 should be dismissed.

## III.    SUPERVISORY DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON TUCKER'S FOURTEENTH AMENDMENT DUE PROCESS CLAIM

Tucker claims he was not afforded the process required by DC-ADM 802 as he was allegedly not given notice of his placement nor any opportunity to contest the placement. SOMF at ¶ 10. DC-ADM 802 "allow inmates to appeal both the initial decision to place an inmate on RRL and the decision to maintain the inmates RRL status. Doc. 22 at ECF 22 (citing *Bramble v. Wetzel*, No. 4:20-CV-2394, Doc. 56-2, at \*15-16; SOMF at Exh. C.

The requirements for a due process claim are as follows: (1) that the plaintiff was deprived of a protected liberty interest or property interest; (2) that this deprivation was without due process; (3) the defendant subjected him to his deprivation; (4) the defendant was acting under color of state law; and (5) the plaintiff suffered injury as a result. *Goodwine v. Keller*, 2012 WL 4482793 at \*9 (W.D. Pa. 2012) (citing *Sample v. Diecks*, 885 F.2d 1099, 1113 (3d Cir. 1989)).

It is well settled that an inmate plaintiff's placement in the restricted housing unit does not generally implicate the inmate's due process rights because he has no liberty interest that could be violated by moving him from general population to the

14

RHU. *Henderson v. Thomas*, 2012 WL 4434750 (M.D. Pa. 2012) ("It is well established that the United States Constitution does not confer any right upon the inmate to any particular custody or security classification.") (citing *Montayne v. Haymes*, 427 U.S. 236, 242 (1976), and *Moody v. Daggett*, 429 U.S. 78, 88 (1976)); *Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997) (citing *Sandin v. Connor*, 115 S.Ct. 2293 (1995)). Due process protection only applies when a prisoner is subjected to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin*, 112 F.3d at 706 (quoting *Sandin*, 115 S.Ct. at 2301); *Ray v. Rogers*, 2014 WL 1235905 at *4-5 (W.D. Pa. 2014); *Victor v. Huber*, 2012 WL 7463723 at *6-7 (M.D. Pa. 2012).

Normally, placement in disciplinary or administrative custody is not an atypical or significant hardship, but rather is a common incident of prison life for a variety of offenses and conditions. *Griffin*, 112 F.3d at 706; *Washington-El v. Beard*, 2013 WL 1314528 at *7 (W.D. Pa. 2013) (citing *Wilkinson v. Austin*, 545 U.S. 209 (2005)). The Due Process Clause does not create "an inherent liberty interest to remain free from administrative segregation." *Washington-El*, 2013 WL 1314528 at *7. Only in rare instances does an extremely prolonged stay in administrative custody implicate a liberty interest because such a long period of confinement is atypical. *See Porter v. Pa. Dept. of Corrs.*, 974 F.3d 431, 449-50 (3d Cir. 2020) (holding that 33 years in solitary confinement implicated a due process liberty

interest in avoiding further solitary confinement); *Shoats v. Horn*, 213 F.3d 140, 143-44 (3d Cir. 2000) (holding that 8 years in solitary confinement in administrative custody with no prospect of immediate release was a protected liberty interest). In these rare instances, an "informal, nonadversary review at which the prisoner has the opportunity to state his views satisfies the requirements of due process." *Huertas v. Secretary Pa. Dept. of Corrs.*, 533 F.Appx. 64, 66-67 (3d Cir. 2013) (quoting *Shoats*, 213 F.3d at 144). If an inmate is in administrative custody, the inmate is afforded all process he is due by means of period program review committee hearings. *Shoats*, 213 F.3d at 145.

Here, Tucker spent only two and a half years in specialized units. SOMF at Exh. A. Tucker was placed in the RHU on August 1, 2019 and was released to general population on January 3, 2022. Id. This relatively short period of confinement on RRL does not implicate a due process interest. Tucker cannot produce competent admissible evidence he was not notified by Supervisory Defendants of his RRL placement or any opportunity to contest the placement. SOMF at ¶ 10(a)-(b). Additionally, Tucker alleges he was told that RRL status cannot be appealed, however he lacks competent admissible evidence to support this claim. Id. at ¶¶ 11, 11(a).

