# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | No. 1:22-CV-0631 |
| | : | |
| v. | : | Judge Mannion |
| | : | |
| WETZEL, et al., | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 04/29/22* |
| Defendants | : | |

## DEFENDANTS' BRIEF IN OPPPOSITION TO PLAINTIFF'S REQUEST TO REOPEN DISCOVERY

Defendants, by and through counsel, hereby submit the following brief in opposition of Plaintiff's request to reopen discovery.

                Respectfully submitted,

                DAVID W. SUNDAY, JR.
                Attorney General

By:   *s/ Samantha C. Whipple*
      Samantha C. Whipple
      Deputy Attorney General
      Attorney ID 335573

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-8106

      NICOLE R. DITOMO
      Chief Deputy Attorney General
      Civil Litigation Section

swhipple@attorneygeneral.gov

Date: January 23, 2025       Counsel for Defendants

I. **INTRODUCTION**

In response to Plaintiff's motion to reopen discovery on January 17, 2025 (Doc. 60), Defendants write this brief in opposition to Plaintiff's request in this matter.

This matter has been pending since April 29, 2022 when Plaintiff first filed his Complaint. (Doc. 1) After Defendants' motion to dismiss filed on August 10, 2022 (Doc. 17), this Court granted in part, and denied in part that motion on January 19, 2023. (Doc. 23) Defendants then filed Answer and Affirmative Defenses on August 4, 2023. (Doc. 31) Pursuant to Local Rule 26.4, "[i]n the absence of a discovery deadline set forth in a court order, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party." Moreover, this Court explicitly set an end date for discovery, November 30, 2023. (Doc. 28) Based upon this Court's discovery end date, discovery concluded over four hundred (400) days ago.

II. **PROCEDURAL HISTORY AND RELEVANT STATEMENT OF FACTS**

Plaintiff, Hassan Tucker ("Tucker") is a *pro se* Plaintiff, currently incarcerated by the Pennsylvania Department of Corrections ("DOC"), who commenced this § 1983 action on April 29, 2022. (*See* Doc. 1) Following the disposition of Defendants' motion to dismiss, Eighth Amendment Cruel and Unusual Punishment claim against Defendants Wetzel and Little ("Supervisory Defendants"), Fourteenth Amendment Due Process claim against Supervisory Defendants, First Amendment Right to

Marry claim against Supervisory Defendants, and Eighth Amendment Excessive Force claim against Defendant Kimberley are the only surviving claims. (Doc. 23)

On February 29, 2024, Defendants filed a Motion for Summary Judgment and Statement of Material Facts. (Docs. 37-38) The Court granted in part and denied in part Defendants' Motion for Summary Judgement on July 15, 2024, leaving the sole surviving claim in this case, Eighth Amendment Deliberate Indifference. (Doc. 49-50) On September 3, 2024, counsel for Plaintiff entered her appearance. (Doc. 54) Plaintiff now attempts to reopen discovery, to which Defendants file this brief in opposition.

### III. ISSUES PRESENTED

A. Whether Plaintiff's request to reopen discovery should be denied because he has failed to provide "good cause"?

B. Whether Plaintiff's request to reopen discovery should be denied because it is untimely?

C. Whether Plaintiff's request to reopen discovery should be denied because the requests are irrelevant, overly broad, and cause undue delay?

*Suggested Answer: Yes.*

V. **ARGUMENT**

A. Plaintiff Has Not Shown Good Cause To Reopen Discovery

First and foremost, in order alter a Court's scheduling order, in this case, reopen discovery, Plaintiff needs to show "good cause." Fed. R. Civ. Pro. 16(b)(4). Plaintiff has failed to establish such. Specifically, when determining to reopen discovery, the Court will look at three (3) factors, including "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors the trial court, in its discretion, determines to be relevant." *Cramer v. Kerestes*, No. 3:15-CV-1360, 2020 WL 1233630, at *2 (M.D. Pa. Mar. 13, 2020) Up until Plaintiff received counsel on September 3, 2024 (Doc. 54), Plaintiff had not requested any extension of discovery, or filed any motion to compel the discovery that is now being sought in this case.

While Plaintiff asserts that he was "diligent" until his appointment of counsel (Doc. 60, pg. 4), such argument is insufficient to establish "good cause." It has been well established that retaining counsel, alone, does not establish the "good cause" required to re-open discovery. *Cramer v. Kerestes*, No. 3:15-CV-1360, 2020 WL 1233630, at *3 (M.D. Pa. Mar. 13, 2020); *Trask v. Olin Corp.*, 298 F.R.D. 244, 268 (W.D. Pa. 2014)("Retaining new counsel, by itself, does not establish good cause.") Therefore, the mere fact that Plaintiff has now retained

counsel, or the fact that he was *pro se* prior to retention of counsel, is not sufficient to show "good cause" for the reopening of discovery.

