IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER | : | CIVIL ACTION NO. 1:22-CV-631 |
| | : | |
| | : | |
| | : | |
| | : | |
| -V- | : | ELECTRONICALLY FILED |
| | : | |
| JOHN E. WETZEL, *et al.,* | : | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO REOPEN DISCOVERY**

Defendants misrepresent the Plaintiff's position, the authorities on which they rely, and the procedural history of this case. *See generally* Defs.' Resp. ECF No. 62. Therefore, Plaintiff respectfully submits this reply brief in further support of his motion to reopen discovery (ECF No. 61). For the reasons explained in Mr. Tucker's brief (ECF No. 61) and the additional reasons provided here, the Court should grant his Motion to Reopen Discovery and deny Defendants' request to refile for summary judgment.

*First*, Mr. Tucker was diligent in informing Defendants' that he expected to file a motion to reopen discovery if mediation was not successful. The parties consented to mediation on August 5, 2024 (ECF No. 51 and No 51), when Mr. Tucker was still representing himself *pro se*. The Court issued an Order referring this case to mediation on August 12, 2024 (ECF No. 53). Counsel for Mr. Tucker came to the mediation on November 25, 2024 prepared to engage in good faith negotiations towards a just resolution in the case. On that date, counsel for Mr. Tucker also verbally informed Defendants at the mediation that they planned to file a motion to reopen the discovery period if a settlement could not be reached. Therefore, Defendants statement that

counsel "provides no explanation as to this four (4) months delay in requesting discovery to be reopen (sic)" (Defs. Resp. at 5) is inaccurate, as Defendants are aware that the mediation period overlapped with this "four-months."

Further, in its July 15, 2024 Order on Defs. Motion for Summary Judgment, the Court indicated that "(i)f the case is not resolved through mediation, the court will schedule an evidentiary hearing to determine whether defendants can satisfy the affirmative defense of failure to exhaust administrative remedies." (ECF No. 50). The Court was informed that mediation was unsuccessful, but has not scheduled an evidentiary hearing or further scheduling order. Therefore, the period between the close of mediation and when this motion was filed was timely.

***Second***, the Defendants are not prejudiced by the Motion to Reopen Discovery. This case has not been set for trial. *See Trask v. Olin Corp*. 298 F.R.D. 244, 270 (W.D. Pa. 2014). Defendants claim they are "in the beginning stages of preparing for trial." Defs. Resp. at 6. As previously noted, however, the Court announced its intention to schedule an evidentiary hearing on the issue of exhaustion of administrative remedies, which has not yet occurred. It strains credulity to believe that Defendants have already begun preparing for a trial with no scheduled date, when the Court already noted that another evidentiary hearing is to take place prior to any trial.

Moreover, Defendants have filed three motions for extension of time throughout the pendency of this litigation. *See* ECF No. 15; ECF No. 29; ECF No. 35. *See also Inline Connection Corp. v. AOL Time Warner Inc.*, 237 F.R.D. 361, 365 (D.Del. 2006) (determining that prior amendments to the court's scheduling order tended to establish good cause.)

Additionally, Defendants cite to *Klatch-Maynard v. Sugarloaf Twp*., No. 3:06-CV-0845, 2011 WL 2006424, at *4 (M.D. Pa. May 23, 2011), but plainly ignore the facts of the case that

easily distinguish it from this one. First, the central issue in *Klatch-Maynard* was a pending motion in limine to exclude expert witness testimony, not a motion to reopen discovery which is subject to different standards than the matter pending before this Court. In that case, the Plaintiffs filed a Pretrial Memorandum one week before a scheduled pretrial conference listing the names of several expert witnesses they expected to call at trial. *Klatch-Maynard* at 1-2. Because Plaintiffs had not provided any expert reports in the time required by the Court's scheduling order, Defendants filed a motion in limine seeking to exclude their expert testimony. Thus, the Court found that Defendants in that case would be prejudiced as "Plaintiffs' desire to file expert reports on the eve on trial prejudices Defendants' ability to prepare their case for trial and gives Plaintiffs a tactical advantage." *Klatch-Maynard* at 3. This is simply not the case here.

***Third***, Defendants ignore our arguments with respect to the good cause requirement for the narrow and relevant discovery requests. There exists good cause not only because Mr. Tucker represented himself pro se, but because he was diligent in making many of these same requests during the open discovery period – and Defendants denied these requests because of his incarceration status. Mr. Tucker submitted 43 discovery requests in 2023—he requested his complete inmate file, his DC 141s, policies related to his placement in level 5 housing, RRL placement vote sheets and approval packets, among other documents. It is not merely the fact that he was pro se prior to the retention of counsel that creates good cause, it is that he requested and was entitled to these documents during the open discovery period.

