**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

HASSAN A. TUCKER,                    :

      Plaintiff            :    CIV. ACTION NO. 1:22-CV-631

      v.                   :          (JUDGE MANNION)

JOHN E. WETZEL, *et al.*,             :

      Defendants           :

## O R D E R

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983 that was filed by plaintiff as a pro se litigant and initially assigned to United States District Judge Christopher C. Conner. On July 15, 2024, Judge Conner issued a memorandum and order that granted defendants' motion for summary judgment as to all remaining claims in the case except plaintiff's Eighth Amendment claim against defendants Wetzel and Little. (Docs. 49-50). Judge Conner's order noted that if the case was not resolved through mediation, it would be scheduled for an evidentiary hearing on the issue of whether plaintiff exhausted administrative remedies. (Doc. 50). Judge Conner subsequently referred the case to mediation, which proved unsuccessful in resolving the case. (Docs. 53, 58).

On January 17, 2025, counsel entered an appearance on plaintiff's behalf and moved to reopen discovery. (Docs. 60-61). The case was then reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. The court granted the motion to reopen discovery on April 25, 2025, requiring all discovery to be completed by July 31, 2025, and noting that an evidentiary hearing on administrative exhaustion would be scheduled after the close of discovery. (Doc. 64). The court subsequently extended the discovery deadline to August 15, 2025. (Doc. 69).

Following the conclusion of the reopened discovery period, defendants filed a motion for leave to file a second motion for summary judgment on November 18, 2025. (Doc. 70). Defendants represent that during the reopened discovery, "new facts have been revealed regarding Plaintiff's remaining claims." (*Id.* ¶8). Defendants do not explain what these "new facts" are in their motion, and they have not filed a brief in support of the motion.[1] Plaintiff opposed the motion on December 2, 2025. (Doc. 74). Defendants have not filed a reply brief.

---

[1] Defendants attach a proposed motion for summary judgment and brief in support of that proposed motion, but they have not filed a brief in support of the underlying motion for leave to file the second motion for summary judgment.

Defendants have not provided a sufficient foundation to permit the filing of a second motion for summary judgment. The case management schedule previously entered by Judge Conner set a dispositive motions deadline of February 29, 2024. (Doc. 36). The Federal Rules of Civil Procedure provide that this schedule may only be modified for "good cause." Fed. R. Civ. P. 16(b)(4). Defendants' vague allusion to "new facts"—without any explanation of what those "new facts" are or how they justify the filing of a second motion for summary judgment—is inadequate to satisfy this good cause standard. Accordingly, the court will deny the motion for leave to file a second motion for summary judgment.

Having done so, this court will schedule an evidentiary hearing to determine whether defendants can prove the affirmative defense of failure to exhaust administrative remedies in accordance with Judge Conner's previous rulings. Under established precedent from the United States Court of Appeals for the Third Circuit, this court is permitted to act as the finder of fact on the issue of exhaustion of administrative remedies if the parties have been given notice of the court's intention to do so and an opportunity to produce additional documents relevant to the issue. *See Paladino v. Newsome*, 885 F.3d 203, 211 (3d Cir. 2018); *Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013).

Accordingly, **IT IS ORDERED THAT**:

1. An evidentiary hearing on the issue of exhaustion of administrative remedies is scheduled for **Thursday, February 12, 2026 at 9:30 a.m.** in Courtroom #3 of the William J. Nealon Federal Building and U.S. Courthouse, 235 North Washington Avenue, Scranton, PA.

2. During the evidentiary hearing, this court will act as the finder of fact on the issue of whether defendants can establish the affirmative defense of failure to exhaust administrative remedies. *See Paladino*, 885 F.3d at 211; *Small*, 728 F.3d at 271.

3. On or before **February 6, 2026**, the parties may submit any additional materials that are not presently before the court that are relevant to the issue of administrative exhaustion.

4. The parties shall be prepared to present any additional materials that have been produced in accordance with the above paragraph as exhibits during the evidentiary hearing. The parties shall coordinate with the Clerk of Court as to any technological or evidentiary questions related to the presentation of their exhibits.

5. If any additional evidence or briefing is needed at the close of the evidentiary hearing, the court will issue an order requiring that additional evidence or briefing.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: December 22, 2025**

22-631-05