IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, Plaintiff, | : | No. 1:22-cv-0631 |
| v. | : | (Honorable Malachy E. Mannion) |
| JOHN WETZEL and GEORGE LITTLE, Defendants. | : | Electronically Filed Document |

BRIEF IN SUPPORT OF DEFENDANTS' FIRST MOTION IN LIMINE

The parties are scheduled to begin trial on September 28, 2026 to resolve whether two former Correction Secretaries, John Wetzel and George Little, in their individual capacities, violated the rights of Mr. Tucker by continuing[1] to place him on the Restricted Release List ("RRL") without penological justification.

In anticipation of trial, the parties met and conferred, but undersigned counsel avers that there is a need for the Court to determine in advance of trial whether limitations on testimony or evidence outside of the remaining claim should be in place. This includes precluding testimony about the conditions of confinement, as well as, a determination as to whether the Plaintiff's proposed expert should be prohibited from testifying as her opinions are no longer relevant

[1] Placement on RRL does not by itself violate the Eighth Amendment, *see Bramble v. Wetzel*, No. 4:20-CV-2394, 2022 WL 55021, at *7 (M.D. Pa. Jan. 7, 2022), but the rights of an individual could be violated if officials continue or prolong confinement without penological justification, *see Williams v. Dep't of Corrs.*, 117 F.4th 503, 524-25 (3d Cir. 2024).

as they relate only to the Plaintiff's initial placement on the RRL. In support, Defendants submit this brief in support of their first motion *in limine*.

Although summary judgment was resolved by Judge Conner in July 2024, in light of *Clark v. Coupe*, 55 F.4th 167 (3d Cir. 2022) and *Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017), this upcoming trial is to proceed following clarification found in *Williams v. Dep't of Corrs.*, 117 F.4th 503 (3d Cir. Sept. 20, 2024). In *Williams*, the Court of Appeals clarified from the holding in *Clark* "that individuals with a *known* history of *serious* mental illness have a clearly established right not to be subjected to prolonged, *indefinite* solitary confinement—*without penological justification—by an official who was aware of that history and the risks that solitary confinement pose to someone with those serious health conditions*." 117 F.4th at 524-25 (italicized font in original).

This makes the remaining Eighth Amendment claim against former Secretaries Wetzel and Little sufficiently clear. The elements of which include:

- An individual with a known history of serious mental illness;
- Subjected to prolonged, indefinite solitary confinement;
- Without penological justification; and
- The official making the decision was not just aware of the known history of serious mental illness, but the risks that confinement pose to someone with those conditions.

*See id*. As described in more detail below, only the third element is truly at dispute between the parties. This clarification should guide the Court in determining what

facts are of consequence or are relevant to present to a jury and should result in the Court granting Defendants' First Motion in its entirety.

## STATEMENT OF QUESTIONS INVOLVED

I. Whether testimony or evidence of the alleged conditions of confinement should be prohibited at trial?

II. Whether the testimony of clinical psychologist, Lauren Kois, should be excluded at trial as it is no longer relevant to the remaining issue?

Suggested answer to all: Yes.

## ARGUMENTS

"A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *United States v. Davis*, 208 F. Supp. 3d 628, 632 (M.D. Pa. 2016). A motion *in limine* calls upon the court to engage in preliminary evidentiary rulings regarding the exclusion of evidence based on relevance, prejudice, confusion, or waste of time. *See Onderko v. LM General Insurance Company*, 567 F. Supp. 3d 495, 499-500 (M.D. Pa. 2021).

## I. Tucker Should be Prohibited From Introducing Testimony or Evidence Concerning the Alleged Conditions of his Confinement.

The operative pleading went into great detail about the alleged conditions faced by Tucker while he was housed at different facilities while placed on the RRL. (Doc. 1 at 14-16). Tucker argued that Wetzel and Little were liable for a violation of his rights based on these conditions of confinement. In its Memorandum Opinion addressing Defendants' Motion to Dismiss, the Court disagreed with Tucker and dismissed the conditions of confinement claim against Wetzel and Little. (Doc. 22 at 14).

As this matter proceeds to trial, Defendants move to exclude any testimony or evidence concerning the alleged conditions Tucker claims to have faced at different institutions while on the RRL. As described above, the claim that remains for the jury to decide is whether or not the Defendants had penological justification to continue to place Tucker on the RRL following his initial placement in 2019 through his release in 2023. Testimony or evidence of the conditions of his confinement, as alleged by Tucker, are not relevant under Rule 401 in determining whether penological justification for continued placement exists and can only be unduly prejudicial to Defendants.

Evidence is "relevant" if its existence simply has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Defendants

assert that testimony or evidence of the alleged conditions of confinement are not relevant to the remaining claim. Even if the Court disagrees and finds this line of testimony relevant, relevant evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.

