IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, Plaintiff | : | No. 1:22-cv-0631 |
| v. | : | (Honorable Malachy E. Mannion) |
| JOHN WETZEL and GEORGE LITTLE Defendants | : | Electronically Filed Document |

DEFENDANTS' PRETRIAL MEMORANDUM

The Court has scheduled this matter for a jury trial to begin on Monday, September 28, 2026 at 9:30am. (Doc. 95). In the final scheduling order, the Court identified a deadline to file motions *in limine* and scheduled a final pretrial conference on Wednesday, September 9, 2026 at 2:00pm. (*See id*.) In preparation for the final pretrial conference, Defendants submit this pretrial memorandum containing the requested information set forth in the local rules.

Date conference was held by counsel: August 21, 2026.

A. Statement as to Federal Court Jurisdiction

This Court has original jurisdiction to hear a claim brought pursuant 42 U.S.C. Section 1983. Trial will resolve whether former Correction Secretaries, John Wetzel and George Little, in their individual capacities, violated the rights of Mr. Tucker by continuing to place him on the Restricted Release List ("RRL") allegedly without penological justification.

B. Summary Statement of Facts and Contentions as to Liability

Members of the Department of Corrections recommended Hassan Tucker for placement on the RRL in Fall 2019 following Mr. Tucker's three assaults against other incarcerated individuals. In making a determination, the final decision-maker on these matters received: recommendations for placement from underlying staff; details of the behavior that formed the basis for the recommendation; details of an individual's criminal offense and sentence; details of therapeutic programs previously attempted; notations of interactions with staff; noted separations with staff or other individuals as well as the details for the separations; a psychological evaluation; and history of any prior misconducts received by the individual.

Defendant John Wetzel served as the Secretary of the Pennsylvania Department of Corrections until October 1, 2021 and was the final decision-maker when placing Tucker on the RRL in 2019 and continuing Tucker's placement on the RRL in 2020 and 2021. Defendant George Little stepped into the role of Acting Secretary following Wetzel's departure in October 2021 through January 2023. Little delegated final decision-making authority on RRL placements to his Executive Deputy Secretary for Institutional Operations. Meaning a non-defendant made the final decision regarding Tucker's continued placement on the RRL in 2022 and his release from the RRL in Fall 2023.

With his placement on the RRL, Tucker was placed into the Intensive Management Unit ("IMU"), which provided a progressive phase system. An individual progresses through the unit based on participation in treatment programs reflecting the specific goals to manage an individual's behavior with an ultimate objective to return to general population and to be removed from the RRL.

Defendant Wetzel contends that he had penological justification to place Tucker on the RRL in 2019 and continue his placement on the RRL in 2020 and 2021. Therefore, Defendant Wetzel contends he is not liable to Tucker for an alleged violation of his Eighth Amendment rights.

Defendant Little contends that he was not personally involved in the decision to continue Tucker's placement in 2022 or 2023. Therefore, Defendant Little contends that he is not liable to Tucker for an alleged violation of his Eighth Amendment rights. Even if the proper individual were named as a defendant, there would still be justification to continue Tucker's placement on the RRL through his completion of the IMU program in Fall 2023. As such, the Defendants contend that a jury should find in their favor at trial.

C. Statement of Undisputed Facts

Counsel for the parties will need an additional meet and confer following the resolution of the pending motion *in limine* as this statement will be affected by those rulings.

D. Description of Damages

If successful at trial, Defendants could seek an award of fees and costs, but are not otherwise seeking actual or compensatory damages in this litigation.

E. Witnesses

John Wetzel – Defendant
George Little – Defendant
Hassan Tucker – Plaintiff
Executive Deputy Secretaries for Institutional Operations in 2022 and 2023

F. Summary of Testimony of each Expert Witness

Defendants are not presenting an expert witness.

G. Special Comment about Pleadings and Discovery

None at this time.

H. Summary of Legal Issues

There has been a rapid progression of case law as it relates to the issue that remains for trial. The law of the case is clear that Wetzel and Little were unaware of any alleged conditions of Tucker's confinement beyond the fact of his confinement in restricted housing. (Doc. 22 at 14) (dismissing the conditions of confinement claims against Wetzel and Little).

In the same memorandum, the Court determined that Tucker sufficiently alleged that his placement on the RRL, by Wetzel and Little, constituted cruel and unusual punishment under the Eighth Amendment. (Doc. 22 at 11). Judge Conner reiterated in July 2024 that the claim that remains "is based on a theory that placing Tucker on the RRL violates the Eighth Amendment because it results in prolonged solitary confinement." (Doc. 49 at 15) (*citing Clark v. Coupe*, 55 F.4th 167 (3d Cir. 2022) and *Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017)).

*Williams v. Dep't of Corrs.*, 117 F.4th 503 (3d Cir. Sept. 20, 2024), provides additional context to the progression of this area of law. The court emphasized that *Clark* was not a categorical holding that all solitary confinement of mentally ill prisoners violates the Eighth Amendment. Rather, the constitutional violation depended upon the combination of the prisoner's known serious mental illness, prolonged confinement, absence of penological justification, and the official's knowledge of the risks. 117 F.4th at 524.

Another recent unpublished case, *Rosario v. Wetzel*, 2025 WL 2452464 (3d Cir. Aug. 26, 2025) reminds us that it is well-settled that placement in "[s]egregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman or totally without penological justification." *See Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992); *see also Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). One such justification is "the

risk that [the prisoner] specifically poses." *See Porter v. Pa. Dep't of Corrs.*, 974 F.3d 431, 446 (3d Cir. 2020).

Therefore, in order to prevail, Tucker must: (1) demonstrate that the alleged deprivation was sufficiently serious; and (2) demonstrate that the named defendants were deliberately indifferent to the harm. Defendants would be entitled to judgment as a matter of law if they can demonstrate that the conditions and duration of the confinement were penologically justified. *See Watson v. Wetzel*, 2024 WL 5096209, at *7-8 (E.D. Pa. Dec. 12, 2024) (directly stating the proposition but holding that the defendants did not meet their burden in this instance for the purposes of summary judgment).

I. <u>Stipulations Desired</u>

The parties have stipulated to the authenticity of the records presented without the need to call a witness to certify those same records. Preserving all other objections for the time of trial.

J. <u>Estimated Number of Trial Days</u>

A response to this query depends on the resolution of the pending motion *in limine*. Defendants case in chief should only require a full-day of testimony.

K. <u>Any Other Pertinent Matters</u>

None are directly foreseen at this time.

L. Exhibit List

Defendants have attached a proposed list of exhibits they intend to introduce at trial.

M. Special Verdict Questions

Defendants have attached a proposed verdict form which contains special verdict questions for this matter.

N. Local Rule 16.2 Certification

Defense counsel certifies that the person(s) with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2. The person with full settlement authority will be available by telephone if the parties continue settlement discussion at the final pretrial conference.

O. Deposition Certification

Counsel for the parties have not yet conferred on this matter, but Defendants are not aware of there being issues to resolve at this time.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Date: September 8, 2026

By: *s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section
Attorney ID: 315325

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 317-0112
Email: nditomo@attorneygeneral.gov

*Counsel for Defendants*

CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Chief Deputy Attorney General, Office of Attorney General, hereby certify that on September 8, 2026, I caused to be served a true and correct copy of the foregoing document titled *Defendants' Pretrial Memorandum* to the following:

**VIA ECF**

Nia Holston, Esq.
Bret D. Grote, Esq.
Lolo Salsbury Serrano, Esq.
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
lolo@alcenter.org
*Counsel for Plaintiff*

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Chief Deputy Attorney General