**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASSAN A. TUCKER,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 1:22-CV-631** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOHN E. WETZEL, *et al.*,** | : | |
| **Defendants** | : | |

# MEMORANDUM

This is a prisoner civil rights case that is scheduled for a jury trial on September 28, 2026. Before the court are two motions *in limine* filed by defendants. For the reason that follow, both motions will be denied without prejudice.

## I. BACKGROUND

Plaintiff, Hassan A. Tucker, has been incarcerated in State Correctional Institutions in the Pennsylvania Department of Corrections at all relevant times. He filed this case on April 29, 2020. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. Although the complaint initially contained several claims, following Judge Conner's summary judgment ruling on July 15, 2024, the sole claim remaining in the case is Tucker's Eighth Amendment claim against Wetzel and Little. (Docs. 49-50). The case is scheduled for trial on September 28,

2026.[1] In preparation for trial, the parties have filed cross motions in limine. This opinion addresses defendants' motions in limine.

## II. STANDARD OF REVIEW

A motion *in limine* seeks a pretrial ruling on the admissibility of evidence in order to narrow the evidentiary issues during trial and prevent the jury from seeing improper evidence. *Onderko v. LM Gen. Ins. Co.*, 567 F. Supp. 3d 495, 499 (M.D. Pa. 2021). Evidence is generally admissible if it is relevant, meaning "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence may be precluded from trial if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).

[1] The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

## III. Discussion

### A. Evidence on Conditions and Expert Testimony

Defendants' first motion seeks to preclude from trial any testimony or evidence relating to the conditions of Tucker's confinement and any expert testimony from Tucker's expert witness, Lauren Elizabeth Kois, Ph.D. (Doc. 101). Defendants' motion is based on *Williams v. Sec'y Pa. Dep't of Corrs.*, 117 F.4th 503 (3d Cir. 2024), which defendants argue establishes a four-element test for the claim at issue in this case, including serious mental illness, prolonged solitary confinement, no penological justification, and the defendants' subjective knowledge of the risk of harm. (Doc. 102 at 2). Defendants argue that the only one of these "elements" that is at issue is whether there was a penological justification for Tucker's prolonged solitary confinement. (*Id.*) Defendants therefore argue that evidence and testimony of the conditions of Tucker's confinement is irrelevant, and, similarly, that testimony from Tucker's expert is irrelevant, because both would pertain to "elements" that are not at issue—namely, Tucker's mental illness, whether he was subjected to prolonged solitary confinement, and whether the solitary confinement caused harm to his mental health. (*Id.* at 4-8).

In *Williams*, the court considered in the context of a qualified immunity analysis "whether the right of a death row prisoner, with a known preexisting

serious mental illness not to be placed and held in prolonged solitary confinement—without penological justification—was clearly established at the relevant time.” *Williams*, 117 F.4th at 517. The court found that this right was clearly established by both Supreme Court and Third Circuit precedent. *Id.* Among other decisions, the court noted that its earlier decision in *Clark v. Coupe*, 55 F.4th 167 (3d Cir. 2022) held “that someone with a known preexisting serious mental illness has a clearly established right since at least 2016 not to be held in prolonged solitary confinement.” *Williams*, F.4th at 518 (citing *Clark*, 55 F.4th 179, 181-82, 184-85). The *Williams* court noted that based on *Clark* and other earlier precedents, it was compelled to conclude that the right at issue in *Williams* was clearly established at the relevant time. The court went on to note that under established precedent, “the ‘touchstone of an Eighth Amendment analysis has long been, and remains, the health of the inmate,” and that prolonged solitary confinement can harm the health of an inmate with a preexisting mental illness. *Id.* at 522 (cleaned up) (quoting *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992)). The court finally noted that its holding clearly followed from its holding in *Clark* and “merely clarifie[d] that the clearly established right in *Clark* extends to individuals on death row.” *Williams*, 117 F.4th at 524-25.

