**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASSAN A. TUCKER,** | : | |
| **Plaintiff** | : | **CIV. ACTION NO. 1:22-CV-631** |
| **v.** | : | **(JUDGE MANNION)** |
| **JOHN E. WETZEL, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case that is scheduled for a jury trial on September 28, 2026. Before the court are six motions *in limine* filed by plaintiff. For the reason that follow, the motions will be denied.

## I. BACKGROUND

Plaintiff, Hassan A. Tucker, has been incarcerated in State Correctional Institutions in the Pennsylvania Department of Corrections at all relevant times. He filed this case on April 29, 2020. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. Although the complaint initially contained several claims, following Judge Conner's summary judgment ruling on July 15, 2024, the sole claim remaining in the case is Tucker's Eighth Amendment claim against Wetzel and Little. (Docs. 49-50). The case is scheduled for trial on September 28,

2026.[1] In preparation for trial, the parties have filed cross motions in limine. This opinion addresses plaintiff's motions *in limine*.

## II. STANDARD OF REVIEW

A motion *in limine* seeks a pretrial ruling on the admissibility of evidence in order to narrow the evidentiary issues during trial and prevent the jury from seeing improper evidence. *Onderko v. LM Gen. Ins. Co.*, 567 F. Supp. 3d 495, 499 (M.D. Pa. 2021). Evidence is generally admissible if it is relevant, meaning "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Evidence may be precluded from trial if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990).

[1] The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court.

## III. DISCUSSION

### A. Evidence on Convictions, Sentences, and Misconducts

Tucker's first motion *in limine* seeks to exclude from trial any evidence as to the specific crimes for which he was convicted and the sentence he was given. (Docs. 105-06). Tucker argues that any such evidence is unfairly prejudicial under Federal Rule of Evidence 403. (*Id.*) Defendants oppose the motion, arguing that this evidence is relevant because Tucker's claim arises from his placement on the Restricted Release List ("RRL"), and the nature of his convictions and sentences were considered as part of the decision-making process when placing him on the RRL. (Doc. 121 at 3-5).

The court agrees with defendants. On the record presently before the court, it appears that the nature of Tucker's convictions and sentences may be relevant to defendants' decision to place and keep on the RRL. The court will accordingly deny this motion without prejudice to plaintiff's right to argue that certain evidence or testimony introduced during trial is unfairly prejudicial pursuant to Federal Rule of Evidence 403.

The court will similarly deny Tucker's sixth motion *in limine*, which seeks to preclude or limit testimony or evidence related to his misconduct record while in prison. (Doc. 121). This evidence is clearly relevant to the defendants' decision to place and keep Tucker on the RRL. Any specific

argument regarding undue prejudice under Rule 403 may be asserted at trial.[2]

**B. Opinion and Bolstering Testimony**

Plaintiff's second motion *in limine* seeks to prevent the defendants' witnesses from providing any expert testimony as lay witnesses, while his third motion seeks to prevent defendants from providing any evidence meant to bolster the credibility of their witnesses. (Docs. 107-10). Plaintiff does not indicate in either motion or supporting brief any specific evidence he wishes to exclude; he simply seeks general exclusion of these two categories of evidence. (*See id.*) Given this absence of any specific evidence mentioned in either motion, the court will deny both motions without prejudice. Any court ruling granting these motions would amount to nothing more than a general statement that evidence offered at trial must comply with Federal Rules of Evidence 403 and 701. Thus, the motions will be denied without prejudice to plaintiff's right to challenge the admissibility of specific evidence during trial.

[2] Plaintiff also briefly argues that documents from his misconduct record are hearsay, but does not specify which items are hearsay. (Doc. 116 at 6-7). This argument is rejected as undeveloped without prejudice to plaintiff's right to raise hearsay objections at trial.

**C. Specific Terms**

Tucker's fourth motion *in limine* seeks to bar any attorneys or witnesses from referring to him or any other person in prison as a "felon, convict, inmate, murderer, or offender." (Doc. 112). Tucker argues that use of "crime defined labels" such as these unfairly prejudices the jury against him. (Doc. 112). Defendants argue that this motion should be denied as overly broad without prejudice to plaintiff's right to raise specific objections at trial. (Doc. 121).

The court agrees with defendants. Any court order barring all uses of certain words such as "inmate" and "offender" strikes the court as impossible to enforce and likely to cause unnecessary confusion during trial and potential prejudice to defendants if an objection is raised based on an inadvertent use of one of the words. The motion will accordingly be denied without prejudice to plaintiff's right to raise specific objections at trial.

**D. Street Clothing and Shackles**

Finally, plaintiff's fifth motion *in limine* seeks a court order stating that plaintiff may appear for trial in street clothes and not be shackled while in the presence of the jury. (Docs. 113-14). Defendants oppose these issues being litigated through a motion *in limine* and argue that the proper forum to litigate

the issues is at the pretrial conference, and, if necessary, an evidentiary hearing conducted pursuant to *Sides v. Cherry*, 609 F.3d 576 (3d Cir. 2010).

The court agrees with defendants. It appears to the court that there may be factual questions that would require an evidentiary hearing on the issue of whether plaintiff should be shackled in accordance with *Sides*. In addition, any logistical concerns regarding Tucker's ability to wear street clothes—such as how the street clothes will be provided to him and who will bear any monetary costs associated with providing the clothing—are most efficiently resolved during the pretrial conference. Accordingly, the court will deny Tucker's fifth motion *in limine* without prejudice to discussing the issues raised in the motion during the pretrial conference, and, if necessary, litigating the issue of restraints during an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motions *in limine* are denied without prejudice. An appropriate order follows.

s/ Malachy E. Mannion
**Malachy E. Mannion**
**United States District Judge**

**Dated: September 9, 2026**
22-631-03