# PROPOSED VERDICT FORM

We, the jury, unanimously find the following by a preponderance of the evidence:

**Question 1**: Was Mr. Tucker at risk of serious harm when he was placed or continued on the Restricted Release List (RRL)?

Answer: Yes ______ No _______

*[Mark the appropriate area. If you answered "Yes" to Question No. 1 please proceed to Question No. 2. If you answered "No," please STOP have the Foreperson sign and date the last page and alert the Courtroom Deputy.]*

**Question 2A**: Did John Wetzel cause, authorize, or continue Tucker's placement on the RRL?

Answer: Yes ______ No _______

*[Mark the appropriate area and respond to Question 2B. If you answered "No" to Question 2A your deliberations concerning Defendant Wetzel have concluded. Please disregard remaining questions concerning Defendant Wetzel.]*

**Question 2B**: Did George Little cause, authorize, or continue Tucker's placement on the RRL?

Answer: Yes ______ No _______

*[Mark the appropriate area. If you answered "Yes" to either Question No. 2A or 2B please proceed to Question No. 3 and answer the appropriate question(s). Otherwise, if you answered "No" to Question 2B your deliberations concerning Defendant Little have concluded. Please disregard remaining questions concerning Defendant Litle.]*

**Question 3A**: Did John Wetzel know Mr. Tucker faced a substantial risk of serious harm at the time of placement or continued placement on the RRL?

Answer: Yes ______ No _______

*[Mark the appropriate area and respond to Question 3B if applicable. If you answered "No" to Question 3A your deliberations concerning Defendant Wetzel have concluded. Please disregard remaining questions concerning Defendant Wetzel.]*

**Question 3B**: Did George Little know Mr. Tucker faced a substantial risk of serious harm at the time of placement or continued placement on the RRL?

Answer: Yes ______ No _______

*[Mark the appropriate area. If you answered "Yes" to either Question No. 3A or 3B please proceed to Question No. 4 and answer the appropriate question(s). Otherwise, if you answered "No" to Question 3B your deliberations concerning Defendant Little have concluded. Please disregard remaining questions concerning Defendant Litle.]*

**Question 4A**:[1] Did John Wetzel disregard a substantial risk of serious harm to Mr. Tucker ~~without penological justification~~?

Answer: Yes ______ No _______

*[Mark the appropriate area and respond to Question 4B if applicable. If you answered "No" to Question 4A your deliberations concerning Defendant Wetzel have concluded. Please disregard remaining questions concerning Defendant Wetzel.]*

**Question 4B**: Did George Little disregard a substantial risk of serious harm to Mr. Tucker ~~without penological justification~~?

Answer: Yes ______ No _______

*[Mark the appropriate area. If you answered "Yes" to either Question No. 4A or 4B please proceed to Question No. 5 and answer the appropriate question(s). Otherwise, if you answered "No" to Question 4B your deliberations concerning Defendant Little have concluded. Please disregard remaining questions concerning Defendant Litle.]*

---

1 The parties are currently in disagreement with respect to Questions 4A and 4B. The parties have both sought compromise in good faith and removed or edited questions initially proposed in response to the other party's objections. On Question 4, Plaintiffs propose "Did [Defendant] disregard a substantial risk of serious harm to Mr. Tucker?" Defendants propose "Did [Defendant] disregard a substantial risk of serious harm to Mr. Tucker without penological justification?"

Plaintiffs object to the inclusion of "penological justification" on the verdict form, as it is their position that penological justification is neither an element of liability nor dispositive of qualified immunity. The Third Circuit "did not limit—or intend to limit—*Clark*'s holding to cases where there was no penological justification for the prolonged solitary confinement." (Tucker v. Wetzel, Doc. 126 at 5). Mr. Tucker's case is governed by clearly established precedent protecting the "right of a prisoner known to be seriously mentally ill to not be placed in solitary confinement for an extended period of time by prison officials who were aware of, but disregarded, the risk of lasting harm posed by such conditions." (Doc. 126 at 5-6, *internal quotation to Clark v. Coupe*, 55 F.4th 167, 182 (3d Cir. 2021)). The jury is not required to find the complete absence of penological justification at all times to find subjective deliberate indifference, or to find that Defendants disregarded a substantial risk of serious harm.

**Question 5A:** Did John Wetzel cause harm to Mr. Tucker?

Answer: Yes ______ No _______

*[Mark the appropriate area and respond to Question 5B if applicable. If you answered "No" to Question 5A your deliberations concerning Defendant Wetzel have concluded. Please disregard remaining questions concerning Defendant Wetzel.]*

**Question 5B**: Did George Little cause harm to Mr. Tucker?

Answer: Yes ______ No _______

*[Mark the appropriate area. If you answered "Yes" to either Question No. 5A or 5B please proceed to Question No. 6 and answer the appropriate question(s). Otherwise, if you answered "No" to Question 5B your deliberations concerning Defendant Little have concluded. Please disregard remaining questions concerning Defendant Litle.]*

**Question 6A:** Did Mr. Tucker suffer physical injuries due to placement or continuation on the RRL?

Answer: Yes ______ No _______

*[If you marked "Yes" to Question No. 6A please proceed to Question 6B.]*

**Question 6B:** If you answered Yes to Question No. 6A, please describe the physical injuries suffered by Tucker.

Answer: ____________________________________________________

*[Please proceed to Question 7.]*

*If you marked "No" to Question No. 6A, no compensatory damages will be awarded; however, Tucker will be entitled to an award of $1.00 for nominal damages. Please place $1.00 on the nominal damages line below. Then proceed to Question 8 (punitive damages). If you answered 'Yes,' do not award nominal damages; skip Question 6 and proceed to Questions 7 and 8.*

**Nominal Damages**

Answer: $________________ (nominal) ($1.00)

*[Please proceed to Question 7.]*

**Question 7 – Compensatory Damages**: How much will fairly compensate Mr. Tucker for the harm he suffered?

As against John Wetzel: $________________ (compensatory)

As against George Little: $________________ (compensatory)

*[Please proceed to Question 8.]*

**Question 8A**: Did Tucker prove that a defendant acted maliciously or wantonly against Mr. Tucker in violating his rights?

Answer: Yes ______ No _______

*[If you marked "Yes" to Question No. 8A please proceed to Question 8B.]*

**Question 8B**: Do you award punitive damages against either Defendant Wetzel or Defendant Little?

Answer: Yes ______ No _______

If yes, in what amount:

As against John Wetzel: $________________ (punitive)

As against George Little: $________________ (punitive)

*[Your deliberations have concluded. Please have the Foreperson sign and date and alert the Courtroom Deputy].*

SO SAY WE ALL, this _____ day of _______________, 2026

____________________

Foreperson