IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER,<br>Plaintiff, | : | No. 1:22-cv-0631 |
| | : | |
| v. | : | (Honorable Malachy E. Mannion) |
| | : | |
| JOHN WETZEL and GEORGE LITTLE,<br>Defendants. | : | Electronically Filed |

**<u>PROPOSED JURY INSTRUCTIONS</u>**

Defendants, through undersigned counsel, are submitting their proposed jury instructions for the Cour to review. Undersigned counsel attempted to meet and confer with counsel for Mr. Tucker to submit a joint proposal as requested by the Court. Undersigned counsel learned late last evening that opposing counsel filed a proposal mostly comprised of Defendants' work-product and informed undersigned to submit their own version of jury instructions. In an abundance of caution, undersigned will attempt to respond to Plaintiff's proposals while identifying where changes are still requested by the Defendants.

**1. Third Circuit Model Instruction 1.7 – Credibility of Witnesses**

This is a request from the Plaintiff. Defendants have no objection to the model instruction.

**2. Third Circuit Model Jury Instruction 3.1; Ninth Circuit Model Jury Instruction 1.1 – Duty of Jury / Bias and Prejudice**

This is a request from the Plaintiff. Defendants have no objection to the Third Circuit Model Instruction 3.1; however, Defendants oppose the inclusion of the second and third paragraphs based upon a criminal jury instruction and a case that is not applicable to this action. Defendants request only the use of Model Instruction 3.1.

**3. Third Circuit Model Instruction 1.2 – Description of Case**

Defendants originally proposed the inclusion of this instruction with the changes outlined (or underlined) within Plaintiff's submission. The instruction requested and agreed upon by both parties is:

> In this case, Plaintiff, Hassan Tucker claims that the Defendants, John Wetzel and George Little, acted with deliberate indifference when placing Mr. Tucker on the Restricted Release List in 2019 and continuing to place Mr. Tucker on the Restricted Release List through 2023 because it resulted in prolonged solitary confinement in violation of the Eighth Amendment; Defendants deny those claims and also contend that all final decisions to place Mr. Tucker on the Restricted Release List were penologically justified. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Mr. Tucker must prove to make his case.

**4. Third Circuit Model Instruction 4.1 – Section 1983 Introduction**

Defendants originally proposed the inclusion of this instruction with no modification requested as indicated by Plaintiff's submission.

**5. Third Circuit Model Instruction 1.10 – Preponderance of the Evidence**

Defendants originally proposed the inclusion of this instruction with no modification requested as indicated by Plaintiff's submission.

**6. Third Circuit Model Instructions 4.3 & 4.4.1 – Section 1983 Elements**

Defendants originally proposed the inclusion of this instruction with the changes outlined (or underlined) within Plaintiff's submission. The instruction requested and agreed upon by both parties is:

> Tucker must prove both of the following elements by a preponderance of the evidence:
>
> First: Defendants acted under color of state law.
>
> Second: While acting under color of state law, Defendants deprived Tucker of a federal constitutional right.
>
> Because Defendants Wetzel and Little were Secretaries of the Department of Corrections at the relevant time, I instruct you that they were acting under the color of state law. In other words, this element is not in dispute. I will now tell you the elements Tucker must prove to establish the violation of his federal constitutional rights.

**7. Third Circuit Model Instructions 4.5 & 4.11.1 and Ninth Circuit Model Instruction 9.31 – Conditions of Confinement**

As indicated by Footnote 4 in Doc. 136, Defendants did in fact propose the use of Model Instruction 4.11.1 as the Court requested the parties to utilize available model instructions in this proposal. The Model Instruction 4.11.1 contains the deliberate indifferent standard that the Third Circuit applied in

*Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017). The Eighth Amendment deliberate indifference framework that has been established following *Palakovic*, *Clark v. Coupe*, 55 F.4th 167 (3d Cir. 2022), *Williams v. Secretary of Pennsylvania Department of Corrections*, 117 F.4th 503 (3d Cir. 2024), and recently in *Rosario v. Wetzel*, 2025 WL 2452464 (3d Cir. Aug. 26, 2025) that Defendants assert applies to this case requires: (1) objectively, that the conditions of confinement — particularly prolonged isolation, especially of a mentally ill prisoner — pose a substantial risk of serious harm; and (2) subjectively, that prison officials knew of and disregarded that risk without penological justification.

