**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASSAN A. TUCKER,** | : | **CIV. ACTION NO. 1:22-CV-631** |
| **Plaintiff** | : | **(JUDGE MANNION)** |
| **v.** | : | **ELECTRONICALLY FILED** |
| **JOHN E. WETZEL, *et al.*,** | : | |
| **Defendants** | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION IN LIMINE**

Plaintiff Mr. Tucker responds to Defendants' Emergency Motion in Limine as follows:

Both direct and supervisory theories of liability have always been at issue in this case and Defendants have been on notice of such. Mr. Tucker's pro se complaint did not require him to perfectly state the legal theory supporting his claim. *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

The prevailing caselaw is analyzed under both frameworks, and the theories of liability flow from the pursuit of damages against defendants sued in their individual capacities who also happen to be supervisors. Defendants' arguments rest in part on an interpretation of supervisory liability theories as categorically distinct from the elements of an Eighth Amendment claim on the merits, or as distinct from "individual capacity" claims. Neither distinction is supported. The requested

supervisory liability instructions merely give content to the specific, legally cognizable types of personal involvement applicable to defendants who happen to occupy the supervisory positions that the instant Defendants did. The merits prongs still apply; the claim is still brought in individual capacity. Defendants' arguments also rest in part on an attempt to relitigate issues already decided in this case.[1] Their arguments are without merit.

1. Agreed. Mr. Tucker filed his complaint on April 29, 2022.

2. Agreed, with clarification. The Complaint brings claims against Wetzel and Little in their individual capacities. All theories of liability for damages against Wetzel and Little, former state officials, necessarily *must* be brought against them in their individual capacities; they would otherwise be barred by the Eleventh Amendment. *See, e.g., Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), aff'd, 502 U.S. 21, (1991).

---

[1] For context, counsel for Mr. Tucker includes email exchanges with opposing counsel regarding the proposed jury instructions and verdict forms from September 22, 2026. Mr. Tucker contends that the appropriate vehicle for an objection to a particular instruction was already contemplated by this Court in its oral instructions given on September 9, 2026 at the pretrial conference. As an illustration, Mr. Tucker disagrees with Defendants' inclusion of an instruction drawn from the law governing denial of adequate medical care, which raises a novel defense suggesting that defendants may escape liability if they did not know medical professional were mistreating or not treating Mr. Tucker's mental health. Mr. Tucker, through his counsel, simply noted his objection in his proposed instructions. (Doc. 136 at 5, fn. 4).

3. Agreed. Judge Conner permitted the prolonged solitary confinement claim to proceed.

4. Agreed, with clarification. Plaintiff would place emphasis on different language within this sentence: "Tucker alleges that his RRL placement has ***led to continued solitary confinement*** since November 17, 2019, a period of over three years. We find this sufficient to allege a violation of the Eighth Amendment." (Doc. 22 at 11).

5. Disputed as stated. Judge Conner analyzed the Eighth Amendment claims by citing *Rode v. Dellarciprete*, a classical supervisory liability case, noting that “for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence,” and that there were insufficient allegations in the complaint to find such knowledge “beyond the fact of his solitary confinement.” With that being said, it is Plaintiff’s position that theories of supervisory liability – which still require proof of the two Eighth Amendment prongs of objective seriousness and subjective deliberate indifference, which still require a finding of causation, which still require and simply clarify long-recognized frameworks for personal involvement in a particular context – are entirely consistent with “conduct of placing or continuing to place” Mr. Tucker on the Restricted Release List.

6. Disputed as stated. The Eighth Amendment claim remaining after summary judgment was based on a theory that "placing Tucker on the RRL violates the Eighth Amendment because it results in prolonged solitary confinement." (Doc. 49 at 15). It cited *Clark*, which found an Eighth Amendment violation stated when "prison officials imposed solitary confinement for months, knowing the isolation carried a substantial risk of exacerbating [the plaintiff's] mental illnesses but keeping him there until he suffered serious harm." Clark, 55 F.4th at 183. Defendants strongly emphasize Judge Conner's use of the word "placement," while omitting the emphasis long recognized in the caselaw on the importance of duration and maintenance of solitary conditions in "prolonged solitary confinement" claims. With that being said, it is Plaintiff's position that theories of supervisory liability – which still require proof of the two Eighth Amendment prongs of objective seriousness and subjective deliberate indifference, which still require a finding of causation, which still require and simply clarify long-recognized frameworks for personal involvement in a particular context – are entirely consistent with establishing liability for "placement," initial or continued, of Mr. Tucker on the Restricted Release List.

