ALC

Nia Holston <nia@alcenter.org>

# Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Mon, Sep 21, 2026 at 9:03 AM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>, Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>
Cc: "lolo@alcenter.org" <lolo@alcenter.org>

Good morning Nicole,

Please find our proposed jury instructions and our proposed verdict form below. As you suspected, we would not be able to agree to language regarding penological justification in the verdict form, particularly in light of Judge Mannion's ruling on your MIL and prevailing caselaw. You will notice, however, that we agreed to most of your proposed formulations. Happy to discuss. What time are you available to meet on Tuesday? Between 930 and 1030 would be best for me.

All the best,

Nia
[Quoted text hidden]

**2 attachments**

**260918 Verdict Form_Plaintiffs.docx**
30K

**2026.09.21 Proposed Jury Instructions_clean.docx**
43K

**Nia Holston <nia@alcenter.org>**

---

# Proposed Trial Materials

---

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 8:43 AM
To: Nia Holston <nia@alcenter.org>, Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>
Cc: "lolo@alcenter.org" <lolo@alcenter.org>, "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>

Nia,

I can make 9:30 work this morning. I am being pulled into a hearing at 11 (I believe). Could you please send me a red-line version of the proposed jury instructions. I'm not clear on what you changed or what you're proposing in the attachment.

I will note this is not a policy case or a supervisory liability case and any language about policy is strictly rejected. The Complaint is clear that the claims brought against Wetzel and Little are in their personal capacities only. (Doc. 1 ¶¶ 6-7) Nothing pled at any time suggested a claim of relief based on policy.

Nicole R. DiTomo
Chief Deputy Attorney General
Office of Attorney General
Civil Litigation Section
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Monday, September 21, 2026 9:03 AM
**To:** DiTomo, Nicole R. <nditomo@attorneygeneral.gov>; Bret Grote <bretgrote@alcenter.org>; Bassel El-Rewini <bassel@alcenter.org>
[Quoted text hidden]

[Quoted text hidden]

ALC

Nia Holston <nia@alcenter.org>

## Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 8:47 AM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>

Hi Nicole,

930 doesn't work for me anymore. Can we do 945? I can't send a redlined version now as I am driving but I will note that the changes should underlined.

Nia
[Quoted text hidden]

**Nia Holston <nia@alcenter.org>**

## Proposed Trial Materials

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 8:49 AM
To: Nia Holston <nia@alcenter.org>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>

9:45 should still work. Thank you.

Nicole R. DiTomo
Chief Deputy Attorney General
Office of Attorney General
Civil Litigation Section
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 22, 2026 8:47 AM
**To:** DiTomo, Nicole R. <nditomo@attorneygeneral.gov>
**Cc:** Bret Grote <bretgrote@alcenter.org>; Bassel El-Rewini <bassel@alcenter.org>; lolo@alcenter.org <lolo@alcenter.org>
[Quoted text hidden]

[Quoted text hidden]

ALC

Nia Holston <nia@alcenter.org>

## Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 9:21 AM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>

Great. Traffic was worse than I expected, but I will try to call as close to 945 as I can. Will definitely be before 10.
[Quoted text hidden]

ALC

Nia Holston <nia@alcenter.org>

## Proposed Trial Materials

**Lolo Serrano** <lolo@alcenter.org> Tue, Sep 22, 2026 at 9:36 AM
To: Nia Holston <nia@alcenter.org>
Cc: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>, Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>

Good morning all,

On the policy language, we adopted the language from Third Circuit model instructions that is used for supervisory officials in their personal, individual capacities. As we noted in the pretrial memorandum, Defendants describe themselves as Supervisory Defendants throughout their summary judgment briefing; Judge Conner analyzed Mr. Tucker's Eighth Amendment claims on the motion to dismiss under a direct-liability and supervisory-liability frameworks. The position of both defendants as supervisory officials, and the necessity of proving their personal involvement under applicable law, has been in this case since the beginning. The model instruction applies well-known frameworks used in *Rode v. Dellarciprete*, *Barkes v. First Corr. Med.*, *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, and other Third Circuit cases.

Lolo Serrano
[Quoted text hidden]

--
Lolo Serrano
Staff Attorney, Abolitionist Law Center
401-479-1339
lolo@alcenter.org

*CONFIDENTIALITY NOTICE: This email and any attachments may contain privileged or confidential information and is/are for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.*

ALC

Nia Holston <nia@alcenter.org>

# Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 10:57 AM
To: Lolo Serrano <lolo@alcenter.org>
Cc: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>, Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>

Good morning Nicole,

Please find the red-lined version of the jury instructions. Additionally, I will note that our understanding of the Judge's instructions were that counsel must agree on the verdict form and that counsel should seek agreement on the jury instructions, but that if there is not agreement, that they can separately propose individual instructions. With regard to your argument regarding supervisory liability, we disagree for reasons which we believe are dispositive.

