**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

The Honorable Malachy E. Mannion

United States District Court
William J. Nealon Federal Building and United States Courthouse
235 North Washington Avenue, Room 415
Scranton, PA 18503

***SUBMITTED VIA ECF***

Re: Letter Brief Regarding Opening Arguments and Documentary Evidence

Judge Mannion,

Please accept this letter brief raising two issues concerning opening statements and certain specific documentary evidence containing prejudicial details related to Mr. Tucker's conviction and prior convictions/adjudications. Plaintiff is concerned that these details may be previewed in opening argument before Plaintiff has an opportunity to object to evidence or testimony contemporaneously.

This Honorable Court's order on September 9, 2026 denied Plaintiff's first motion *in limine* regarding evidence of Plaintiff's criminal conviction "without prejudice to plaintiff's right to argue that certain evidence or testimony introduced during trial is unfairly prejudicial pursuant to Federal Rule of Evidence 403." (Doc. 128 at 3).

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

Plaintiff presents this argument through an additional pretrial writing with the hope of resolving logistical questions related to presentation of documentary evidence, and to ensure that specific prejudicial details are not previewed in opening argument before a contemporaneous objection could be raised during testimony.

Certain of Defendants' exhibits contain brief paragraphs with the name and age of the woman shot and killed in the case for which Mr. Tucker was convicted, with additional gruesome and unnecessary reference to the specific manner of death. In Defendants' "Incarceration Details" exhibits, the paragraphs are at Def.'s Ex. 01E at 5-6, Def.'s Ex. 02E, 04E, 05E, and 06E at 2-3 ("Per the Criminal Complaint, near the 6700 block of north 17th St, Philadelphia. Hassan Tucker caused the death of Judy Bailey by producing a firearm without a license by firing at and shooting Ms. Bailey in the stomach and then repeatedly shooting her in the head." … "According to Tucker he was mistakenly pointed out as the person who shot and killed Judy Bailey, age 48. He denies being involved or at the scene.") as well' as Def.'s Ex. 01E at 15 and Def.'s Ex. 02E, 04E, 05E, and 06E at 12 ("The current victim was reported to be 48 year old Judy Bailey"). Additionally, references to his juvenile adjudication are also reported in Def.'s Ex 01E ("When Tucker was convicted at the age of 14 for Reckless Endangerment, he reported that the person who was shot was a 14 year old boy."), Def.'s Ex. 02E ("Tucker was shooting a BB gun at an abandoned car and

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

somebody walked by. Later the person called his mother and told that her son had shot them. Victim was a kid, Tucker's own age. Tucker reported that he received 3-months probation and had to pay fines, cost, and restitution."), Def's Ex. 04E (the same information), Def's Ex. 05E (the same information), Def's Ex. 06E (the same information).[1]

The information in these paragraphs relating to the conviction that he is serving is drawn from the criminal complaint, not purporting to be what Mr. Tucker was found guilty of beyond a reasonable doubt. The reliability of this information is thus inherently suspect.[2] Even accepting, however, that the jury will be instructed it is not put forward for its effect on the listener rather than its truth, these particular details are vastly more prejudicial than they are probative. They are buried within the later pages of extensive RRL packets that Defendant Wetzel reviewed. At a minimum, the repetitious inclusion of this detail is unnecessarily cumulative; but even one exposure to the name, age, and manner of death of the victim is far more likely to unfairly inflame and prejudice the jury than it is to legitimately inform their adjudication of this civil action.

---

[1] The phrase, Minor Victim information is also redacted in this exhibit.

[2] Plaintiff also seeks redactions of his prior criminal history, including the charges. No details of those convictions are discussed in these exhibits, however they are still unfairly prejudicial and their relevance is circumspect.

ABOLITIONIST LAW CENTER

Abolitionist Law Center
990 Spring Garden Street Suite 306
Philadelphia, PA 19123
abolitionistlawcenter.org

The same details, citing to the same source, is repeated in the summation "checklists" of the two latest RRL packets dated 2023, not the prior three dated 2019, 2020-21, and 2022.[3] These latter documents have even less probative force regarding their effect on a listener at issue, given that Defendant Little was not required by policy to review these packets. Overall, however, the Rule 403 arguments applicable to these paragraphs are the same. Above and beyond the fact of Mr. Tucker's conviction and the nature of his conviction, the name, age, and – as alleged in a complaint, rather than as substantiated at trial – the specific manner of death of a 48-year-old woman are extraordinarily damaging for a jury to see, vastly outweighing any probative value for Mr. Tucker's continuation (much less his removal from) the RRL.

The legal argument in support of excluding Mr. Tucker's conviction generally was presented at length in Plaintiff's First Motion in Limine (Doc. 106). *See Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) ("A murder conviction, on the other hand, has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the

---

[3] Def.'s Ex. 05C at 1, Def.'s Ex. 06C at 1.

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

entire case may be impaired"); *Delker v. Blaker*, No. CIV.A. 09-710, 2012 WL 726415, at *2 (W.D. Pa. Mar. 1, 2012); *Green v. Bock Laundry Mach. Co*., 490 U.S. 504 (1989). The analysis of the prejudicial effect of the murder conviction applies with even more force to specific, inflammatory details sourced from a criminal complaint. For the purposes of this motion, Mr. Tucker is not arguing that the details

Plaintiff notes that one of the proposed redacted paragraphs also contains an explicit reference to Mr. Tucker's denial of these charges and maintenance of his innocence, but in the interest of full and minimally confusing redaction, proposes elimination of the full paragraphs containing the name, age, and/or manner of death of the victim.

Mr. Tucker believes that the risk of unfair prejudice from these particular documents warrants their redaction prior to presentation at trial, as well as their omission from opening arguments.

Mr. Tucker reserves the right to object to certain additional evidence or testimony introduced during trial related to his criminal conviction under Fed. R. Evid. 403.

DATED: September 27, 2026

Respectfully submitted,

*/s/ Nia Holston*
Nia Holston (PA 327384)

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Lolo Salsbury Serrano**
Lolo Salsbury Serrano (PA 338184)
*/s/ Bassel El-Rewini**
Bassel El-Rewini (NY 6307334)

* *pro hace vice*

Abolitionist Law Center
990 Spring Garden Street, Suite 306
Philadelphia, PA 19123
(267) 357-0948
nia@alcenter.org
bretgrote@alcenter.org
lolo@alcenter.org
bassel@alcenter.org

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASSAN A. TUCKER,** | : | **CIV. ACTION NO. 1:22-CV-631** |
| | : | |
| **Plaintiff** | : | **(JUDGE MANNION)** |
| | : | |
| **v.** | : | **ELECTRONICALLY FILED** |
| | : | |
| **JOHN E. WETZEL, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that the within letter has been filed electronically and is available for viewing and downloading from the ECF system.

/s/ Nia Holston
Nia Holston (PA 327384)

DATE: September 27, 2026