ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

The Honorable Malachy E. Mannion

United States District Court
William J. Nealon Federal Building and United States Courthouse
235 North Washington Avenue, Room 415
Scranton, PA 18503

**SUBMITTED VIA ECF**

Re: Plaintiff's Statement on the PLRA Physical Injury Requirement

Judge Mannion,

Plaintiff attaches several cases to support his position regarding the Prison Litigation Reform Act's physical injury requirement, 42 U.S.C. 1997e(e). First, the Third Circuit does not read a "prior showing of physical injury" to impose any necessary temporal relationship between a physical injury and compensable mental or emotional damages. Second, self-inflicted physical injuries, including suicide attempts, are qualifying. And third, injuries are commonly aggregated or considered in their totality to clear the "greater than *de minimis*" bar.

Attached first is *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003), the leading case on interpretation of the PLRA's physical injury requirement in the Third Circuit. The Court granted the plaintiff in *Mitchell* leave to amend his complaint for evidence of physical injuries that "inevitably followed" from the conditions giving rise to liability, for which the plaintiff was seeking recovery primarily for mental and

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

emotional injury. *Mitchell*, 318 F.3d at 534. The court held, in essence, that sufficient injuries for PLRA purposes can be those that "result from such deprivation" being litigated. *Id.* This remand and amendment would be entirely inconsistent with an interpretation that "prior injury" must occur before, or give rise to, recoverable mental and emotional damages. To the extent that any of Mr. Tucker's physical injuries "followed" or "resulted" from the same conditions that gave rise to his mental and emotional injuries, or co-occurred with those mental and emotional injuries, *Mitchell* holds that this order of operations is no bar.

Attached second is *Hinton v. Mark*, 544 Fed. Appx. 75 (3d Cir. 2013). While unpublished, *Hinton* stands for multiple relevant propositions. Underscoring that the Third Circuit places no particular temporal emphasis on the statutory language of a "prior physical injury," the court summarized the physical injury requirement of § 1999e(e) as a requirement of an "*accompanying* physical injury" (emphasis added). More germane to some of the injuries for which evidence has presented in the instant case, the *Hinton* court reversed dismissal of a prisoner's complaint for damages based on failure to prevent a suicide attempt by ingestion of pills, resulting in hospitalization: "[t]o the extent that the Magistrate Judge concluded that Hinton's claim failed because he did not satisfy the physical injury requirement of 42 U.S.C.

ABOLITIONIST LAW CENTER

Abolitionist Law Center
990 Spring Garden Street Suite 306
Philadelphia, PA 19123
abolitionistlawcenter.org

§ 1997e(e), this was error." *Hinton*, 544 F. App'x at 77 n.2. Self-inflicted injuries are compensable in this circuit. Plaintiff attached further persuasive district-court authority on this point in his response to Defendants' second motion *in limine*. (Doc. 120).

Attached third is *Hall v. Klemm,* No. CV 15-20 E, 2017 WL 913954, at *15 (W.D. Pa. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 913803 (W.D. Pa. Mar. 7, 2017). This is persuasive authority demonstrating a common way that physical injuries are analyzed under this statutory provision. Physical impacts are analyzed in their totality to give rise to a greater than *de minimis* qualifying injury. In *Hall*, the plaintiff suffered from "weight loss, dizziness, fatigue, and headaches." The court cited to *Munn v. Toney,* 433 F.3d 1087, 1089 (8th Cir. 2006), which aggregated "headaches, cramps, nosebleeds, and dizziness" as sufficient to give rise to a qualifying physical injury.

Mr. Tucker has presented evidence of his suicide attempt on April 27, 2020, and evidence that this suicide attempt was a direct result of his despair from placement on the RRL. He has presented evidence that this suicide attempt resulted in several physical injuries, including loss of consciousness, bruises, days of medical treatment in an outside hospital for an elevated hormone reflecting deprivation of

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

oxygen when he was hanging. Mr. Tucker has also presented evidence that he developed digestive issues while on the RRL; continued to experience digestive issues throughout his time on the RRL; and continues to experience these digestive issues to his day, resulting in a diagnosis of Irritable Bowel Syndrome. He has presented evidence that his headaches and migraines worsened considerably on the RRL and have remained chronic, with particular light sensitivity developing while in the constantly illuminated conditions of the RRL. He has presented evidence of visual floaters and hallucinations developing during his time on the RRL. These constitute a greater than *de minimis* physical injury sufficient to recover mental and emotional damages; the fact that certain of the injuries are self-inflicted is of no moment for the PLRA; and there is no temporal requirement that compensable mental injuries must follow from the physical ones. Mr. Tucker may present a claim for compensatory damages to the jury.

DATED: September 30, 2026

Respectfully submitted,

*/s/ Nia Holston*
Nia Holston (PA 327384)
*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Lolo Salsbury Serrano**
Lolo Salsbury Serrano (PA 338184)

ABOLITIONIST LAW CENTER

**Abolitionist Law Center**
**990 Spring Garden Street Suite 306**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

*/s/ Bassel El-Rewini**
Bassel El-Rewini (NY 6307334)

* *pro hace vice*

Abolitionist Law Center
990 Spring Garden Street, Suite 306
Philadelphia, PA 19123
(267) 357-0948
nia@alcenter.org
bretgrote@alcenter.org
lolo@alcenter.org
bassel@alcenter.org

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record and serve a copy of the same filing via electronic mail on all parties.

**VIA ECF**

*<u>/s/ Lolo Salsbury Serrano</u>**
Lolo Salsbury Serrano (PA 338184)