UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER, | : | |
| Plaintiff | : | CIV. NO. 1:22-CV-631 |
| v. | : | (JUDGE MANNION) |
| JOHN E. WETZEL, | : | |
| Defendant | : | |

# JURY INSTRUCTIONS

## COURT EXHIBIT #2

## INTRODUCTION

At the outset, I extend my thanks and appreciation to you for your jury service and your attentiveness and patience during the trial.

The jury system is one of the great instruments of a free society. You serve in this court as representatives of the people, charged with the duty of participating in the administration of justice. It is a solemn and serious duty, and you are expected to perform this duty without bias or prejudice as to any party. You should not permit yourselves to be influenced by sympathy, prejudice or public opinion. I am sure that you understand the high duty imposed upon you as citizens and jurors, to consider the evidence honestly, fairly and impartially, and by your verdict to do justice both to the plaintiff and to the defendant. And if, members of the jury, you render a fair, honest and impartial verdict in

this case, then, regardless of the consequences, no one connected with this case or in any way interested in its outcome, has a right to complain, because all that one can expect to achieve under the law is a fair and impartial trial. If a fair and honest verdict is rendered by you, after considering all the evidence and following the law as stated by the court, then your duty has been performed with honor. On this basis only can justice be achieved.

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in these instructions of the court and to apply the law as given to the facts as you find them from the evidence before you.

## INSTRUCTIONS AS A WHOLE

You must not single out any one instruction alone as stating the law, but you must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any rule of law. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base your verdict upon any other view of the law than that given in these instructions of the court.

## EQUALITY OF ALL PARTIES

This case should be considered by you as an action between persons of equal worth in holding the same or similar positions in life.

## EVIDENCE

As I told you in my preliminary instructions, the evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated—that is, formally agreed to by the parties; and
4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers;

3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside this courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experiences with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

As I also told you in my preliminary instructions, the Rules of Evidence control what can be received into evidence. During the trial, the lawyers objected when they thought that evidence was offered that was not permitted by the Rules of Evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under these rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or by any bench or sidebar conferences you possibly may have overheard. When I overruled an objection, the question was answered, or the exhibit was received as evidence. You should treat the testimony or exhibit like any other.

When I sustained an objection, the question was not answered, or the exhibit was not received as evidence. You must disregard those questions or exhibits entirely. Do not think or guess about what a witness might have said as an answer to the question. Do not think or guess about what the exhibit might have shown. Sometimes, a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by any testimony or other evidence that I have told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence, and it is not binding upon you. It is your recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume for anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his or her own senses—something the witness has seen, felt, touched, heard, or did. If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is "circumstantial evidence." Circumstantial evidence is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that

would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## STIPULATION OF FACT

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

## INFERENCES

Members of the jury, your fundamental job, in this case, is to find and ferret out the truth. In other words, what are the true facts? What actually happened here? You are the sole judges of the facts, and you are also the persons who have to draw whatever inferences may logically be drawn from the facts as you see them. Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

In determining the truth, of course, you must consider the testimony of the witnesses and the exhibits received in evidence. In doing this, again it is your recollection of the testimony that governs and

not the court's nor counsel's. Statements of counsel in their arguments or presentations are not evidence in this case.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. “Credibility” means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1. the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
2. the quality of the witness’s understanding and memory;
3. the witness’s manner while testifying;
4. whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

5. whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
6. how reasonable the witness's testimony is when considered in light of other evidence that you believe; and
7. any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

## CONFLICTING TESTIMONY

You may find inconsistencies within the testimony of a single witness or conflicts among the testimony of several witnesses. Conflicts or inconsistencies do not necessarily mean that a witness intentionally lied. Sometimes, two or more persons witnessing the same incident will see, hear, or remember it differently. Sometimes, a witness remembers incorrectly or forgets. If the testimony of a witness seems inconsistent within itself, or if the testimony of several witnesses conflicts, you should try to reconcile those differences. If you cannot reconcile the differences, then you must decide which testimony, if any, you believe.

## INTEREST OF THE WITNESS

You have the right to consider the interest of the particular witness in the outcome of the case and whether or not the witness, due to some interest in the parties or the outcome of the case, has allowed that interest to color or bias his or her testimony. If there are inconsistencies or contradictions in the testimony of different witnesses, it is your duty to reconcile them if you can. If you cannot, then you must determine who is telling the truth and who is not. In addition, I have not indicated any opinion concerning the weight you should give the evidence or to any part of it. It is for you and you alone to decide the weight to be given to all the testimony.

