IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HASSAN A. TUCKER,<br>Plaintiff | : | No. 1:22-CV-0631 |
| | : | |
| v. | : | Judge Mannion |
| | : | |
| JOHN WETZEL & GEORGE LITTLE, | : | |
| Defendants. | : | Electronically Filed Document |

AFFIDAVIT IN SUPPORT OF DEFENDANTS' BILL OF COSTS

Pursuant to Federal Rule 54(d)(1) and Local Rule 54.3, Defendants Wetzel and Little, through counsel, respectfully move for costs and in support of this request, undersigned counsel avers the following:

1. On April 29, 2022, Plaintiff, acting *pro se*, filed a complaint against multiple defendants. (Doc. 1).

2. Following various pretrial dispositive motions, only an Eighth Amendment claim against John Wetzel and George Little was set to proceed to trial. (*See* Docs. 28 and 50).

3. The matter was referred to mediation and on September 3, 2024, counsel for Plaintiff entered their appearance. (Doc. 54).

4. Plaintiff sought to reopen discovery (Doc. 60) which was opposed by Defendants Wetzel and Little (Doc. 62).

5. The Court permitted discovery to be reopened. (Doc. 64).

6. Thereafter, the deposition of John Wetzel occurred on July 2, 2025; the deposition of George Little occurred on July 10, 2025; and the deposition of Hassan Tucker occurred on October 10, 2025.

7. Fees for the recorded transcripts totaled $2,057.05:

a. $985.85 – John Wetzel

b. $721.20 – George Little

c. $350.00 – Hassan Tucker

8. On October 2, 2026 Defendant Little's motion for judgment as a matter of law was granted and judgment was entered in his favor. (Doc. 157).

9. Following a jury trial that began on September 28, 2026, the jury found in favor of Defendant Wetzel and judgment was entered in his favor on October 30, 2026. (Doc. 158).

10. Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

11. Section 1920 of Title 28 provides for the taxation of costs in the relevant categories: "(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920.

12. Additionally, Local Rule 54.4 provides for the taxation of costs relating to "(3) Deposition Costs."

13. The invoices for the three deposition transcripts that were necessary for use in this case are attached to this Affidavit of Costs.

14. Pursuant to 28 U.S.C. § 1924, undersigned counsel certifies that all claimed costs are true and correct and were necessarily incurred in this litigation.

WHEREFORE, Defendants respectfully request that this Honorable Court grant their requested Bill of Costs and tax Plaintiff in the amount of $2,057.05.

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

Date: October 30, 2026

By: *s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Chief Deputy Attorney General
Civil Litigation Section
Attorney ID: 315325

*Counsel for Defendants*

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 317-0112
Email: nditomo@attorneygeneral.gov

CERTIFICATE OF SERVICE

I, Nicole R. DiTomo, Chief Deputy Attorney General, Office of Attorney General, hereby certify that on October 30, 2026, I caused to be served a true and correct copy of the foregoing document titled *Affidavit of Costs* to the following:

VIA ECF

Nia Holston, Esq.
Bret D. Grote, Esq.
Lolo Salsbury Serrano, Esq.
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
nia@alcenter.org
bretgrote@abolitionistlawcenter.org
lolo@alcenter.org
*Counsel for Plaintiff*

*s/ Nicole R. DiTomo*
NICOLE R. DITOMO
Chief Deputy Attorney General