Tucker cannot produce competent admissible evidence he was not afforded the appellate procedures outlined in DC-ADM 802. Id. at ¶13. On December 26, 2019, Tucker was notified he was being placed on Administrative Custody ("AC) Status. Id. at ¶ 25. The following day, he was notified his placement on the RRL was approved through the central office. Id. at ¶ 26. The next week Tucker had an administrative hearing pursuant to DC-ADM 802. Id. at ¶ 27. During this hearing Tucker was afforded the opportunity to respond to the rationale for AC placement and chose to not respond. Id. at ¶¶ 28-29. Tucker was then notified of his ability to appeal to the Facility Manager. Id. at ¶ 30.

Further, Tucker cannot produce competent admissible evidence to establish the fact that he was not afforded reviews by the Program Review Committee. Id. at ¶31. Finally, Tucker cannot produce competent admissible evidence to establish that he suffered any injury as a result of his confinement on the RRL. Id. at ¶ 32. As such, summary judgment should be entered in favor of the Supervisory Defendants in regards to Tucker's Fourteenth Amendment claims.

## IV.  DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON TUCKER'S EIGHTH AMENDMENT CLAIMS

### a. Conditions of Confinement Claim Against Wetzel and Little

Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must take "reasonable measure" to guarantee inmate

17

safety from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To establish an Eighth Amendment conditions of confinement claim, Tucker must show: (1) he is incarcerated under conditions posing a substantial risk of serious harm; and (2) prison officials must have a "sufficiently culpable state of mind," which means deliberate indifference to that risk. *Farmer*, 511 U.S. at 834; *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

    i.    <u>Objective Prong</u>

As to the objective prong, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (quoting *Farmer*, 511 U.S. at 834). The Third Circuit has dismissed a conditions of confinement claim where the inmate spent fewer than five years in solitary confinement. *Green v. Coleman*, 575 F.Appx. 44 (3d Cir. 2014) (holding that placement for less than five years and failure to allege a deprivation of food or other "human need[s]" did not constitute a sufficiently serious deprivation). Further, only "extreme deprivations" are sufficient to make out a conditions of confinement claim. *Hudson v. McMillen*, 503 U.S. 1, 8-9 (1992). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but *only* when they have a mutually

enforcing effect that produced the deprivation of a *single, identifiable* human need such as food, warmth, or exercise." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (emphasis added). Additionally, without any evidence of actual harm to Tucker caused by the alleged conditions, such conditions do not rise to a constitutional deprivation. *Rodriguez v. Thomas*, 299 F.Supp.3d 618, 639 (M.D. Pa. 2018) (citing *Farmer*, 511 U.S. at 832). Further, placement on RRL, alone, does not violate the Eighth Amendment. *Booze v. Wetzel*, 2014 WL 65283 at \*11 (M.D. Pa. 2014).

Here, Tucker lacks competent admissible evidence to establish Supervisory Defendants deprived him of minimal civilized measure of life's necessities. Tucker alleges that since August 1, 2019, he has been subjected to: (1) 22-24 hour confinement; (2) isolation from all physical contact and interaction; (3) handcuffs whenever leaving his cell; (4) restraints when waiting for legal visits, video visits, or law library; (5) 24-hour illumination; (6) loud noises; (7) feces thrown by other inmates; (8) feces in cell; (9) denied cleaning supplies; (10) denied basic clothing; (11) second-hand exposure to OC Spray; (12) denied laundry service; (13) limited personal possessions; (14) and his only break from his cell is to go to the yard cage. SOMF at ¶ 33. In general, Tucker cannot produce competent admissible evidence to establish that any of these alleged conditions are extreme, nor that these conditions have a mutually enforcing effect that produces deprivation of a single human need.

Id. at ¶¶ 34-35. Additionally, Tucker lacks any competent admissible evidence that any of these conditions caused actual harm to him. Id. at ¶ 36.

To begin, Tucker claims he is being subjected to 22-24 hour confinement and his only break from his cell is to go to the yard cage. Id. This, absent significant deprivations, does not rise to the level of an Eighth Amendment claim as Tucker has been on the RRL for less than three years. *See Simon v. Wetzel*, 2018 WL 10230019 at *4 n.7 (W.D. Pa. 2018) (dismissing Eighth Amendment claim where inmate was confined in administrative on the RRL for five years); *see also Brown v. Nix*, 33 F.3d 951, 954-55 (8th Cir. 1994) (holding that nine years of administrative segregation, alone, was not sufficiently serious enough deprivation to establish an Eighth Amendment claim).