    B. <u>Plaintiff's Discovery Request Is Untimely</u>

Plaintiff's request, now, to reopen discovery is untimely. "[W]here a party has submitted an untimely discovery request, the court can, and in the exercise of its discretion often should, refuse to compel compliance with that request." *See Cramer v. Kerestes*, 2020 WL 1233630, at *2 (M.D. Pa. March 13, 2020) (Carlson, J.) (quoting *Maslanka v. Johnson & Johnson*, 305 F. App'x 848, 854 (3d Cir. 2008) (affirming denial of *pro se* litigant motion to compel where discovery demands were untimely), and citing *Oriakhi v. United States*, 165 F. App'x 991, 994 (3d Cir. 2006) (same), and *Bull v. United States*, 143 F. App'x 468, 470 (3d Cir. 2005) (same), and *Njos v. United States*, 2015 WL 5227838, at *2 (M.D. Pa. Sept. 8, 2015). "Motions to compel discovery must be filed within the time allowed for discovery itself." *Design Basics, LLC v. MTF Assoc., Inc.*, 2019 WL 1405290, at *6 (M.D. Pa. March 28, 2019) (Kane, J.)

Discovery in this matter has been closed for approximately one year and one month. During the period following the closure of discovery there was no concern from Plaintiff in regards to discovery, until now. Notwithstanding that fatality, Plaintiff retained counsel as early as September 3, 2024 (Doc. 54), and provides no explanation as to this four (4) months delay in requesting discovery to be reopen.

Thus, for this additional reason, Plaintiff again fails to establish "good cause" to reopen discovery as the request is untimely.

### C. Plaintiff's Discovery Requests Are Irrelevant, Overly Broad, And Create An Undue Delay In The Resolution Of This Case.

Despite Plaintiff's failure to establish good cause, and timely file such request, this case is awaiting a trial scheduling date. Now in the beginning stages of preparing for trial, any such additional discovery *would* now be unduly prejudicial to Defendants and set this case back in time, pushing resolution of this matter even farther. *Klatch-Maynard v. Sugarloaf Twp.,* No. 3:06-CV-0845, 2011 WL 2006424, at *4 (M.D. Pa. May 23, 2011) ("Reopening discovery when trial is imminent would disrupt the orderly and efficient trial of this already protracted litigation."). Additionally, the parties are required to exchange pretrial disclosures pursuant to Federal Rule of Civil Procedure 26. As such, the parties will be required to identify and produce any document it will use to support their case at trial. Fed. R. Civ. P 26(3).

While Plaintiff asserts that his discovery requests are "very narrow and specific" (Doc. 60, at pg. 3), Defendants find that to be untrue according to the actual requests presented in Plaintiff's Exhibit A. (Doc. 60-1, Exh. A, pg. 8) As such, Defendants discuss each of the ten (10) discovery requests in turn.

Requests That Are Irrelevant Or Overly Broad

The majority of Plaintiff's requests pertain to the request of documents that are either irrelevant to the narrow remaining claim against the Defendants, or, is overly broad. In requests 2, 3, 4, 5, 6, 7, 8, and 10, Plaintiff requests documents that concern his, cumulative adjustment record, records within his DC-15 file[1], Program Review Committee decisions and DC-141 documents, documents involving the decision to place Plaintiff on the Intensive Management Unit (IMU), documents involving reviews and decision forms regarding Plaintiff's Restricted Release List (RRL) placement, all Extraordinary Occurrence Reports Plaintiff received during incarceration, Plaintiff's Sentence Summary, and detailed documents involving Plaintiff's self-harm history. (Doc. 60-1, Exh. A, pg. 8) With respect to these requests, they are irrelevant and overly broad for the purposes of the Eighth Amendment Deliberate Indifference Claim against Defendants.

First and foremost, these requests are not "narrow and specific" as Plaintiff expresses in his brief, and are, in fact, quite broad and generalized. (Doc. 60, at pg. 3) Every single request specifies "all" before each request, not only does this request sweep broadly, such production of "all" documents is irrelevant and

---

[1] [11] It should be noted that Plaintiff's DC-15 alone would include hundreds of pages of irrelevant documents such as, but not limited to: his sentence status summary, work and quarters assignment record, pre-sentence investigations, and court histories.

cumulative in regards to the claim before this court. (Doc. 60-1, Exh. A, pg. 8) Even more specifically, request 7 requests "all Extraordinary Occurrence Reports involving Hassan Tucker during his incarceration in the PA DOC." (Doc. 60-1, Exh. A, pg. 8) Not only are all of these Extraordinary Occurrence Reports irrelevant to the sole issue of Defendants alleged deliberate indifference to Plaintiff's placement on the RRL, such request is overly broad in that it requires production for all the years that Plaintiff has been incarcerated.

Secondly, such requests are "'precisely the kinds of sweeping, generalized and overly broad requests' that are regularly rejected as, not only overly broad, but also unduly infringing upon the privacy interests of other inmates who may have sought to grieve unrelated issues that they had with staff." *Torres v. Harris*, No. 4:17-cv-1977, 2019 WL 265804 (M.D.Pa. Jan. 18, 2019); *accord Williams v. Wetzel,* No. 1:17-cv-79, 2019 WL 1206061 (M.D. Pa. Mar. 14, 2019); *Allen v. Eckard*, No. 1:17-cv-996, 2019 WL 1099001 (M.D.Pa. Mar. 8, 2019)."