Defendants cite to *Trask v. Olin Corp..*, 298 F.R.D. 244 (W.D. Pa. Mar. 4, 2014) as justification for their proposition that the discovery period should not be reopened. However, in *Trask*, the Court found that good cause to reopen discovery existed where any delay in seeking an extension was caused in large part by the actions of the Defendants. In *Trask*, the Court found

that discovery was "hampered by both misleading statements from [Defendants'] counsel and the practical difficulties obtaining the information outside of discovery." *Id*., at 269. Here, discovery was hindered by Defendants not producing discovery in response to Plaintiff's requests based solely on his incarceration status,

  ***Fourth***, the discovery requested is not overly broad, and is plainly relevant to the case. The document requests seek information contained within Plaintiff's own institutional records. Plaintiffs should be entitled to a complete version of their own institutional records when litigating an Eighth Amendment claim, rather than the excerpted version that prison officials have deemed most relevant. Such information is relevant for both the liability and damages phases of trial. In *Harcum v. Leblanc*, 268 F.R.D. 207, 210 (E.D. Pa. 2010), the Court found for the plaintiff ("(B)ecause the medical records are limited to Plaintiff's time at the prison, it is hard to envision how the request could be overbroad. On the other hand, it is easy to envision how Plaintiff's medical records could lead to the discovery of admissible evidence.") Here, the institutional records which are kept in the ordinary course of business by Defendants are plainly relevant to this matter. Moreover, Counsel for the Plaintiff have sought and obtained the DC-15, PRC/DC-141 documents, and 16Es from basic record requests for people independent from any litigation. DC-15's contain classification data, risk assessments, institutional transfer information, adjustment records, and programmatic information regarding incarcerated persons in level 5 custody. Extraordinary Occurrence Report's contain information on any incidents involving an incarcerated person that require an immediate or timely response, including incidents of self-harm, uses of force, or suicide attempts. These documents are plainly relevant because they inform the security rationale and subjective experience of Mr. Tucker's time in solitary, which is in part shaped by his history in the Pennsylvania Department of Corrections.

Though the DOC maintains a list of all of its policies on its website, not all of the policies are available online, contrary to what Defendants suggest. Counsel for the Plaintiff is aware of confidential policies that exist that are not maintained on the website and are therefore requested here. Critically, for example, the policy governing the administration of the housing units in this case, the 6.5.1 policy, is confidential and not available online. Additionally, the DOC does not maintain a history of its available policies on its website, so older versions of the policy that are relevant for this lawsuit are not accessible online.

DOC Policy 6.5.1 and 6.3.1 was also already requested by Mr. Tucker during the open discovery period. In their response, Defendants did not claim the policy was available online. Instead, they objected on the basis that "it seeks certain information that if obtained, an inmate will be able to use such information to adversely affect institutional safety and security…" Pl. Br. Ex. A. p. 3. For the reasons already stated, it is unfair to claim that his request is untimely when he already made these very same requests during the open discovery period.

*Fifth*, this case spans several years at multiple State Correctional Institutions. This means that dozens of correctional officers, counselors, mental health and medical staff, and supervisory officials could be fact witnesses that would entitle a Plaintiff to take their deposition. Against this backdrop of potentially relevant fact witnesses, Plaintiff only requests to take the depositions of the two Defendants. This is a modest, narrow request and Defendants do not address it at all in their brief in opposition.

*Sixth*, in their conclusory paragraph, Defendants request that they be permitted to refile for summary judgment at the close of discovery if this motion is granted. Counsel for the Defendants cite no caselaw in support of this position. Plaintiff is opposed to this request. Defendants had access to all of the materials sought in the proposed discovery requests when

raising their first motion for summary judgment, it is only the Plaintiff who did not have such access. Defendants should not get a "second bite at the apple" when they failed to provide the Plaintiff with the requested discovery, and then file another motion for summary judgment using that information that was already in their possession throughout the litigation and merely relying on a different legal theory without explanation as to why it was not previously presented, or how the requested discovery would result in a reversal of the Court's prior position on the remaining claim. *Cataldo v. Moses*, 361 F.Supp. 2d 420 (D.N.J. 2004).

      For these reasons, as well as those in Plaintiff's motion, the Court should grant Mr. Tucker's motion to reopen discovery.

Respectfully submitted,


*/s/ Nia O. Holston*
Nia Holston (PA 327384)
Bret Grote (PA 317273)
ABOLITIONIST LAW CENTER
990 Spring Garden Suite 306
Philadelphia, PA 19123
(267) 357-0948
bretgrote@abolitionistlawcenter.org
nia@alcenter.org

DATED: February 5,, 2025

## CERTIFICATE OF SERVICE

I, Nia O. Holston, hereby certify that a copy of the Reply Brief in Support of the Motion to Reopen Discovery was served on February 5, 2025 on all parties via ECF.

Dated: February 5, 2025                               /s/ Nia O. Holston
                                                      Nia O. Holston