Defendants would be unfairly prejudiced to have to defend against allegations about conditions the Court has already determined Defendants had no personal involvement over whatsoever. No discovery occurred on these issues as the claim was dismissed in early 2023. Permitting testimony or evidence related to the alleged conditions will cause confusion to the jury and will waste time since these alleged facts are not relevant for the jury to consider when resolving the final issue. As such, Defendants respectfully request that the Court grant their Motion seeking to exclude any testimony or evidence of the alleged conditions of confinement.

## II. Tucker Should be Precluded from Introducing the Opinions or Testimony of Ms. Kois Because Her Opinions Are No Longer Relevant to the Claim that Remains.

In a similar vein, counsel for Tucker has indicated a desire to present the expert testimony of clinical psychologist, Lauren E. Kois, whose declaration and opinions will not assist the trier of fact in determining the remaining issue.

The primary purpose of an expert witness is to provide specialized knowledge and opinions to assist the court in understanding complex issues. The

Supreme Court has held that Rule 702 of the Federal Rules of Evidence imposes "a special obligation" on the trial court to ensure that all expert testimony is not only relevant but reliable. *See Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 147 (1999) (*quoting Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). An expert must be qualified and the opinion about which the expert will testify about must rest on a reliable foundation and be relevant to the case. Fed. R. Evid. 702. Federal Rule 702 "embodies three distinct substantive restrictions on the admission of expert testimony: qualifications, reliability, and fit." *Elcock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000).

For the purposes of this Motion only, Defendants are not attacking Ms. Kois' qualifications or the reliability of her opinions, but assert that her opinions do not sufficiently bear on the issues at hand before this Court and must be excluded. As indicated above, the only element of the remaining claim in dispute is whether Wetzel or Little, to the extent they were personally involved, continued to place Tucker on the RRL without penological justification.

Defendants proffer that there is no significant dispute of fact as it relates to the first bullet point (known history of serious mental illness) as Tucker's Mental Health Stability Status has consistently indicated that Tucker is an individual with a prior mental health history that requires mental health services. In a review of the

Declaration[2] submitted by Ms. Kois, it is clear that her opinions seek to address whether Tucker had a history of serious mental illness. However, there is no need for this line of testimony as the parties do not disagree with the fact that Tucker had a known history of mental illness. The degree of its severity is not in dispute.

As to the second bullet point (prolonged, indefinite solitary confinement), the parties agree that Tucker was initially placed on the RRL in November 2019 and was subsequently released in November 2023 indicating a specified time period of confinement.

The third bullet point (without penological justification), for which Ms. Kois' Declaration does not address, is the ultimate issue for trial.

Just to close the loop, Defendants proffer that there is no genuine dispute related to the fourth and final bullet point (knowledge of the decision-making official), as both remaining Defendants have testified in prior cases and as part of discovery here, of their awareness of the risks that confinement pose to someone with mental health conditions and their awareness of the information specifically related to Tucker[3] as presented in the materials provided to them.

---

[2] Defendants have attached a true and correct copy of the Declaration submitted by Ms. Kois. Defendants have removed her resume and clinical evaluation of Hassan Tucker as neither are necessary in determining whether her opinions are relevant or fit for the case at hand.

[3] Defendants proffer that the documents relied upon to determine RRL placement, which will be used at trial, include information about an individual's criminal sentence, custody level, misconduct history, and psychology evaluation.

It is assumed that Ms. Kois would further explain the risks that confinement pose to someone with mental health conditions, but as indicated, the underlying research – on both sides of the issue – is not in dispute for the purposes of this trial. Because Ms. Kois has not been proffered to address penological justification within her final expert opinion – the only element of this claim at issue – her purported testimony and ultimate opinion is not relevant and can only be seen as unnecessary, cumulative, a waste of time, and confusing the ultimate issue for the jury to determine.

## CONCLUSION

Defendants respectfully request that their First Motion is granted and the Court precludes the testimony or evidence of the conditions of confinement and the opinions of Ms. Kois as neither are relevant to determine whether or not Defendants had penological justification to continue Tucker's RRL placement.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Date: August 21, 2026

By: *s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section
Attorney ID: 315325

*Counsel for Defendants*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 317-0112
Email: nditomo@attorneygeneral.gov

CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Chief Deputy Attorney General, Office of Attorney General, hereby certify that on August 21, 2026, I caused to be served a true and correct copy of the foregoing document titled *Brief in Support of First Motion in Limine* to the following:

**VIA ECF**

Nia Holston, Esq.
Bret D. Grote, Esq.
Lolo Salsbury Serrano, Esq.
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
lolo@alcenter.org
*Counsel for Plaintiff*

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Chief Deputy Attorney General