The defendants argue that rather than extending the holding of *Clark*, *Williams* "clarifie[s]"—and thus narrows—it. (Doc. 102 at 2). According to defendants, *Williams* narrows the relevant Eighth Amendment inquiry established by *Clark* and other earlier controlling precedents to a four-element test, in which the inmate must establish that he had a known history of mental illness, that he was subjected to prolonged solitary confinement, that there was no penological justification for the solitary confinement, and that the defendants were aware of the inmate's mental illness. (*Id.*)

Defendants' argument is a clear misreading of *Williams*. Although the court in *Williams* considered the fact that there was no penological justification for the plaintiff's prolonged solitary confinement in that case, this was for good reason: it was a relevant fact in the qualified immunity analysis the court was conducting. Indeed, the court clarified that its holding was "limited to the specific allegations of this appeal from the grant of summary judgment." *Williams*, 117 F.4th at 524. The court did not limit—or intend to limit—*Clark's* holding to cases where there was no penological justification for the prolonged solitary confinement. To the contrary, the court expressly said that the case was an *extension* of *Clark's* holding that there is a clearly established "right of a prisoner known to be seriously mentally ill to not be placed in solitary confinement for an extended period of time by prison

officials who were aware of, but disregarded, the risk of lasting harm posed by such conditions." *Id.* (quoting *Clark*, 55 F.4th at 182). *Williams* cannot be read to limit *Clark* to cases where there was no penological justification for prolonged solitary confinement any more than it can be read to limit *Clark* to cases where the plaintiff was on death row: both of those facts were simply relevant facts bearing on the qualified immunity analysis in *Williams* and not new elements on the analysis.

Thus, defendants are simply incorrect that *Williams* makes the presence or absence of penological justification an "element" of the Eighth Amendment analysis governing Tucker's claim. The "touchstone" of the Eighth Amendment analysis remains the inmate's health. *Williams*, 117 F.4th at 225. Because evidence regarding the conditions of Tucker's confinement and testimony from Tucker's expert are plainly relevant to this analysis, the court will deny defendants' first motion *in limine*.[2]

---

[2] Defendants also briefly argue that even if evidence of Tucker's conditions of confinement is relevant, it should be excluded from trial as unfairly prejudicial under Federal Rule of Evidence 403. The court will defer ruling on this argument because it simply cannot determine whether admission of the evidence is unfairly prejudicial. *See Paoli*, 916 F.2d at 859 ("[P]retrial Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." (internal emphasis omitted)).

### B. Punitive and Compensatory Damages

Defendants' second motion *in limine* argues that Tucker should be barred from recovering punitive damages because he failed to include a request for punitive damages in his complaint and that he should be barred from recovering compensatory damages because he did not suffer any physical injuries. (Doc. 103-04). Defendants also argue that even if Tucker is allowed to seek compensatory damages, his damages should be limited to $75,000, because that was the amount he requested in his complaint. (*Id.*)

With respect to the pleading of punitive damages, defendants are incorrect. Although defendants accurately note that in the prayer for relief section of the complaint, Tucker only specifically sought punitive damages from defendants Kimberly, Fisher, and Reese, and did not seek punitive damages from defendants Wetzel and Little, (*see* Doc. 1 at 26), as plaintiff correctly notes, (*see* Doc. 120 at 4), a different section of the complaint sought "compensatory, injunctive, declaratory, and *punitive* judgment against the defendants for damages and violations of rights asserted herein," (Doc. 1 at 7). Liberally construing the complaint, as the court must because plaintiff filed it *pro se*, the court finds that this is sufficient to plead a request for punitive damages from all defendants.

With respect to compensatory damages, defendants argue that Tucker should be barred from recovering more than $75,000 in compensatory damages because that is the amount he sought from Wetzel and Little. (Doc. 104 at 6). This is plainly untrue. In the relevant portion of the complaint, Tucker sought compensatory damages "*in excess of*" $75,000 from Wetzel and Little. (Doc. 1 at 25 (emphasis added)). Thus, the argument is meritless.

The remainer of defendants' arguments argue that there is no factual basis for Tucker to be awarded compensatory or punitive damages. (*See* Doc. 103). These arguments were squarely addressed and rejected by Judge Conner at the summary judgment stage. (*See* Doc. 49 at 15-17). The court considers Judge Conner's ruling law of the case and will not revisit it on the eve of trial.[3]

[3] Defendants note that they "respectfully disagree" with portions of Judge Conner's ruling, (*see* Doc. 104 at 4), but the proper way to assert a disagreement with the ruling was to file a motion for reconsideration of the summary judgment ruling, which defendants did not do. This court will not allow defendants to belatedly seek reconsideration of the summary judgment ruling through a motion *in limine*.

## IV. Conclusion

For the foregoing reasons, defendants' motions *in limine* are denied without prejudice. An appropriate order follows.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated: September 9, 2026**
22-631-02