As such, Defendants proposed the combination of Third Circuit Model Instruction 4.11.1 and the Ninth Circuit Model Instruction 9.31 to address the Court's request for the parties to use established instructions. The instruction requested by the Defendants did not include the first paragraph that is now being proposed by Plaintiff. The parties agreed to the instruction up until the model instruction bracket for obvious risk. Defendants have outlined the differences in Footnote 3 below for the Court's review.

> In this case, Tucker claims that John Wetzel and George Little violated the Eighth Amendment to the United States Constitution by showing deliberate indifference to a substantial risk of serious harm when placing Mr. Tucker on the Restricted Release List in 2019 and continuing to place Mr. Tucker on the Restricted Release List through 2023 because it resulted in prolonged solitary confinement.

In order to establish his claim for a violation of the Eighth Amendment, Tucker must prove each of the following[1] by a preponderance of the evidence:

First, Mr. Tucker faced a substantial risk of serious harm;

Second, Defendants Wetzel and Little were deliberately indifferent to that risk, that is, Defendant Wetzel or Defendant Little knew of it and disregarded it by failing to take reasonable measures to address it; and,

Third, the act of placing, or continuing to place Mr. Tucker on the Restricted Release List caused harm to Mr. Tucker.

I will now proceed to give you more details on the first and second of these three requirements.

**First**, Mr. Tucker must show that he faced a substantial risk of serious harm.

**Second**, Mr. Tucker must show that Defendants were deliberately indifferent to that substantial risk of serious harm. "Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.[2] Mr. Tucker must show that Wetzel and Little separately knew of an excessive risk to Mr. Tucker's mental health, and that either Wetzel or Little disregarded that risk by failing to take reasonable measures to address it.

[Requested addition for the bracket concerning obvious risk].[3]

---

1 The elements are drawn from the Ninth Circuit Model Civil Instruction 9.31

2 Statement is drawn from the Ninth Circuit Model Civil Instruction 9.31.

3 <u>Defendants seek to add</u>:

However, Defendants claim that even if there was an obvious risk, they had a legitimate penological justification when placing Mr. Tucker on the Restricted Release List in 2019 and continuing to place Mr. Tucker on the Restricted Release List through 2023. "[A] legitimate penological justification can support prolonged detention of an inmate in segregated or solitary confinement . . . even though such

Further, in order to assess liability against either Defendant Wetzel or Defendant Little, Mr. Tucker must show that they had personal involvement in the alleged wrongs.[4]

---

conditions create an objective risk of serious emotional and psychological harm. Put simply, prison officials tasked with the difficult task of operating a [correctional facility] may reasonably determine that prolonged solitary detention of the inmate is necessary to protect the well-being of prison employees, inmates, and the public or to service some other legitimate penological objective." *Porter v. Clarke*, 923 F.3d 348, 362-63 (4th Cir. 2019); *Porter v. Dep't of Corrs.*, 974 F.3d 431 (3d Cir. 2020) ("In evaluating the subjective prong of the Eighth Amendment test, we may also consider whether officials had a legitimate penological purpose behind their conduct.")

Plaintiff's suggested language:

In evaluating whether Wetzel or Little's failure to take measures to address a known substantial risk was reasonable, you may also consider whether they had a legitimate penological purpose behind their conduct. *Porter v. Dep't of Corrs.*, 974 F.3d 431 (3d Cir. 2020) ("In evaluating the subjective prong of the Eighth Amendment test, we may also consider whether officials had a legitimate penological purpose behind their conduct.") The existence of such a penological purpose, however, does not, by itself, decide this case, and it is not a complete defense. You must not find in favor of Defendants solely because a penological justification existed at some point in time. The touchstone of your analysis is the health of the incarcerated person. *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) Even if you find Mr. Tucker was initially placed in solitary confinement for a justified penological purpose, you may still consider whether the length of time in isolation was unjustified, *Clark v. Coupe*, 55 F.4th 167, 183 (3d Cir. 2022) ("Even assuming Clark was initially placed in the SHU for a justified penological purpose, the 'pronounced worsening' of his mental illness symptoms resulting from months in isolation was wholly pointless and unjustified."), or that there were alternatives to his placement in solitary confinement that could have addressed any penological needs. *West v. Keve*, 571 F.2d 158, 162 (3d Cir. 1978) ("If 'deliberate indifference caused an easier and less efficacious treatment' to be provided, the defendants have violated the plaintiff's Eighth Amendment rights by failing to provide adequate medical care.")