7. Disputed. Defendant Wetzel and Little's status as supervisors and their knowledge of subordinate's conduct to the extent it bore on the fact of Mr. Tucker's solitary confinement was addressed at the motion to dismiss stage. (Doc. 22 at 14).

The policy governing the Restricted Release List, DC-ADM 802, has been extensively litigated, in disputes over exhaustion, in its incorporation into the order on the motion to dismiss (Doc. 22 at 12-13), and at summary judgment (*see* Doc. 44, Plaintiff's Obj. to Def.'s Motion at 5-7, noting Defendants' propounding of DC-ADM 802, their awareness of his mental health and suicide attempts, and their awareness of multiple other violations of rights "under the RRL as structured.")

8. Agreed. This paragraph correctly states the law of an Eighth Amendment violation on the merits, and is equally applicable to direct and supervisory theories of liability.

9. Agreed in part. *Palakovic v. Wetzel*, 854 F.3d 209 (3d Cir. 2017) did indeed involve application of the standard two-prong Eighth Amendment analysis of an objective prong, sufficiently serious deprivation, and a subjective prong, defendants' deliberate indifference to a substantial risk of serious harm. The *Palakovic* court was clear that this two-prong Eighth Amendment analysis has equal force against defendants who are supervisors, when such supervisors "knew or were aware of and disregarded an excessive risk to the [plaintiff's] health or safety[.]" *Id*. at 233 (*citing Beers-Capitol v. Whetzel*, 256 F.3d 120, 135 (3d. Cir. 2001)). The merits analysis is equally applicable to direct and supervisory theories of liability. As discussed previously and affirmed by this Court, *Williams* was an extension of

*Clark* for individuals on death row for the purposes of a qualified immunity analysis. *Rosario* is not binding precedent.

10. Agreed, with clarification. *See* ¶ 9.

11. Agreed, with clarification. *See* ¶ 9.

12. Agreed, with clarification. The court in *Clark v. Coupe* applied the standard two-prong Eighth Amendment analysis of an objective prong, sufficiently serious deprivation, and a subjective prong, defendants' deliberate indifference to a substantial risk of serious harm. While supervisory liability was not discussed explicitly in the Third Circuit opinion, Plaintiff notes that on remand and at retrial, the parties in *Clark* laid this standard Eighth Amendment analysis over theories of supervisory liability. *See* final jury instructions for retrial in *Clark v. Coupe*, Case No. 1:17-cv-00066-RGA, ECF No. 336 (June 27, 2024), on remand from the Third Circuit in *Clark v. Coupe*, 54 F.4th 167 (3d Cir. 2022) (attached to Plaintiff's pretrial memorandum, Doc. 125-2 at 12-26). These are mutually consistent and often overlapping. The Eighth Amendment merits prongs are always applicable; the supervisory instructions simply provide detail for individual-capacity personal involvement in a particular context.

13. Agreed, with clarification. See ¶ 12.

14. Disputed as stated. See ¶ 12. The *Clark* court did not incorporate penological justification into its articulation of his clearly established right, and

stated specifically that "[w]hy a prisoner is placed in solitary confinement is not an element in challenging that condition." 54 F.4th at 177, n. 9.

15. Disputed. This issue was litigated and resolved in this Court's order on Defendant's first motion in limine. (Doc. 126). *Williams v. Sec'y, Pa. Dept. of Corr.*, 117 F.4th 503 (3d Cir. 2024) did not clarify, limit, intend to limit, or in any way modify the holding of *Clark*, or the framework for Eighth Amendment liability in prolonged solitary cases.

16. Agreed, with clarification and emphasis. The *Williams* court was applying the *Palakovic/Clark* framework to the facts of the case for purposes of a fact-specific qualified immunity analysis.

17. Disputed as stated. This issue was litigated and resolved in this Court's order on Defendant's first motion in limine. (Doc. 126). The quoted holding was not a clarification. It was a statement of the clearly established right in the particular context of Williams' individual case, for purposes of qualified immunity.

18. Disputed as stated. The *Williams* opinion does not clarify, and did not need to clarify, whether a jury could ultimately be instructed on Secretary's personal involvement in Williams' solitary confinement through the lens of well-recognized supervisory frameworks. It remains the case in either event that Williams' clearly-established right would be the same, and the base Eighth Amendment two-prong

merits analysis would be the same. As in *Clark*, the applicability of supervisory liability instructions was not relevant to the qualified immunity analysis.

19. Agreed as stated. *Rosario* involved another fact-specific application of this long-standing body of law. It also was not binding precedent.