Mr. Tucker is entitled to proceed against both defendants on both supervisory and direct liability frameworks. Even if we agreed that Mr. Tucker did not include clear information that he intended to proceed on a supervisory liability claim (which we dispute), he is not required to do so. It is settled caselaw that "[f]ederal pleading rules call for " a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." Johnson v. City of Shelby, Miss., 574 U.S. 10, 11, 135 S.Ct. 346, 346, 190 L.Ed.2d 309 (2014); Skinner v. Switzer, 562 U.S. 521, 530, 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011) ("Skinner's complaint is not a model of the careful drafter's art, but under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible "short and plain" statement of the plaintiff's claim, not an exposition of his legal argument.")

Further as Judge Mannion indicated in his prior decision on your Motion in Limine, pro se complaints are to be construed liberally. But even still, as we noted on the phone, Judge Conner already applied the Rode supervisory liability framework to Wetzel and Little in this case, at the pleading stage. He used that theory to dismiss the standalone conditions of confinement claim, but crucially, did not apply the same framework to the Eighth Amendment prolonged solitary confinement claim. Mr. Tucker's complaint references the decision chain to place him on the RRL, which included multiple actors within the DOC with the Secretary as the final approver, which is the actual knowledge and acquiescence branch of Rode. Further, in the complaint, Mr. Tucker references Wetzels July 8, 2021 memorandum which states that final approval currently remains at the discretion of the Secretary, which makes clear that Secretary-level authority over continuation and removal was an established feature of the process. Finally, we did mention our intention to proceed on a supervisory liability theory in our pretrial memorandum, and you did not raise an objection at the pretrial conference.

I know that you have a hearing today, but I'm still hopeful that we can reach some sort of agreement with the verdict form. We are open to considering whether to take out the specific policy question on the verdict form after you provide a response to these outlined arguments, but we will be requesting an instruction on supervisory liability as it is simply a theory of liability for individual capacity claims against defendants who also happen to be supervisors. I have time to meet after 1:30 today.

Nia
[Quoted text hidden]

**2026.09.20 Proposed Jury Instructions_redline.docx**
57K

ALC

**Nia Holston <nia@alcenter.org>**

# Proposed Trial Materials

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 2:40 PM
To: Nia Holston <nia@alcenter.org>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>, "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>

Nia,

The Complaint is clear that the claims asserted against Wetzel and Little are in their individual capacities. While I do not disagree that a pro se complaint should be liberally read, Judge Conner made it clear what claims were raised in the Complaint. (Doc. 22 at 6-7). Judge Conner liberally construed the Complaint. None of the claims present suggested or implied a supervisory liability claim against Wetzel or Little related to the RRL policy. Judge Conner gave Tucker the opportunity to amend his pleadings. He did not do so. When you and your firm entered your appearances, you could have sought additional time in good-faith to amend the pleadings, but you did not do so.

At summary judgment, Judge Conner again indicated that the claim that remains is based on a theory that placing Tucker on the RRL violates the Eighth Amendment because it results in prolonged solitary confinement. (Doc. 49 at 15). No where in the summary judgment opinion does Judge Conner suggest or imply a supervisory liability claim against Wetzel or Little. He pulls from the facts that policy indicates that the final decision whether to place or remove the inmate on the RRL is left to the secretary. (Doc. 49 at 5). Tucker alleges that at least Wetzel was the Secretary of the DOC at the relevant times. (Doc. 49 at 6). Judge Conner also points to Tucker's allegation that the defendants were aware of his mental illness when **they** placed him in solitary confinement and that the placement exacerbated the symptoms of his mental illness. (Doc. 49 at 15). Nothing in this portion of the analysis suggests a supervisory liability theory but places their individual involvement of placing Tucker on the RRL at issue.

Any suggestion that language in the Pretrial Memo permissibly amends the Complaint is rejected. Any suggestion that our reference to former Secretaries as supervisors permissibly amends the Complaint is rejected. There is no authority that would support either proposition.

Simply put, there has never been an indication that supervisory liability was a theory because there has never been an allegation of personal direction to a subordinate to engage in the unconstitutional conduct, *Kocher v. Larksville Boro,* 926 F. Supp. 2d 579 (2013); or a predicate constitutional violation. *Young v. City of Chester*, 764 Fed. App'x. 262 (3d Cir. 2019) *citing Startzell v. City of Philadelphia*, 533 F.3d 183, 204 (3d Cir. 2008). All of Tucker's alleged predicate violations were dismissed in this litigation. Placement onto the RRL is not a constitutional violation and nothing else was pled in the four-corners of the complaint.