## IMPEACHMENT - INCONSISTENT STATEMENTS

## FALSE IN ONE, FALSE IN ALL

A witness may be discredited or impeached by contradictory evidence; or by evidence that at other times the witness has made statements which are inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## NUMBER OF WITNESSES AND EXHIBITS

You must "weigh the evidence" and "evaluate the believability of the witnesses" in order to decide the facts in this case. The number of witnesses and the number of exhibits offered by a party does not, alone, determine the weight of the evidence. The believable testimony of one witness presented by one party may outweigh the testimony of many witnesses presented by another party. You should only consider the number of witnesses presented by a party in reaching your verdict if the evidence presented by the parties seems equal in weight and credibility.

## OPINION TESTIMONY

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Dr. Lauren Kois, who was permitted to offer her opinion in the field of forensic psychology because of her knowledge, skill, experience, training or education in those fields.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing opinion testimony, you may consider the witness's qualifications, the reasons for the witness's opinion, and the reliability of the information supporting the witness's opinion, as well as the other factors discussed in these instructions for weighing the testimony of

witnesses. You may disregard the opinion entirely if you decide that the opinion is not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinion if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

## PREPONDERANCE OF THE EVIDENCE

Members of the jury, the party seeking to recover damages has the burden of proving his case. The plaintiff, in this case, has the burden of proof. That is, Plaintiff must prove the necessary ingredients to establish the validity of his claim for damages. It is Plaintiff's responsibility to prove damages by the fair weight or fair preponderance of the evidence. Fair weight or fair preponderance of the evidence is a legal phrase, meaning that the credible evidence supporting a certain conclusion is more convincing to the jury—weightier in the jurors' minds—than the evidence that contradicts or disputes such a conclusion.

Think about the scales of justice or an old-fashioned balance scale with a pan on each side to hold objects. Imagine using this scale as you

deliberate in the jury room. Place all the believable evidence favorable to Plaintiff in one pan. Place all the believable evidence favorable to Defendant in the other pan. If the scales tip, even slightly, to Plaintiff's side, then he has met his burden of proving that fact. If, however, the scales tip, even slightly, toward Defendant's side, or if the two sides balance equally, then Plaintiff has not met his burden of proof.

This is a civil case and not a criminal case. Plaintiff need not prove his case to you by proof beyond a reasonable doubt. Plaintiff's obligation is to present proof by a preponderance of the credible evidence and testimony.

Plaintiff has to prove his claim by testimony that, in your judgment, outweighs the evidence opposed to it. The weight to be given to the testimony does not depend solely upon the number of witnesses.

Rather, it depends upon the credibility of those witnesses, which is for you alone to determine.

**DISMISSED/WITHDRAWN DEFENDANT**

George Little is no longer a defendant in this case. You should not consider any claims against George Little. Do not speculate on the reasons. You should decide this case as to the remaining parties, Hassan Tucker and John Wetzel.

## SECTION 1983 INTRODUCTORY INSTRUCTION

Plaintiff is suing under 42 U.S.C. §1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

## SECTION 1983 – ELEMENTS OF CLAIM

Plaintiff must prove both of the following elements by a preponderance of the evidence:

First, that Defendant acted under color of state law

Second: While acting under color of state law Defendant deprived Plaintiff of a federal constitutional right.

Because Defendant was the Secretary of the Pennsylvania Department of Corrections at the relevant time, I instruct you that he was acting under color of state law. In other words, this element is not in dispute. I will now tell you the elements Plaintiff must prove to establish the violation of his federal constitutional rights.

## SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT

I have already instructed you on the first element of Plaintiff's claim, which requires him to prove that Defendant acted under color of state law.

The second element of Plaintiff's claim is that Defendant's conduct deprived Plaintiff of a federal constitutional right.

## SECTION 1983 – EIGHTH AMENDMENT CLAIM

Plaintiff claims that the conditions of his confinement violated his Eighth Amendment constitutional right to be protected from cruel and unusual punishment.

In this case, Plaintiff claims that Defendant violated the Eighth Amendment by showing deliberate indifference to a substantial risk of serious harm when placing Plaintiff on the Restricted Release List in 2019 and continuing to place Plaintiff on the Restricted Release List in subsequent reviews because it resulted in prolonged solitary confinement.

In order to establish his claim for a violation of the Eighth Amendment Plaintiff must prove each of the following by a preponderance of the evidence:

First, Plaintiff faced a substantial risk of serious harm;

Second, Defendant was deliberately indifferent to that risk, that is, Defendant knew of it and disregarded it by failing to take reasonable measures to address it; and,

Third, the act of placing, or continuing to place Plaintiff on the Restricted Release List caused harm to Plaintiff.

I will now proceed to give you more details on the first and second of these requirements.

**First**, Plaintiff must show that he faced a substantial risk of serious harm.

**Second**, Plaintiff must show that Defendant was deliberately indifferent to that substantial risk of serious harm. Deliberate indifference is the conscious choice to disregard the consequences of

one's acts or omissions. Plaintiff must show that Defendant separately knew of an excessive risk to Plaintiff's mental health, and that Defendant disregarded that risk by failing to take reasonable measures to address it.