Second, Tucker claims he is isolated from all physical contact and interaction. SOMF at ¶ 33. The Supreme Court nor the Third Circuit has recognizes social interaction as a basic human need in the Eighth Amendment context. *Porter*, 974 F.3d at 457-58 (Porter, J., concurring in part and dissenting in part). This Court, amongst others, however has recognized *long-term* deprivation of social interactions. *See Johnson v. Wetzel*, 209 F.Supp.3d 766 (M.D. Pa. 2016) (36 years); *Shoatz v. Wetzel*, 2016 WL 595337 (W.D. Pa. 2016); *Ashker v. Brown*, 2013 WL 1435148 (N.D. Cal. 2013) (more than 20 years); *Wilkerson v. Stadler*, 639 F.Supp.

20

654 (M.D. La. 2007) (28 and 35 years). Here, however, Tucker was confined on RRL for less than three years, nowhere near the sort of significant deprivation needed to establish an Eighth Amendment violation.

Third, Tucker alleges handcuffs and restraints are used every time he leaves his cell. SOMF at ¶ 33. These sort of conditions "are simply concomitants of being removed from general population" which no defendant can be liable for. *Crews v. Wetzel*, 2018 WL 6249926 at *1.

Tucker also alleges he is subjected to 24-hour illumination. SOMF at ¶ 33. "Continuous lighting has been held to be permissible and reasonable in the face of legitimate penological justifications, like the need for security and the need to monitor prisoners." *Huertas*, 533 F.Appx. at 67 (citing *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987); *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Tucker lacks competent admissible evidence the lights were kept on continuously, let alone if they were on for an impermissible reason. Additionally, Tucker lacks competent admissible evidence the illumination has caused any actual harm to him.

Tucker next alleges he is subjected to loud noises, inmates throwing feces, and feces in the cells. SOMF at ¶ 33. "While undoubtedly unpleasant, the majority of these circumstances [loud noises, throwing feces] appear to be typical of conditions in restricted custody." *McClintic v. Pa. Dept. of Corrs.*, 2013 WL

21

5988956 at *12 n. 23 (E.D. Pa. 2013); *Whitney v. Wetzel*, 649 F.Appx. 123 (3d Cir. 2016) (allegation that banging on toilets and sinks in the RHU caused excessive noise prevented plaintiff from sleeping and exposure to inmates throwing urine and feces does not meet the objective criteria of conditions of confinement claim); *Jordan v. N.J. Dept. of Corrs.*, 881 F.Supp. 947, 954-55 (D. N.J. 1995) (excessive noise does not violate the Eighth Amendment unless it is one part of overall deplorable living conditions). Tucker lacks competent admissible evidence he was subjected to loud noises and feces. Similarly, Tucker lacks competent admissible evidence the loud noises and feces caused him any actual harm.

Tucker also alleges he is denied cleaning supplies. SOMF at ¶ 33. "[C]ertain unsanitary conditions, while uncomfortable or unpleasant, may not rise to the level of sufficiently serious or punitive in nature to state a plausible claim." *Chapolini v. City of Philadelphia*, 2022 WL 815444 at *14 (E.D. Pa. 2022) (citing *Thomas v. SCI-Graterford*, 2014 WL 550555 at *4, 5 (E.D. Pa. 2014) (concluding that denial of cleaning supplies for two-weeks was insufficiently serious to satisfy objective component of conditions of confinement claim). Tucker lacks competent admissible evidence he was denied cleaning supplies and that this lack caused him any actual harm.

22

Tucker additionally alleges he was denied clothing, such as socks, underwear, and undershirts, and denied laundry services. SOMF at ¶ 33; Doc. 1 at ¶ 62(h). "While prisons are certainly required to provide inmates with adequate clothing, no specific items of clothing are constitutionally required." *Castro v. Chesney*, 1998 WL 767467 at *13 (E.D. Pa. 1998) (citing *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992); *Chandler v. Baird*, 926 F.2d 1057, 1063 (11th Cir. 1991)). "[L]aundry service is not one of the basic needs required under *Farmer*." *Liles v. Camden County Dept. of Corrs.*, 225 F.Supp.2d 450, 461 (D. N.J. 2002). Even the denial of clean clothes is not a basis for an Eighth Amendment claim. *Walker v. Sorber*, 2022 WL 4586137 at * 6 (E.D. Pa. 2022) (*citing Liles*, 225 F.Supp.2d at 461). Tucker lacks competent admissible evidence he was denied any clothing or endured any actual harm from a lack of clothing. Additionally, there is no indication how many times Tucker was denied laundry, and a few occasions is not enough to establish an Eighth Amendment violation. *Germany v. Briggs*, 2021 WL 625229 at *5 (M.D. Pa. 2021) (*citing Miller v. Trometter*, 2012 WL 5933015 at *10 (M.D. Pa. 2012)).