Defendants request that requests 2, 3, 4, 5, 6, 7, 8, and 10 be denied because they are overly broad and irrelevant in this matter.

Requests That Are Cumulative

Plaintiff requests documents that have already been produced. In request 1 Plaintiff requests "all documents referenced or relied upon in drafting Defendants' Motion for Summary Judgment." (Doc. 60-1, Exh. A, pg. 8) Defendants assert that

this request is repetitive as Plaintiff's counsel has already received the exhibits Defendants submitted with their Motion for Summary Judgment. The fore mentioned exhibits were produced via email on November 7, 2024. That production included; a copy of the confidentiality agreement, an RRL vote sheet, an April 27, 2020 roster, an April 28, 2020 roster, an April 29, 2020 roster, an April 30, 2020 roster, and Plaintiff's medical records. A true and correct copy of this email, is attached hereto as Exhibit A.

  To the extent that counsel is requesting additional exhibits that were "referenced or relied upon in drafting," those documents are privileged documents as attorney work product documents and are therefore, not recoverable. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative. . .[b]ut, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A) Accordingly, Plaintiff has not shown a substantial need for the documents Defendants used for "drafting" their motion for summary judgment, nor has he shown that he would suffer an undue hardship to find the documents by another route.

Additionally, in reference to Plaintiff's request 6, "All documents pertaining to any decision to place or retain Mr. Tucker on the Restricted Release List (RRL), including initial placement vote sheets, decision forms, and any accompanying security or psychological reviews, and all annual or other reviews of his RRL status," such documents regarding the vote sheets were produced to counsel in the above- mentioned email on November 7, 2024. (*See*, Exh. A) As to the other documents in this request, Defendants again assert that such documents are irrelevant to the claim in this case as they have no probative value to Eighth Amendment Deliberate Indifference claim against the Defendants.

Defendants ask that request 1 and 6 be denied because such production would be cumulative.

Request 9

Plaintiff's ninth request consists of "[a]ll policies, handbooks, procedures manuals, or other directives pertaining to the administration of the IMU at SCI Phoenix, including documents of general statewide applicability and any documents specific to SCI Phoenix." (Doc. 60-1, Exh. A, pg. 8) Defendants assert that not only is this request is overly broad, despite Plaintiff's statement in his motion, it is not "very narrow and specific" (Doc. 60, at pg. 3), it is also irrelevant.

In regards to the unspecific request Plaintiff asserts, the Department of Corrections has dozens of policies, directives, handbooks, rules, and manuals.

Additionally, each of those documents potentially contain multiple pages, to the extent that counsel wants specific "policies, procedures, manual, or directives pertaining to the administration of the IMU at SCI Phoenix," counsel would need to narrow the request to the specific information and policy that is being sought.

Secondly, while this request is over broad, Defendants note that a production of these types of documents is unwarranted by Defendants, as counsel can retrieve any DOC policy on their own accord from the DOC website which can be found at LINK: https://www.pa.gov/agencies/cor/about-us/doc-policies.html.

To the extent that counsel is unable to retrieve the specific request from the DOC's website, Defendants' would ask that if discovery were to be reopen, which Defendants strongly oppose, Plaintiff specify the policy or directive being sought and narrow the request. However, since this request is overly broad and can be retrieved by counsel, request 9 should be denied.

Defendants ask that request 9 be denied because such request can be obtained through counsel's own efforts.

## VI.     CONCLUSION

For the reasons contained in this brief, Defendants ask that this Court deny Plaintiff's motion to reopen discovery as Plaintiff has failed to establish good cause, was untimely, and the requests presented are not only overly broad and

irrelevant, but also cumulative. Should the Court determine that good cause has been shown and discovery should be reopened, Defendants request that discovery be reopened for both parties and that the parties be allowed to refile summary judgment following the closure of the newly reopened discovery period.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| HASSAN A. TUCKER, | : | | |
| Plaintiff | : | No. 1:22-CV-0631 | |
| | : | | |
| v. | : | Judge Mannion | |
| | : | | |
| WETZEL, et al., | : | Electronically Filed Document | |
| | : | | |
| | : | *Complaint Filed 04/29/22* | |
| Defendants | : | | |

## CERTIFICATE OF SERVICE

I, Samantha C. Whipple, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on January 23, 2025, I caused to be served a true and correct copy of the foregoing document titled *Defendants' Brief in Opposition to Plaintiff's Request to Reopen Discovery* to the following:

**VIA ECF**

Nia Holston, Esq.
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
Nia@alcenter.org
*Counsel for Plaintiff*

**VIA ECF**

Bret Grote, Esq.
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
bretgrote@abolitionistlawcenter.org
*Counsel for Plaintiff*

    *s/ Samantha C. Whipple*
**Samantha C. Whipple**
Deputy Attorney General