[4] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

**8. Third Circuit Model Jury Instruction 4.6.1 – Liability in Connection with the Actions of Another – Supervisory Officials**

This is a request from the Plaintiff which the Defendants oppose. Counsel for Plaintiff informed undersigned that since the parties referred to the Defendants as supervisors during their summary judgment briefing, and since Mr. Tucker's original *pro se* pleading should be liberally construed, they are entitled to seek liability against Defendants Wetzel and Little for their roles as supervisors.

As this information came to light yesterday, Defendants are contemporaneously filing a Motion *in Limine* to preclude any argument, evidence, or jury instruction that references additional theories of liability against Defendant Wetzel or Defendant Little when the litigation to date has been predicated upon Defendants' personal decision to place Mr. Tucker on the RRL. At no time has Mr. Tucker's claims been predicated upon Defendants' supervision and the conduct of others or upon Defendants' supervisory decision to maintain policies, practices, and customs relevant to the RRL.

**9. Third Circuit Model Instruction 4.8.1, 4.8.2, 4.8.3 – Damages**

Defendants originally proposed the inclusion of this instruction with the changes outlined (or underlined) within Plaintiff's submission. The remaining issue that the parties could not agree upon is the items of damages Mr. Tucker claims. Defendants have outlined the differences in Footnote 6 below for the Court's review, but the instruction requested and agreed upon by both parties is:

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendant Wetzel or Defendant Little should be held liable.

If you find either defendant liable, then you must consider the issue of compensatory damages. You must award Tucker an amount that will fairly compensate him for any injury he actually sustained as a result of defendants' conduct.

Mr. Tucker is seeking to recover compensatory damages for mental or emotional damages; however, in order to award these damages Mr. Tucker must have demonstrated a physical injury that was greater than *de minimis*, or in other words, not insignificant or trivial.[5]

Mr. Tucker must show that the injury would not have occurred without defendants' act. Mr. Tucker must also show that defendants act played a substantial part in bringing about the injury, and that the injury was either a direct result of or a reasonably probable consequence of defendants' act.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Tucker claims the following items of damages:[6]

---

[5] 28 U.S.C. § 1997e(e); *see Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003).

[6] Defendants seek to limit the language to the following as the complaint indicates that the damages are non-descript physical and psychological detriments:

- Physical harm to Mr. Tucker during the events at issue, including ill health and physical pain.
- Emotional and mental harm to Mr. Tucker during the events at issue, including fear and mental anguish.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

If you return a verdict for Mr. Tucker, but he has failed to prove compensatory damages, then you must award nominal damages of $ 1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find an actual physical injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

In addition to compensatory or nominal damages, you may consider awarding Mr. Tucker punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant from committing such conduct in the future.

You may only award punitive damages if you find that a particular defendant acted maliciously or wantonly in violating Mr. Tucker's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.

---

Plaintiff's requested language:

- Physical harm to Mr. Tucker during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Mr. Tucker is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.
- Emotional and mental harm to Mr. Tucker during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Mr. Tucker is reasonably certain to experience in the future.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful.
- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that a particular defendant acted maliciously or wantonly in violating Mr. Tucker's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. Remember that you cannot award punitive damages unless you have found that the defendant in question acted maliciously or wantonly in violating Mr. Tucker's federal rights.

Bear in mind that when considering whether to use punitive damages to punish a defendant, you should only punish a defendant for harming Mr. Tucker, and not for harming people other than Mr. Tucker.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, Defendants are disappointed that the parties were unable to submit a joint proposal as requested by the Court and hope that they have provided responses to explain the parties' differences in order for the Court to determine appropriate jury instructions in this matter.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Date: September 23, 2026

By: *s/ Nicole R. DiTomo*

NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section
Attorney ID: 315325

*Counsel for Defendants*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 317-0112
Email: nditomo@attorneygeneral.gov

CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Chief Deputy Attorney General, Office of Attorney General, hereby certify that on September 23, 2026, I caused to be served a true and correct copy of the foregoing document titled *Defendants' Proposed Jury Instructions* to the following:

**VIA ECF**

Nia Holston, Esq.
Bret D. Grote, Esq.
Lolo Salsbury Serrano, Esq.
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
lolo@alcenter.org
*Counsel for Plaintiff*

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Chief Deputy Attorney General