20. Disputed as stated. This Court has indicated that Defendants' arguments to read *Williams* as a clarification or limitation of *Clark* introducing new emphasis on penological justification are a "clear misreading of *Willams*." This court went on to state that "[t]he court did not limit – or intend to limit--*Clark's* holding to cases where there was no penological justification for the prolonged solitary confinement." (Doc. 126 at 5-6). Penological justification is not a newly-invented additional prong, nor it is not a newly-grafted aspect of the traditional subjective prong. It has, for years, been a potentially relevant fact bearing on the subjective prong, which ultimately consists of knowing of and disregarding a substantial risk.

21. Disputed as stated. As described above in ¶¶ 5-6, Defendants strongly emphasize Judge Conner's use of the word "placement," while omitting the emphasis long recognized in the caselaw on the importance of duration and maintenance of solitary conditions in "prolonged solitary confinement" claims. With that being said, it is Plaintiff's position that theories of supervisory liability – which still require proof of the two Eighth Amendment prongs of objective seriousness and subjective deliberate indifference, which still require a finding of causation, which

still require and simply clarify long-recognized frameworks for personal involvement in a particular context – are entirely consistent with establishing liability for "placement," initial or continued, of Mr. Tucker on the Restricted Release List.

22. Agreed. Supervisory liability is a description for the different ways a supervisor can be personally involved and found to cause a constitutional violation, either through establishment of a policy or custom, personal direction, or knowledge and acquiescence.

23. Disputed. Facts to support these bases for liability have always been present in this litigation. *Inter alia*, Judge Conner analyzed the Eighth Amendment claim in part through application of *Rode*; Defendants' status as supervisors of others is inherent in their former position as Secretaries and has been recognized in this case. However, it is Plaintiff's understanding that Defendants are primarily disputing the applicability of this legal instruction, not the presence of facts to support it. The facts supporting these legal theories are clear from the record.

24. Disputed as stated. Mr. Tucker's counsel is not attempting to amend the claims, improperly or otherwise. The claims against both defendants are Eighth Amendment violations for prolonged solitary confinement. Counsel has requested a set of instructions on long-recognized theories of the personal involvement sufficient to find individual capacity liability for these Eighth Amendment violations.

25. Disputed as stated. Amendment was not required for Plaintiff to request a set of instructions on long-recognized theories of the personal involvement sufficient to find individual capacity liability for these Eighth Amendment violations, the claim in this case.

26. Agreed, with clarification. Plaintiff is puzzled by the continued emphasis on the Defendants' "individual capacities." All constitutional liability for damages against state officials – direct, supervisory, or otherwise, in Eighth Amendment cases and other constitutional cases – is necessarily brought against them in their individual capacities. *See* supra, ¶ 2. As described above in ¶¶5-6 and 21, it is Plaintiff's position that theories of supervisory liability – which still require proof of the two Eighth Amendment prongs of objective seriousness and subjective deliberate indifference, which still require a finding of causation, which still require and simply clarify long-recognized frameworks for personal involvement in a particular context – are entirely consistent with establishing liability for "placement," initial or continued, of Mr. Tucker on the Restricted Release List.

27. Disputed as stated. As discussed *supra* in ¶¶ 24-25, Mr. Tucker's counsel is not attempting to amend the claims, improperly or otherwise.

28. Disputed. This case is still straightforward, it is still an individual liability case, and the Eighth Amendment claim still relies on Defendants' decisions regarding Mr. Tucker's placement and retention on the Restricted Release List. The

fact that Defendants promulgate the policies governing the Restricted Release List has always been known to all parties. The fact that subordinates are directly responsible for enforcing the Restricted Release List's terms, and that Defendants Wetzel and Little were sufficiently alleged to have known of Mr. Tucker's solitary confinement, has always been known to all parties. It is unclear how Defendants would be prejudiced given that policies have always been at issue in this case. Further, Mr. Tucker noted in his pretrial memorandum his intention to proceed under direct and supervisory liability theories. (Doc. 125 at 5-6). Defendants did not object or seek to raise this issue at the pretrial conference.

29. Disputed as stated. Mr. Tucker has not brought a facial claim arguing that Department of Corrections policy pertaining to the RRL violates the constitution. He is litigating, as he has always litigated, Defendants' individual conduct and personal involvement in the circumstances of his own placement and retention on the Restricted Release List.

DATED: September 8, 2026

Respectfully submitted,

*/s/ Nia Holston*
Nia Holston (PA 327384)
*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Lolo Salsbury Serrano**
Lolo Salsbury Serrano (PA 338184)
*/s/ Bassel El-Rewini**
Bassel El-Rewini (NY 6307334)

* *pro hace vice*

Abolitionist Law Center
990 Spring Garden Street, Suite 306
Philadelphia, PA 19123
(267) 357-0948
nia@alcenter.org
bretgrote@alcenter.org
lolo@alcenter.org
bassel@alcenter.org