I'll review your proposed red-lines in other areas for ways in which we can agree, but we will need to inform the Court of this clear disagreement of your attempts to improperly amend the complaint prior to trial.

Nicole R. DiTomo, Chief Deputy Attorney General
Pennsylvania Office of Attorney General
Civil Litigation Section
Harrisburg, Pennsylvania
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 22, 2026 10:57 AM
**To:** Lolo Serrano <lolo@alcenter.org>
**Cc:** DiTomo, Nicole R. <nditomo@attorneygeneral.gov>; Bret Grote <bretgrote@alcenter.org>; Bassel El-

Rewini <bassel@alcenter.org>

[Quoted text hidden]

[Quoted text hidden]

**Nia Holston <nia@alcenter.org>**

## Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 3:22 PM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>, "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>

Nicole,

A couple of quick points in response. Yes, the claims asserted against Wetzel and Little are done in their individual capacities. That is the correct vehicle for a theory of liability premised upon both direct and supervisory liability, not an official capacity claim. Supervisory liability is the standard for personal involvement that applies to an individual-capacity Eighth Amendment claim against people in their positions. That is not new. Wetzel and Little are supervisory defendants, and always have been in this case. Judge Conner already applied Rode's personal involvement standard to them at the motion to dismiss stage. He used it to dismiss some claims, just not this one. That is the standard that we want the jury instructed on now.

Rode gives two ways to meet that standard through personal direction, or actual knowledge and acquiescence. We can proceed on both - the decision chain for RRL placement and continuation is clear from the complaint, and moreover, this entire case is about Wetzel and Little authorizing and maintaining Mr. Tucker in solitary, and that gets carried out by subordinate staff precisely because they authorized it. And Judge Conner's opinion clearly states that placement alone is sufficient to allege a violation of the Eighth Amendment.

Finally, since the RRL claim wasn't dismissed, there was nothing to amend. And we're not amending the Complaint now. The direct and supervisory frameworks have been the theories of liability for this entire case, and the Court has described it in those ways.

Either way, we still need to finalize a verdict form. Can you let me know if you are ok with the verdict form (without question 2C) by 4 pm? If you wish to contact the court about the jury instructions when you send the proposed version to them, I think you can flag that in your objections to our instructions.

Nia
[Quoted text hidden]

**Nia Holston <nia@alcenter.org>**

## Proposed Trial Materials

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 3:39 PM
To: Nia Holston <nia@alcenter.org>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>

Nia,

I cannot consent to the verdict form and Question 2 C when I oppose the existence of a policy argument for liability.

Nicole R. DiTomo, Chief Deputy Attorney General
Pennsylvania Office of Attorney General
Civil Litigation Section
Harrisburg, Pennsylvania
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 22, 2026 3:22 PM
**To:** DiTomo, Nicole R. <nditomo@attorneygeneral.gov>
**Cc:** Bret Grote <bretgrote@alcenter.org>; Bassel El-Rewini <bassel@alcenter.org>; lolo@alcenter.org <lolo@alcenter.org>; Defelice, Chase <chdefelice@pa.gov>
[Quoted text hidden]

[Quoted text hidden]

ALC

**Nia Holston <nia@alcenter.org>**

## Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 3:45 PM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>

Nicole - we are proposing cutting 2C. Are you able to agree to the rest of the verdict form without 2C? I believe you proposed the other questions and we provided edits. That is what we are asking to send to the judge.
[Quoted text hidden]

ALC

Nia Holston <nia@alcenter.org>

## Proposed Trial Materials

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 4:11 PM
To: Nia Holston <nia@alcenter.org>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>

Nia,

I accepted your changes to Q. 1 and 3. And I generally accepted your suggestions.

I rejected the changes to Q5 as you must show that each individual defendant caused individual harm to Mr. Tucker to proceed against that individual defendant for damages. I did, however, modify the request as you had indicated. I also rejected the changes to Q6, Q7, and Q8 to return to the original again since the jury needs to determine individual damages.

I would like to show the Judge my request to Q.4 so I kept the edit as a tracked change for the Court to decide upon.

Nicole R. DiTomo, Chief Deputy Attorney General
Pennsylvania Office of Attorney General
Civil Litigation Section
Harrisburg, Pennsylvania
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 22, 2026 3:45 PM
[Quoted text hidden]

[Quoted text hidden]

---

**260922 Verdict Form_Joint.docx**
27K

ALC

Nia Holston <nia@alcenter.org>

# Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 4:53 PM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>

Nicole,

We can accept your remaining changes provided that there are additional sentences on the instructions for 6B. We made that change in the attached document. We would also like to include a footnote since you request to keep the tracked change re penological justification in for Judge Mannion. We are happy to send the final version once you agree.