In evaluating whether Defendant's failure to take measures to address a known substantial risk was reasonable, you may also consider he had a legitimate penological purpose behind his conduct. The existence of such a penological purpose, however, does not by itself decide this case. Even if you find that Plaintiff was placed on the Restricted Release List for a justified penological purpose, you may still find that Defendant violated his Eighth Amendment rights.

Further, in order to assess liability against Defendant, Plaintiff must show that he had personal involvement in the alleged wrongs.

Personal involvement may be shown through direct participation in the decision to place or continue Plaintiff on the Restricted Release List.

## SECTION 1983 - DAMAGES – COMPENSATORY DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you find Defendant liable, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of Defendant's conduct.

Plaintiff is seeking to recover compensatory damages for mental or emotional injuries; however, in order to award those damages Plaintiff must have demonstrated a physical injury that

was greater than *de minimis*, or in other words, not insignificant or trivial.

Plaintiff must show that the injury would not have occurred without Defendant's acts. Plaintiff must also show that Defendant's acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's acts.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiff claims the following items of damages:

- Physical harm during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.
- Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at

all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## SECTION 1983 – NOMINAL DAMAGES

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if they suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## SECTION 1983 – DAMAGES – PUNITIVE DAMAGES

In addition to compensatory or nominal damages, you may consider awarding Plaintiff punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that Defendant acted maliciously or wantonly in violating Plaintiff's federally protected rights.

• A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he

consciously desires to injure the plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

• A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that Defendant acted maliciously or wantonly in violating Plaintiff’s federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may

decide to award punitive damages, or you may decide not to award them. Remember that you cannot award punitive damages unless you have found Defendant acted maliciously or wantonly in violating plaintiff's federal rights.

Bear in mind that when considering whether to use punitive damages to punish Defendant, you should only punish Defendant for harming Plaintiff, and not for harming people other than Plaintiff.

## CLOSING INSTRUCTIONS

## SELECTION AND DUTY OF THE FOREPERSON

Your first duty, members of the jury, is to select among yourselves a foreperson. The foreperson will be charged with administering your deliberations. It is important to understand that the foreperson has no more power or authority than any other juror. The vote of the foreperson is equal to the vote of any other juror.

## COMMUNICATION WITH OTHERS & ELECTRONIC MEDIA

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide

this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

## COMMUNICATIONS WITH THE COURT

If during the course of your deliberations there is a need for you to communicate with the court, you will do so in writing. It should be in the form of a question, reduced to writing and signed by the foreperson. Place the written question in an envelope and hand it to the court officer who will be outside your jury room. The court officer will bring the question to the court. I will discuss it with counsel and then we will either send back a response or bring you back into the courtroom in order to read the question and respond to it.

In any questions or communications you make, the jury should never indicate how it stands, numerically, on any of the issues submitted for your determination.

## VERDICT FORM

I am marking as Court Exhibit No. 1, the verdict form. It will be given to you by the clerk as you go to deliberate. You are to answer the questions on the verdict form in order. Start with the first question and after answering that question, follow the instructions on the verdict form as to whether to return to the courtroom or to continue with your deliberations answering the next question in order. Once you have finished your deliberations and answered all of the questions that need to be answered, the foreperson must sign and date the last page of the verdict form.

I am also marking as Court Exhibit No. 2 a copy of the charge so you may review it during your deliberations as you see fit.

## UNANIMOUS VERDICT

Ladies and gentlemen of the jury, your verdict must be unanimous and every one of you must agree as to each question asked and each issue presented for your deliberations. Once you have reached a unanimous verdict and the verdict slip has been signed by the foreperson, you are to place the verdict slip in the provided envelope and seal it, knock on the door, and inform the court security officer or clerk that you have reached a verdict. Shortly thereafter we will bring you into the courtroom to formally return your verdict.

## JERS SYSTEM

In the jury room is what we call the JERS system. When you are taken to the jury room to deliberate, you will be able to use this system to view the exhibits entered into evidence. It is a 50-inch T.V. and, next to the T.V., there is a touch screen. On the bottom right-hand side, there is a button that says, “Menu Exhibits”. Push that button. It will bring up the menu of exhibits. When it does that, the large screen will show the exhibits entered in this case. If you want to see an exhibit, just touch the screen and it will come up. You can scroll the exhibit. But, unlike your cell phone or iPad, you need to have a much firmer touch to scroll. It is not like a personal device. You need to push on the screen hard to make it scroll up or scroll down. When you finish with an exhibit, at the bottom, there’s a menu. On the menu, close the exhibit. You can push

the back button to find any other exhibit you want to view and follow the same procedure.

# OATH OF COURT SECURITY OFFICER

You do solemnly swear that you will keep this jury in some private and convenient place, and that you will not allow anyone to speak to them, nor will you speak to them yourself, without leave of court, unless it be to ask them if they have agreed upon a verdict, so help you God.