Next, Tucker alleges he was subjected to second-hand exposure to OC Spray. SOMF at ¶ 33. Tucker cannot produce competent admissible evidence he was ever subjected to second-hand exposure to OC spray. Additionally, Defendants have qualified immunity in regards to this claim. Qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate

23

clearly established statutory or constitution rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Here, there is precedent for granting qualified immunity regarding the second-hand exposure to OC Spray. *See Cummings v. Weller*, 2023 WL 8935239 (M.D. Pa. 2023); *Rivera v. Redfern*, 2023 WL 2139827 (M.D. Pa. 2023); *Stroman v. Wetzel*, 2020 WL 1531325 (M.D. Pa. 2020). Here, Tucker merely alleges that unidentified SCI Rockview and SCI Phoenix staff deployed OC Spray on other inmates in proximity to Tucker. Doc. 1 at ¶ 62(i). Tucker does not have competent admissible evidence to show Defendants violated a clearly established right by unidentified staff exposing him to OC Spray and thus Defendants are entitled to qualified immunity.

Lastly, Tucker claims he is being limited in the amount of personal property he can have. SOMF at ¶ 33. Such limitation does not rise to the level of an Eighth Amendment violation. *See Jackson v. Mason*, 2023 WL 3727251 at *10 (M.D. Pa. 2023) ("loss or destruction of [Plaintiff's] personal property do not give rise to a viable Eighth Amendment claim."); *Durham v. Dep't of Corrs.*, 173 F.Appx. 154, 156 (3d Cir. 2006) (unpublished) (guards seizing property does not give rise to an Eighth Amendment claim); *Thomas v. New Mexico Corr. Dept.*, 272 F.Appx. 727, 729-30 (10th Cir. 2008) (unpublished) (deprivation of personal belongings was "not sufficiently grave to rise to the level of an Eighth Amendment violation").

24

These several conditions, even when considered "in combination" do not establish an Eighth Amendment violation as they do not go to a "single, identifiable human need." *Wilson*, 501 U.S. at 304. Additionally, Tucker lacks competent admissible evidence regarding the personal involvement of Defendants in these conditions. Similarly, Tucker lacks competent admissible evidence these conditions caused actual harm to him. *Rodriguez*, 299 F.Supp.3d at 639 (citing *Farmer*, 511 U.S. at 832).

As such, Summary Judgment should be entered in Defendants' favor for the Eighth Amendment conditions of confinement claim.

ii.    Subjective Prong

A prison official cannot be found liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the facts which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837-38; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *Bistrian v. Levi*, 696 F.3d 352, 367-68 (3d Cir. 2012). Here, Tucker lacks competent admissible evidence Supervisory Defendants were aware of any allegedly unreasonable risk that Tucker's rights may be violated (SOMF at ¶¶ 37-38), nor that Supervisory Defendants were indifferent to such a risk (Id. at ¶¶ 39-40), or that an

25

injury actually resulted. *Reaves v. Rossman*, 2022 WL 18539772 at *4 (M.D. Pa. 2022), *report and recommendation adopted* 2023 WL 1348508 (M.D. Pa. 2023) (citing *Doneker v. Cty. of Bucks*, 2014 WL 2586968 at *7-11 (E.D. Pa. 2014).

Additionally, in evaluating the subjective prong, courts should also consider whether officials "had legitimate penological purpose" behind their conduct. *Ricks v. Shover*, 891 F.3d 468, 475 (3d Cir. 2018). Here, Supervisory Defendants had a legitimate penological purpose for both placing and keeping Tucker on the RRL. SOMF at ¶¶ 41-42. At the time of his placement on the RRL, Tucker had received three (3) misconducts for assault, which resulted in other inmates needing medical care. Id. at ¶¶ 41(a), 41(a)(i). These assaults were sufficient to place Tucker on the RRL. Id. at ¶ 41(b). Following his placement on the RRL, Tucker was then issued a misconduct for threatening an employee or their family. Id. at Exhibit K. Thus, Wetzel had a legitimate penological purpose for keeping Tucker on the RRL. Id. at ¶ 42. As such, Tucker's Eighth Amendment claim against Defendants must be dismissed.

### b. Excessive Force and State Law Assault and Battery Claim Against Kimberley

Tucker generally alleges that Defendant Kimberly: (1) physically abused and assaulted him during and after his suicide attempt on April 27, 2020; and (2)

activated the Remotely Activated Custody Control ("RACC") belt Tucker was wearing while he was in the hospital following his suicide attempt. Id. at ¶ 43.