Thanks,

Nia
[Quoted text hidden]

**260922 Verdict Form_Joint - 1.docx**
28K

ALC

Nia Holston <nia@alcenter.org>

## Proposed Trial Materials

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 5:21 PM
To: Nia Holston <nia@alcenter.org>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>, "lolo@alcenter.org" <lolo@alcenter.org>, "Defelice, Chase" <chdefelice@pa.gov>

The modifications as presented are accepted. Thank you.

Nicole R. DiTomo, Chief Deputy Attorney General
Pennsylvania Office of Attorney General
Civil Litigation Section
Harrisburg, Pennsylvania
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 22, 2026 4:53 PM
[Quoted text hidden]

[Quoted text hidden]

ALC

**Nia Holston <nia@alcenter.org>**

## Proposed Trial Materials

**DiTomo, Nicole R.** <nditomo@attorneygeneral.gov> Tue, Sep 22, 2026 at 9:47 PM
To: Nia Holston <nia@alcenter.org>, Lolo Serrano <lolo@alcenter.org>
Cc: Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>

Nia,

I have reviewed the red line of the proposed jury instructions. Here is a summary of the changes reflected:

1. In reviewing Instruction 1.7 it did not appear that you were proposing any changes from the original model, so I cut the text to be consistent with headings that come later. If I was incorrect and missed something I did not otherwise have an issue with requesting the inclusion of 1.7.
2. For Instruction 3.1, as I note in my comment, I'm not opposed to the model language, but disagree with your requested assertions from the criminal instructions and the instructions from *Binkovich*. Please let me know if you wish for me to insert a footnote with a request in these jointly proposed instructions or if you wish to file your own so that I can update how this appears.
3. I accepted all proposed changes to 1.2, 4.3 & 4.4.
4. I accepted all initially proposed changes to 4.5, 4.11.1, and Ninth Circuit 9.31. Since we have a difference of opinion as it relates to justification, I added a footnote showing where the bracket would have existed in the model instruction and list both of our requested proposals.
5. Defendants continue to reject the supervisory official liability theories. Please advise if you wish to use a footnote or submit a separate proposed instruction here. I am also attaching a draft motion for your review that I plan to file tomorrow after noon. My proposed order will request a conference call on the issue with Judge Mannion. Please let me know if you concur in my motion or if review of the motion changes your position on this jury instruction and argument.
6. I accepted all the proposed changes to the damage's portions, but I note that you had not proposed modifications to the types of damages claimed. Please review my new edits and advise if you concur or if you have other potential changes.

Lastly, I am attaching my edits to your proposed undisputed facts.

Nicole R. DiTomo, Chief Deputy Attorney General
Pennsylvania Office of Attorney General
Civil Litigation Section
Harrisburg, Pennsylvania
Tele: (717) 317-0112

**Please note that my working hours may not be your working hours; there is no expectation to read or reply to this message outside of your working hours.*

---

**From:** Nia Holston <nia@alcenter.org>
**Sent:** Tuesday, September 22, 2026 10:57 AM
**To:** Lolo Serrano <lolo@alcenter.org>
**Cc:** DiTomo, Nicole R. <nditomo@attorneygeneral.gov>; Bret Grote <bretgrote@alcenter.org>; Bassel El-Rewini <bassel@alcenter.org>

[Quoted text hidden]
[Quoted text hidden]

**3 attachments**

**260922 Proposed Jury Instructions_v2.docx**
46K

**260922 Motion re_Supervisory Liability.docx**
33K

**260908 - Tucker - Draft of Undisputed Facts (nrd edits).docx**
29K

Nia Holston <nia@alcenter.org>

# Proposed Trial Materials

**Nia Holston** <nia@alcenter.org> Tue, Sep 22, 2026 at 10:11 PM
To: "DiTomo, Nicole R." <nditomo@attorneygeneral.gov>, "Defelice, Chase" <chdefelice@pa.gov>
Cc: Lolo Serrano <lolo@alcenter.org>, Bret Grote <bretgrote@alcenter.org>, Bassel El-Rewini <bassel@alcenter.org>

Nicole -

As Judge Mannion instructed in the final pretrial conference and as clarified in an earlier email, the expectation is for parties to file separate jury instructions. I'm glad we were able to reach agreement on a substantial proportion of these instructions, and we can make separate filings noting the points of disagreement. We will oppose this emergency motion (and the request for a phone conference) on the grounds laid out earlier in this thread, as the supervisory instructions are simply a previously-contemplated pathway toward individual capacity liability. It seems the points on penological justification are a relitigation of the motion in limine the court has already denied. Judge Mannion will make the final decision on all fronts.

We will turn to your statement of undisputed facts as soon as we can.

Nia
[Quoted text hidden]