To determine whether a prison official has used excessive force, the court must consider the following factors: "(1) 'the need for application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials based on the basis of the facts known to them'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

As to the state law assault and battery claim, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done." *Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994). Defendant Kimberley is entitled to sovereign immunity regarding this state law claim. *See* 1 Pa.C.S. § 2310. The General Assembly has specifically identified nine limited exceptions to sovereign immunity[2], none of which apply here. There is no waiver of sovereign immunity for

---

[2] (1) vehicles in the possession or control of a Commonwealth party; (2) acts of health care employees of Commonwealth agency medical facilities or institutions; (3) the care, custody, or control of personal property; (4) a dangerous condition of

intentional torts. *Wilson v Marrow*, 917 A.2d 354 (Pa. Cmwlth. 2007); *Pickering v. Sacavage*, 642 A.2d 555 (Pa. Cmwlth 1994). This includes the intentional torts of assault and battery. *Ortiz v. Beard*, 2013 WL 1290555 at *9 (W.D. Pa. 2013). As such, Tucker's assault and battery claim should be dismissed.

Substantively, Tucker cannot produce any competent admissible evidence to establish the fact that Kimberley used excessive force against him on April 27, 2020. SOMF at ¶ 44. Tucker's suicide attempt was on April 27, 2020 at approximately 8:40 a.m. Id. at ¶ 44(a). Defendant Kimberley did not work until 2:00PM that same day. Id. at ¶ 44(b).

Further, Tucker cannot produce any competent admissible evidence to establish the fact that Kimberley activated the RACC belt while Tucker was wearing the belt in the hospital. Id. at ¶ 45. In fact, Defendant Kimberley has never activated the RACC belt while working at SCI Rockview. Id. at ¶ 45(a).

As Tucker cannot produce any competent admissible evidence to establish that Kimberley used excessive force against him (Id. at ¶ 46), intentionally attempted to injure Tucker by force (Id. at ¶ 47), nor that Kimberley intentionally injured

---

Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines.

Tucker by force (Id. at ¶ 48), Tucker's excessive force claim and assault and battery claim must be dismissed.

**V.    SUPERVISORY DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON TUCKER'S FIRST AMENDMENT RIGHT TO MARRY CLAIM**

Tucker generally alleges DC-ADM 821 prevents him from getting married due to him being on the RRL. Id. at ¶ 7. While Tucker raises this claim under the First Amendment, there is no right to marriage under the First Amendment. *See Zablocki v. Redhail*, 434 U.S. 374, 384 (1978) (the right to marry is under the "right of privacy" implicit in the Fourteenth Amendment's due process clause). "The right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration." *Turner*, 482 U.S. at 95.

The ripeness doctrine is used to "determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (citing *Phila. Fed'n. of Teachers, Am. Fed'n of Teachers, Local 3, AFL-CIO v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998) and *Abbott Labs v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99, 105 (1977)). In determining whether a case is ripe, the Court must examine: "(1) 'the fitness of the issues for

29

judicial decision,' and (2) 'the hardship to the parties of withholding court consideration.'" *Peachlum*, 333 F.3d 433-34 (citing *Abbott Labs*, 387 U.S. at 149).

"[A] potential harm that is 'contingent' on a future event occurring will likely not satisfy the [adversity of interest] prong of the ripeness test." *Pittsburgh Mack Sales & Serv., Inc. v. Int'l. Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (citing *Step-Saver Data Systems, Inc. v. Wyse Tech.*, 912 F.2d 643, 647-48 (3d Cir. 1990)). Here, Tucker lacks competent admissible evidence he ever requested, let alone was denied, a marriage. SOMF at ¶¶ 8-9. Additionally, Tucker lacks competent admissible evidence there is a "substantial threat of real harm that [has remained] through the litigation." *Zubik v. Sebelius*, 911 F.Supp.2d 314, 325 (W.D. Pa. 2012) (citing *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir. 1994). As such, Defendants are entitled to summary judgment on Tucker's First Amendment claim.

## VI. TUCKER CANNOT ESTABLISH ANY BASIS FOR DAMAGES

Should the Court determine Tucker did properly exhaust and his claims may proceed on the merits, Defendants are nonetheless entitled to summary judgment on the requested relief.

30

### a. Compensatory Damages

For Tucker to withstand summary judgment on his request for compensatory damages, he need to produce competent, admissible evidence showing he suffered some compensable injury. *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) (citing *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 308-310 (1986)) (compensatory damages may only be awarded in § 1983 actions "to compensate for actual injury suffered as a result of the violation of a constitutional right"). Importantly, "certain absolute rights may be vindicated by an award of nominal damages in the absence of any showing of injury warranting compensatory damages.

Under the PLRA, 42 U.S.C. § 1997e(e), compensatory damages are only available for actual injuries: when the only injury is mental and/or emotional, proof of physical injury is required. *Allah*, 226 F.2d at 250. Absent actual injury, only nominal damages are available, and only to make a symbolic point that the plaintiff was wronged and that society demands that constitutional rights be scrupulously observed. *See Carey v. Piphus*, 435 U.S. 248, 266-67 (1978).

Also, an inmate plaintiff is not entitled to recover damages for pain, emotional distress or mental anguish suffered as a result of the defendant's conduct unless he proves that he suffered an actual physical injury as a result of the defendants conduct. *Mitchell*, 318 F.3d at 533; *Allah*, 226 F.3d at 250-51.

31

### b. *Punitive Damages*

The imposition of punitive damages requires "conduct… motivated by evil motive or intent, or … inolve[ing] reckless or callous indifference to the federally protected rights of others." *Allah*, 226 F.2d at 251-52. This is because the purpose of punitive damages is "to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Id.* In order for punitive damages to be available, a plaintiff must have shown that the defendant engaged in callous, reckless, or reprehensible behavior of a sort that calls for deterrence or punishment so as to justify consideration of punitive damages. *Small v. Wetzel*, 528 F.Appx. 202, 210 (3d Cir. 2013) (citing *Keenan v. City of Philadelphia*, 983 F.2d 459, 469-70 (3d Cir. 1992) (punitive damages must be "reserved for special circumstances")).

Each of these damages principles are critical here, and dispositive of Tucker's claims for monetary damages as, even with the opportunity for discovery, Tucker remains unable to produce any competent admissible evidence for actual compensatory injury. The Court should thus grant Defendants' summary judgment on Tucker's claims for monetary damages even if it concludes a genuine issue of material fact is present with respect to Tucker's other claims.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request the Court GRANT their motion for summary judgment under Fed.R.Civ.P. 56.

Respectfully submitted,

**MICHELLE A. HENRY**
Attorney General

By:    *s/ Tyler Jefferies*
**TYLER JEFFERIES**
Deputy Attorney General
Attorney ID 330225

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 941-0376

tjefferies@attorneygeneral.gov

Date:  March 14, 2024

**KAREN M. ROMANO**
Chief Deputy Attorney General
Civil Litigation Section

*Counsel for Defendants*

33

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HASSAN A. TUCKER,     :
      Plaintiff :  No. 1:22-CV-0631
          :
   v.      :  Judge Conner
          :
JOHN E WETZEL, GEORGE :  Electronically Filed Document
LITTLE, CORRECTIONAL *and* :
OFFICER KIMBERLEY,  :  *Complaint Filed 04/29/22*
          :
     Defendants :

## **CERTIFICATE OF COMPLIANCE**

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that the foregoing Brief in Support of Motion to Dismiss complies with the Content and Length requirements as requested in Defendants' Motion to File an Enlarged Brief, with reliance upon the word count feature of the system used to prepare this brief, that the foregoing filing is comprised of thirty-three pages and less than 7000 words.

         By: *s/ Tyler Jefferies*
           **TYLER JEFFERIES**

Office of Attorney General   Deputy Attorney General
15th Floor, Strawberry Square  Attorney ID 330225
Harrisburg, PA 17120
Phone: (717) 941-0376    **KAREN M. ROMANO**
           Chief Deputy Attorney General
tjefferies@attorneygeneral.gov  Civil Litigation Section

Date: March 14, 2024    *Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No.  1:22-CV-0631 |
| | : | |
| v. | : | Judge Conner |
| | : | |
| JOHN E WETZEL, GEORGE | : | Electronically Filed Document |
| LITTLE, CORRECTIONAL *and* | : | |
| OFFICER KIMBERLEY, | : | *Complaint Filed 04/29/22* |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on March 14, 2024, I

caused to be served a true and correct copy of the foregoing document titled

Defendants' Brief in Support of Motion for Summary Judgment to the following:

**VIA U.S. MAIL**

Smart Communications/PADOC

Hassan A. Tucker, GP-6788
SCI Mahanoy
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*


   *s/ Tyler Jefferies*
**TYLER JEFFERIES**
Deputy Attorney General